# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| KHOLKAR VISHVESHWAR GANPAT, | CIVIL DOCKET |
| Plaintiff | |
| VERSUS | NO. 18-13556 |
| EASTERN PACIFIC SHIPPING, PTE. LTD, | SECTION: "E" (4) |
| Defendant | |

## ORDER AND REASONS

Before the Court is a Motion for Leave to Take Discovery filed by Plaintiff Kholkar Vishveshwar Ganpat.[1] Defendant Eastern Pacific Shipping, PTE LTD. ("Eastern Pacific") opposes the motion.[2] Plaintiff filed a reply.[3] For the following reasons, this motion is **GRANTED**.

## BACKGROUND

Plaintiff Kholkar Ganpat alleges he contracted malaria while working as a crew member aboard the M/V STARGATE, which Plaintiff alleges is owned and operated by Eastern Pacific.[4] Eastern Pacific is an international ship management company with its principal place of business in Singapore.[5] On December 12, 2018, Plaintiff filed the instant suit, bringing claims against Eastern Pacific under the Jones Act, general maritime law, and contract law.

On December 17, 2018, Plaintiff filed into the record proof of service on Eastern Pacific.[6] The executed summons demonstrates Plaintiff served Captain Owen Bona

---

[1] R. Doc. 70.
[2] R. Doc. 75.
[3] R. Doc. 80.
[4] R. Doc. 1 at ¶¶ 6, 32.
[5] *Id.* at ¶ 2.
[6] R. Doc. 8.

1

aboard the M/V BANDA SEA on December 15, 2018.[7] On April 25, 2019, Eastern Pacific filed an amended and restated Motion to Dismiss, moving to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.[8] Alternatively, Eastern Pacific moves to require proper service on it in Singapore through a letter rogatory, as authorized by Order 65 of the Supreme Court of Singapore.[9]

On April 30, 2019, Plaintiff filed the instant Motion for Leave to Take Discovery, requesting discovery regarding the issue of whether Captain Bona is a managing agent of Eastern Pacific authorized to receive service of process.[10] Plaintiff contends Captain Bona is a managing agent of Eastern Pacific as contemplated by Federal Rule of Civil Procedure 4(h)(1)(B) and, as a result, service upon Captain Bona was sufficient service on Eastern Pacific.[11]

## **LAW AND ANALYSIS**

Plaintiff requests to conduct written discovery to determine whether Captain Bona is a managing agent of Eastern Pacific. Plaintiff also proposes to take the depositions of Captain Bona, Mr. Arjun Singh, and a Rule 30(b)(1) or 30(b)(6) witness of Eastern Pacific.[12]

In response to a motion to dismiss under Rule 12(b)(5), the plaintiff is permitted to introduce evidence, or, in the alternative, to move to conduct discovery on the validity of the service.[13] The court may allow the plaintiff to conduct discovery regarding any

---

[7] *Id.*
[8] R. Doc. 69. Eastern Pacific waived the defense of lack of personal jurisdiction because it did not include the defense in its restated Motion to Dismiss. *See* Fed. R. Civ. P. 12(h)(1).
[9] *Id.*
[10] R. Doc. 70.
[11] R. Doc. 23.
[12] R. Doc. 70-1.
[13] 5B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1353 (3d. ed.); *see also Anderson v. British Overseas Airways Corp.*, 149 F. Supp. 68, 70-71 (S.D.N.Y. 1956); *Kaffenberger v. Kremer*, 4 F.R.D. 478, 479 (E.D. Pa. 1945); *Urquhart v. Am.-La France Foamite Corp.*, 144 F.2d 542 (1944).

issues of fact raised by the 12(b)(5) motion.[14] Further, courts have discretion to permit discovery to determine whether an individual is a managing agent of a corporation such that he or she is qualified to receive service of process on its behalf.[15]

Accordingly;

**IT IS ORDERED** that the Motion for Leave to Take Discovery[16] is **GRANTED**. Plaintiff will be permitted to conduct written discovery relevant to the issue of whether Captain Bona is a managing agent of Eastern Pacific. Plaintiff's written discovery requests must be served no later than **June 18, 2019** and answered no later than **July 1, 2019.** Plaintiff also will be permitted to depose a Rule 30(b)(6) representative of the Defendant with respect to whether Captain Bona is a managing agent of Eastern Pacific. The Rule 30(b)(6) notice must be served on the Defendant by no later than **June 18, 2019.** Any depositions must take place no later than **July 31, 2019.**

Any motions to compel or quash discovery shall be accompanied by a motion to expedite and set before the undersigned.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss will be submitted on **September 4, 2019**.

**New Orleans, Louisiana, this 4th day of June, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] 27A TRACY BATEMAN, ET. AL., FEDERAL PROCEDURE, LAWYERS EDITION § 62:449 (2019); *see also Collins v. N.Y. Cent. Sys.*, 327 F.2d 880 (D.C. Cir. 1963).
[15] *See, e.g., Anderson*, 149 F. Supp. at 70-71; *Kaffenberger*, 4 F.R.D. at 479; *Urquhart*, 144 F.2d 542.
[16] R. Doc. 70.