UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KHOLKAR VISHVESHWAR GANPAT, Plaintiff | CIVIL DOCKET |
|---|---|
| VERSUS | NO. 18-13556 |
| EASTERN PACIFIC SHIPPING, PTE, LTD., Defendant | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is Plaintiff Kholkar Ganpat's Motion for Reconsideration of the Court's January 17, 2020 Order and Reasons (hereinafter, the "Motion for Reconsideration").[1] Plaintiff requested oral argument be held on the Motion for Reconsideration.[2] Defendant Eastern Pacific Shipping PTE. Ltd. ("Eastern Pacific") opposes the Motion for Reconsideration[3] and contends oral argument "is unwarranted and unnecessary."[4] Plaintiff filed a reply.[5]

## BACKGROUND

This case began on December 12, 2018 when Plaintiff filed the instant suit, bringing claims against Eastern Pacific under the Jones Act, general maritime law, and contract law.[6] On January 5, 2019, Eastern Pacific filed a Motion to Dismiss, moving to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.[7] In that same motion, Eastern Pacific further sought

---

[1] R. Doc. 127.
[2] R. Doc. 128.
[3] R. Doc. 131.
[4] *Id.* at 1.
[5] R. Doc. 134.
[6] R. Doc. 1.
[7] R. Doc. 16 at 1.

1

dismissal under Rule 12(b)(2) for lack of personal jurisdiction.[8] In his opposition to the Motion to Dismiss, Plaintiff contended the Court had personal jurisdiction over Eastern Pacific under Rule 4(k)(2).[9] On March 14, 2019, the Court granted the parties leave to conduct jurisdictional discovery, finding it would "be helpful in resolving Defendant's Motion to Dismiss to the extent it is based on Federal Rule of Civil Procedure 12(b)(2)."[10] However, in a conference with the Court on April 18, 2019, Eastern Pacific represented that it "withdrew its objection to personal jurisdiction and will not object to venue in this Court."[11] Accordingly, in the Minute Order for that conference, the Court vacated its March 14, 2019 Order that gave Plaintiff the opportunity to do jurisdictional discovery with respect to personal jurisdiction.[12] The Court also granted Eastern Pacific leave to file an amended and restated motion to dismiss.[13]

On April 25, 2019, Eastern Pacific filed its amended and restated Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5).[14] In accordance with its representation to the Court, Eastern Pacific did not include an objection to personal jurisdiction under Rule 12(b)(2). As a result, Eastern Pacific has definitively waived any objection it might have to personal jurisdiction by virtue of Rule 12(h).[15]

On April 30, 2019, Plaintiff filed a motion for leave to take discovery only on the "managing agent" issue as it related to Eastern Pacific's original and amended Motions to Dismiss for insufficiency of service of process under Rule 12(b)(5).[16] The Court granted

---

[8] R. Doc. 16-1 at 1 n.3.
[9] R. Doc. 23 at 10 n.22, 16-17.
[10] R. Doc. 46 at 5.
[11] R. Doc. 68.
[12] *Id.*
[13] *Id.*
[14] R. Doc. 69.
[15] Fed. R. Civ. P. 12(h).
[16] R. Doc. 70-1 at 2.

the motion.[17] In this motion, Plaintiff did not request discovery with respect to whether Eastern Pacific had local contacts or was transacting business in Louisiana. After completing discovery on the managing agent issue, Plaintiff filed his opposition to Eastern Pacific's amended and restated Motion to Dismiss.[18] On January 17, 2020, the Court issued an Order and Reasons, finding Plaintiff failed to establish service on Eastern Pacific through service on Captain Bona was valid under either Rules 4(h)(1)(A) and 4(e)(1) or Rule 4(h)(1)(B).[19] Pursuant to Rule 4(m), the Court extended Plaintiff's time to serve Eastern Pacific to March 17, 2020.[20]

On January 23, 2020, Plaintiff began the process of serving Eastern Pacific in Singapore pursuant to a letter rogatory.[21] Plaintiff's motion for issuance of a letter rogatory[22] was granted by the Court on January 27, 2020.[23] Plaintiff requested an exemplification certificate be issued by the Court in furtherance of internal service of process,[24] which the Court issued on February 27, 2020.[25]

---

[17] R. Doc. 81. In granting Plaintiff leave to conduct written discovery relevant to the issue of whether Captain Bona was a managing agent of Eastern Pacific, the Court ordered "Plaintiff also will be permitted to depose a Rule 30(b)(6) representative of the Defendant with respect to whether Captain Bona is a managing agent of Eastern Pacific." *Id.* at 3. The Court later amended this portion of its order to read: "Plaintiff also will be permitted to depose Captain Bona and a Rule 30(b)(6) representative of the Defendant with respect to whether Captain Bona is a managing agent of Eastern Pacific." R. Doc. 82 at 1.
[18] R. Doc. 116.
[19] R. Doc. 122 at 15, 24.
[20] *Id.* at 26.
[21] R. Doc. 127-1 at 8 ("Plaintiff is complying fully with the Court's January 17, 2020 Order that he undertake prompt Rule 4 service upon EPS (in Singapore). He has requested Letters Rogatory (Rec. Docs. 123 and 126) and has asked the Clerk to issue Summons (Rec. Doc. 124).").
[22] R. Doc. 123. On January 24, 2020, Plaintiff filed an amended motion for issuance of a letter rogatory. R. Doc. 126.
[23] R. Doc. 130.
[24] R. Doc. 135. Plaintiff asserted he sought an exemplification certificate "in furtherance of international service of process as *ordered* by the Court's January 17, 2020 Order and Reasons." R. Doc. 135 at 1 (emphasis added). The Court did not *order* Plaintiff to serve Eastern Pacific but granted him an extension of time for him to do so, if he desired.
[25] R. Doc. 136.

On January 27, 2020, Plaintiff filed the instant Motion for Reconsideration.[26] Plaintiff asks the Court "to reconsider its January 17, 2020 Order and Reasons and to re-instate its March 14, 2019 personal jurisdiction discovery Order" to "authorize fresh discovery to learn about EPS' local contacts and to determine the type of personal jurisdiction to which is has conceded."[27]

**LAW AND ANALYSIS**

**I.    Plaintiff's Motion for Reconsideration is Untimely**

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e).[28] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[29] A motion for reconsideration "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[30] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[31] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources

---

[26] R. Doc. 127.
[27] R .Doc. 127-1 at 8.
[28] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 142439, at *3-4 (E.D. La. Apr. 5, 2010) (alteration in original) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).
[29] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted).
[30] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet*, 367 F.3d at 478–79).
[31] *Castrillo*, 2010 WL 142439 at *4 (alteration in original) (quoting *Templet*, 367 F.3d at 479).

4

and should not be granted."[32] Rule 59(e) requires motions to alter or amend a judgment be filed "no later than 28 days after the entry of the judgment."[33]

Although Plaintiff characterizes the Motion for Reconsideration as a motion to reconsider the Court's January 17, 2020 Order and Reasons,[34] in reality the Motion for Reconsideration is a motion to reconsider the Court's April 18, 2019 Minute Order vacating the March 14, 2019 Order.[35] The March 14, 2019 Order gave Plaintiff the opportunity to conduct discovery with respect to personal jurisdiction.[36] In the Motion for Reconsideration, Plaintiff contends "[i]f the April 18, 2019 Order had not abrogated Plaintiff's March 19, 2019 discovery, the Court would now have evidence to determine which form of personal jurisdiction exists," and then asks the Court to "authorize fresh discovery to learn about EPS' local contacts and to determine the type of personal jurisdiction to which is has conceded."[37] The type of jurisdiction to which Eastern Pacific has conceded has nothing to do with whether service of process on Eastern Pacific was sufficient. The January 17, 2020 Order and Reasons determined whether service of process on Eastern Pacific was sufficient.[38] "[P]ersonal jurisdiction and service of process a[re] conceptually distinct issues."[39]

---

[32] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).
[33] Fed. R. Civ. P. 59(e).
[34] Plaintiff contends the Motion for Reconsideration is a motion for "the Court [to] reconsider its January 17, 2020 Order and Reasons." R. Doc. 127-1 at 1. Eastern Pacific contends Plaintiff is asking the Court to "'reconsider' a decision which this Court made in April, 2019." R. Doc. 131 at 1. Plaintiff argues "Eastern Pacific Shipping's [] response (Rec. Doc. 131) incorrectly states that Plaintiff's motion for reconsideration concerns 'a decision which this Court made in April, 2019, . . .'" R. Doc. 134 at 1 (original emphasis and citation omitted). The Court agrees with Eastern Pacific that Plaintiff's Motion for Reconsideration is a request to reconsider the Court's April 18, 2019 Minute Order vacating the Court's March 14, 2019 Order.
[35] R. Doc. 68.
[36] R. Doc. 46.
[37] R. Doc. 127-1 at 8.
[38] R. Doc. 122.
[39] *Bellaire General Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 826 (5th Cir. 1996).

5

The relief requested by Plaintiff in his Motion for Reconsideration relates only to personal jurisdiction discovery.[40] Plaintiff requested personal jurisdiction discovery only in connection with Eastern Pacific's challenge under Rule 12(b)(2) in its original Motion to Dismiss. That objection has been withdrawn. Plaintiff did not request personal jurisdiction discovery to respond to Eastern Pacific's Rule 12(b)(5) Motion to Dismiss. It is clear Plaintiff complains about and wants the Court to reconsider the April 18, 2019 Minute Order. Because Plaintiff seeks reconsideration of the April 18, 2019 Minute Order, Plaintiff was required to file his motion within twenty-eight days of that date.

Because Plaintiff did not file the Motion for Reconsideration until January 27, 2020, the motion is untimely under Rule 59(e).

## II. Even if Plaintiff's Motion for Reconsideration Were Timely, Plaintiff's Requested Personal Jurisdiction Discovery Seeks Information That is Irrelevant Under Rule 26(b)

Even if the Motion for Reconsideration were timely, Plaintiff's request for personal jurisdiction discovery seeks irrelevant information and is not authorized under the Federal Rules of Civil Procedure. Plaintiff admits he seeks to discover Eastern Pacific's local contacts so that he may determine the type of personal jurisdiction to which Eastern Pacific has conceded.[41] Eastern Pacific has withdrawn its objection to personal jurisdiction under Rule 12(b)(2) and waived all objections to personal jurisdiction by failing to raise them in its amended and restated Motion to Dismiss.[42]

It is clear that objections to personal jurisdiction and venue have been waived in this case. At the time the Court issued its January 17, 2020 Order and Reasons, the only pending motion to dismiss was brought under Rule 12(b)(5) and the only discovery sought

---

[40] R. Doc. 127-1 at 8; R. Doc. 134 at 4-5.
[41] R. Doc. 127-1 at 8.
[42] Fed. R. Civ. P. 12(h).

by Plaintiff with respect to that motion related to the managing agent issue. Rule 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."[43] Rule 26(b) "'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'"[44] Eastern Pacific's local contacts and intrastate business activities are not relevant to any outstanding issue in this case and any additional discovery is irrelevant and in the nature of a fishing expedition.

It is clear Plaintiff wants discovery to establish "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction,"[45] and, as a result, the Court has personal jurisdiction over Eastern Pacific based upon Eastern Pacific's "minimum contacts with the United States as a whole."[46] Because personal jurisdiction is no longer an issue in this case, Plaintiff's counsel may be trying to establish these facts to support an argument that Eastern Pacific may be served under Rule 4(k) in other cases. Discovery regarding personal jurisdiction is irrelevant in this case. It would be inappropriate to permit discovery of irrelevant matters in this case for use in other cases.

### III. Even if Plaintiff's Motion for Reconsideration is Treated as a Motion to Reconsider the Court's January 17, 2020 Order and Reasons, Plaintiff has Failed to Establish Reconsideration of this Order and Reasons is Warranted

To the extent the Motion for Reconsideration is a motion to reconsider the January 17, 2020 Order and Reasons, Plaintiff cites two bases: (1) there was an error of fact or law in the Order and Reasons and (2) denial of the motion will result in manifest injustice.[47]

---

[43] Fed. R. Civ. P. 26(b)(1).
[44] *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citing *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157, 1163 (10th Cir. 2010)).
[45] Fed. R. Civ. P. 4(k)(2)(A).
[46] R. Doc. 116 at 3 n.2 ("Plaintiff suggests [Eastern Pacific conceded to personal jurisdiction] deliberately for the purpose of preventing the Court from entering an Order and Reasons finding that it had personal jurisdiction under Rule 4(k)(2). . ."); R. Doc. 23 at 16-17 ("Here, Fed. R. Civ. P. 4(k)(2) is perfectly applicable.").
[47] R. Doc. 134 at 4.

7

Plaintiff has not established either basis of his Motion for Reconsideration. Plaintiff points to no error of law or fact upon which the Order and Reasons was based. Further, Plaintiff fails to show how denial of his motion to reconsider an Order and Reasons on the sufficiency of service of process will result in manifest injustice, particularly in light of the fact that the Order and Reasons granted Plaintiff an extension of time to properly serve Eastern Pacific.[48]

Plaintiff seeks to discover and submit additional evidence, but he concedes this evidence is not newly discovered evidence.[49] Plaintiff argues that, during a status conference held on July 2, 2019, the Court quashed Plaintiff's requests for admission, interrogatories, and requests for production.[50] These requests for admission, interrogatories, and requests for production were submitted in connection with the discovery Plaintiff requested on the "managing agent" issue, so that he could respond to Eastern Pacific's Ruler 12(b)(5) motion. Plaintiff's counsel never argued to the Court that discovery of Eastern Pacific's intrastate or local activities should be allowed in connection with Eastern Pacific's Rule 12(b)(5) Motion to Dismiss for insufficient service of process.[51]

The presentation of new evidence that could not have been discovered earlier may be a basis for reconsideration of an order.[52] If Plaintiff is arguing the Court should reconsider its January 17, 2020 Order and Reasons based on the discovery of new evidence, Plaintiff has not established reconsideration is warranted. A court may reconsider an order on this basis only if the movant presents "newly discovered evidence"

---

[48] R. Doc. 122 at 26.
[49] R. Doc. 134 at 4 ("Plaintiff's motion for reconsideration does not seek to present new evidence.").
[50] R. Doc. 127-1 at 4.
[51] Apparently, Plaintiff's counsel did not realize Eastern Pacific's intrastate business activities might be relevant to Eastern Pacific's challenge to service of process until the Court issued its January 17, 2020 Order and Reasons.
[52] *Castrillo*, 2010 WL 1424398, at *4 (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)).

that could not have been discovered before the entry of the Order and Reasons.[53] As Plaintiff admits, "Plaintiff's motion . . . does not seek to present new evidence."[54] After Eastern Pacific's objection under Rule 12(b)(2) was withdrawn, Plaintiff never asked the Court for discovery regarding Eastern Pacific's intrastate activities. Any evidence Plaintiff now seeks to discover and submit regarding Eastern Pacific's intrastate business activities could have been discovered prior to the issuance of the Court's January 17, 2020 Order and Reasons. It was not the Court's obligation to supply Plaintiff's counsel with arguments.[55] If Plaintiff's counsel wanted this discovery to prove that service of process on Eastern Pacific was proper, he should have asked for it before the motion to dismiss was submitted and explained why this discovery was needed. A motion for reconsideration "is 'not the proper vehicle for rehashing . . . arguments that could have been offered or raised before the entry of [the order].'"[56]

It should be noted that Plaintiff received the affidavit of Anil Arjun Singh, the Chief Operating Officer of Eastern Pacific, prior to the initiation of any discovery.[57] In his affidavit, Singh attests, in relevant part:

> Eastern Pacific's activities and business in the Eastern District of Louisiana are limited to the management of international ocean-going vessels. Eastern Pacific has no employees, offices or operations in the Eastern District of Louisiana.[58]

Plaintiff had this affidavit from practically the outset of this lawsuit. Nevertheless, he propounded only one related interrogatory asking that Singh "identify and describe fully Capt. Bona's role in the management of" "Eastern Pacific's activities and business in

---

[53] *See id.*
[54] R. Doc. 134 at 4.
[55] *See, e.g., Hall v. Louisiana*, 983 F. Supp. 2d 820, 833 (M.D. La. 2013) ("It is not the job of the District Court to make arguments on behalf of the movants.").
[56] *Lacoste*, 2009 WL 1565940 at *8 (quoting *Templet*, 367 F.3d at 478–79).
[57] R. Doc. 16-2 (affidavit attached to Eastern Pacific's original Motion to Dismiss, filed on January 5, 2019).
[58] *Id.* at ¶ 9.

9

the Eastern District of Louisiana [that] are limited to the management of international ocean-going vessels."[59] The Court did not quash this interrogatory.[60,61] Eastern Pacific provided the following response to the interrogatory: "Captain Owen Bona's employment by Ventnor as Master of M/V BANDA SEA ended on December 25, 2018" and "Capt. Bona makes decisions regarding the safety, navigation and operations of the vessel during the voyage. His duties are conferred upon him by Ventnor as Master of the M/V BANDA SEA."[62] Plaintiff did not file a motion to compel Eastern Pacific to provide an additional, more complete response.

During Singh's deposition, Plaintiff's counsel asked only the following questions regarding the statement in Singh's affidavit concerning "Eastern Pacific's activities and business in the Eastern District of Louisiana":

> [BY PLAINTIFF'S COUNSEL]: Q. All right. Let's look at paragraph 9 of your affidavit. You see that, sir? Paragraph 9, isn't it a fact that in that paragraph you state as a fact that EPS has activities and does business in the Eastern District of Louisiana?
>
> [DEFENSE COUNSEL]: Objection to the form of the question. You may answer.
> [MR. SINGH]: Yes, there is limited activity confined to management of the vessels.
>
> BY [PLAINTIFF'S COUNSEL]: Q. So your answer is a "yes"?
> A. Yes.

---

[59] R. Doc. 83-3 at 3 (interrogatory no. 8).
[60] *Compare* R. Doc. 83-3 at 3 (Interrogatory No. 8) *with* R. Doc. 92 (Order quashing certain interrogatories, not including Interrogatory No. 8).
[61] The Court quashed Interrogatory No. 14, R. Doc. 83-3 at 4 ("In December 2018, did Capt. Bona perform ocean-going vessel management activities or business for Eastern Pacific while M/V BANDA SEA was in the waters of the Eastern District of Louisiana?"), and Request for Production No. 12, R. Doc. 82-2 at 4 ("Mr. Arjun Singh's January 4, 2019 Affidavit at ¶ 9 states that 'Eastern Pacific's activities and business in the Eastern District of Louisiana are limited to the management of international ocean-going vessels.' Please produce complete and legible copies of all documents upon which Mr. Singh relied in making the foregoing statement."). The Court quashed Interrogatory No. 14 and Request for Production No. 8 because, at this point, Plaintiff was requesting discovery only on the "managing agent" issue. Interrogatory No. 14 and Request for Production No. 8 have nothing to do with whether Captain Bona was the managing agent of Eastern Pacific.
[62] R. Doc. 118-6 at 2-4 (in responding to Interrogatory No. 8, Eastern Pacific directed Plaintiff to Eastern Pacific's responses to Interrogatories Nos. 1 and 6).

Q. All right. And it also says that these activities are limited to the management of international oceangoing vessels; is that correct?

A. Yes.

Q. And the BANDA SEA was such an international oceangoing vessel in December of 2018 when she was present in the Mississippi River in New Orleans, correct?

A. Correct. Yes.[63]

Plaintiff's counsel did not ask Singh to describe Eastern Pacific's activities and business in Louisiana, despite the fact that defense counsel objected only to the form of the question, not the relevance of the question.

Plaintiff did not include any questions in his interrogatories or any requests for production regarding Singh's statement in his affidavit that "Eastern Pacific has no employees, offices or operations in the Eastern District of Louisiana." [64] Likewise, Plaintiff's counsel did not ask Singh at his deposition any questions about Eastern Pacific's "employees, offices or operations in the Eastern District of Louisiana."[65]

All this information could have been discovered before entry of the Court's January 17, 2020 Order and Reasons. The fact that Plaintiff's counsel failed to seek additional discovery on the sufficiency of service of process does not justify reconsideration of the Court's January 17, 2020 Order and Reasons.

### IV. Plaintiff's Motion for Reconsideration is Denied

In the final analysis, this Court has personal jurisdiction over Eastern Pacific and venue is proper in this Court. As Plaintiff acknowledges,[66] Plaintiff is now taking steps to properly serve Eastern Pacific in Singapore, including requesting letters rogatory[67] and

---

[63] R. Doc. 118-5 at 89-90.
[64] R. Doc. 16-2 at ¶ 9.
[65] R. Doc. 118-5.
[66] R. Doc. 127-1 at 89.
[67] R. Docs. 123 and 126.

11

has obtained an exemplification certificate.[68] Service should be accomplished in the near future. At that time, the Court will issue a new scheduling order, so that substantive discovery may be completed and the case may be tried on the merits.[69] The time for arguing about personal jurisdiction and service of process has come to an end.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration[70] is **DENIED**. Accordingly, Plaintiff's request for oral argument[71] on the Motion for Reconsideration is **DENIED AS MOOT**.

**New Orleans, Louisiana, this 4th day of March, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[68] R. Doc. 136.
[69] R. Doc. 50.
[70] R. Doc. 127.
[71] R. Doc. 128.