UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br>   Plaintiff | CIVIL DOCKET |
| VERSUS | NO. 18-13556 |
| EASTERN PACIFIC SHIPPING, PTE, LTD.,<br>   Defendant | SECTION: "E" (4) |

### ORDER AND REASONS

Before the Court is Plaintiff Kholkar Ganpat's Motion for Reconsideration.[1] For the following reasons, Plaintiff's motion is **DENIED**.

### BACKGROUND

This case began on December 12, 2018 when Plaintiff filed the instant suit, bringing claims against Eastern Pacific under the Jones Act, general maritime law, and contract law.[2] On January 5, 2019, Eastern Pacific filed a Motion to Dismiss, moving to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.[3] In that same motion, Eastern Pacific further sought dismissal under Rule 12(b)(2) for lack of personal jurisdiction.[4] In his opposition to the Motion to Dismiss, Plaintiff contended the Court had personal jurisdiction over Eastern Pacific under Rule 4(k)(2).[5] On March 14, 2019, the Court granted the parties leave to conduct jurisdictional discovery, finding it would "be helpful in resolving Defendant's Motion to Dismiss to the extent it is based on Federal Rule of Civil Procedure 12(b)(2)."[6]

---

[1] R. Doc. 145. Defendant Eastern Pacific Shipping PTE. Ltd. ("Eastern Pacific") opposes this motion. R. Doc. 146.
[2] R. Doc. 1.
[3] R. Doc. 16 at 1.
[4] R. Doc. 16-1 at 1 n.3.
[5] R. Doc. 23 at 10 n.22, 16-17.
[6] R. Doc. 46 at 5.

1

However, in a conference with the Court on April 18, 2019, Eastern Pacific represented that it "withdrew its objection to personal jurisdiction and will not object to venue in this Court."[7] Accordingly, in the Minute Order for that conference, the Court vacated its March 14, 2019 Order that gave Plaintiff the opportunity to do jurisdictional discovery with respect to personal jurisdiction.[8] The Court also granted Eastern Pacific leave to file an amended and restated motion to dismiss.[9]

On April 25, 2019, Eastern Pacific filed its amended and restated Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5).[10] In accordance with its representation to the Court, Eastern Pacific did not include an objection to personal jurisdiction under Rule 12(b)(2). As a result, Eastern Pacific has definitively waived any objection it might have to personal jurisdiction by virtue of Rule 12(h).[11]

On April 30, 2019, Plaintiff filed a motion for leave to take discovery only on the "managing agent" issue as it related to Eastern Pacific's original and amended Motions to Dismiss for insufficiency of service of process under Rule 12(b)(5).[12] The Court granted the motion.[13] In this motion, Plaintiff did not request discovery with respect to whether Eastern Pacific had local contacts or was transacting business in Louisiana. After completing discovery on the managing agent issue, Plaintiff filed his opposition to Eastern

---

[7] R. Doc. 68.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 69.
[11] Fed. R. Civ. P. 12(h).
[12] R. Doc. 70-1 at 2.
[13] R. Doc. 81. In granting Plaintiff leave to conduct written discovery relevant to the issue of whether Captain Bona was a managing agent of Eastern Pacific, the Court ordered "Plaintiff also will be permitted to depose a Rule 30(b)(6) representative of the Defendant with respect to whether Captain Bona is a managing agent of Eastern Pacific." *Id.* at 3. The Court later amended this portion of its order to read: "Plaintiff also will be permitted to depose Captain Bona and a Rule 30(b)(6) representative of the Defendant with respect to whether Captain Bona is a managing agent of Eastern Pacific." R. Doc. 82 at 1.

Pacific's amended and restated Motion to Dismiss.[14] On January 17, 2020, the Court issued an Order and Reasons, finding Plaintiff failed to establish service on Eastern Pacific through service on Captain Bona was valid under either Rules 4(h)(1)(A) and 4(e)(1) or Rule 4(h)(1)(B).[15] Pursuant to Rule 4(m), the Court extended Plaintiff's time to serve Eastern Pacific to March 17, 2020.[16]

On January 27, 2020, Plaintiff filed his first Motion for Reconsideration,[17] asking the Court "to reconsider its January 17, 2020 Order and Reasons and to re-instate its March 14, 2019 personal jurisdiction discovery Order" to "authorize fresh discovery to learn about EPS' local contacts and to determine the type of personal jurisdiction to which is has conceded."[18] The Court reasoned that "[a]lthough Plaintiff characterizes the Motion for Reconsideration as a motion to reconsider the Court's January 17, 2020 Order and Reasons, in reality the Motion for Reconsideration is a motion to reconsider the Court's April 18, 2019 Minute Order vacating the March 14, 2019 Order."[19] The Court denied Plaintiff's motion as untimely, and further explained that, even if Plaintiff's motion were timely, the information Plaintiff sought was irrelevant under Federal Rule of Civil Procedure 26(b) because "Eastern Pacific has withdrawn its objection to personal jurisdiction under Rule 12(b)(2) and waived all objections to personal jurisdiction by failing to raise them in its amended and restated Motion to Dismiss,"[20] and, as a result, "[d]iscovery regarding personal jurisdiction is [now] irrelevant in this case."[21]

---

[14] R. Doc. 116.
[15] R. Doc. 122 at 15, 24.
[16] *Id.* at 26.
[17] R. Doc. 127.
[18] R .Doc. 127-1 at 8.
[19] R. Doc. 139 at 5.
[20] *Id.* at 6.
[21] *Id.* at 7.

On January 23, 2020, Plaintiff began the process of serving Eastern Pacific in Singapore pursuant to a letter rogatory.[22] Plaintiff's motion for issuance of a letter rogatory[23] was granted by the Court on January 27, 2020.[24] Plaintiff requested an exemplification certificate be issued by the Court in furtherance of internal service of process,[25] which the Court issued on February 27, 2020.[26] On March 9, 2020, Plaintiff requested an extension of his deadline to serve Eastern Pacific in Singapore.[27] Eastern Pacific filed a response to this motion, providing it did not oppose Plaintiff's request for an extension of the deadline.[28] Accordingly, the Court granted this motion.[29]

In its response to Plaintiff's motion for an extension of his deadline to serve Eastern Pacific in Singapore, Eastern Pacific also provided "notice [] of the anti-suit injunction . . . issued March 7, 2020 against plaintiff by the District Court, South Goa (plaintiff's residence in Goa), India."[30] Eastern Pacific attached a copy of the petition it filed in the District Court, South Goa seeking a decree of a "Permanent Prohibitory-Injunction . . . against [Ganpat] restraining him from taking steps and/or further steps in the US Proceedings and a Mandatory Injunction against [Ganpat] to discontinue the US Proceeding."[31] The "US Proceedings" refer to the matter before this Court, *Ganpat v.*

---

[22] R. Doc. 127-1 at 8 ("Plaintiff is complying fully with the Court's January 17, 2020 Order that he undertake prompt Rule 4 service upon EPS (in Singapore). He has requested Letters Rogatory (Rec. Docs. 123 and 126) and has asked the Clerk to issue Summons (Rec. Doc. 124).").
[23] R. Doc. 123. On January 24, 2020, Plaintiff filed an amended motion for issuance of a letter rogatory. R. Doc. 126.
[24] R. Doc. 130.
[25] R. Doc. 135. Plaintiff asserted he sought an exemplification certificate "in furtherance of international service of process as *ordered* by the Court's January 17, 2020 Order and Reasons." R. Doc. 135 at 1 (emphasis added). The Court did not *order* Plaintiff to serve Eastern Pacific but granted him an extension of time for him to do so, if he desired.
[26] R. Doc. 136.
[27] R. Doc. 141.
[28] R. Doc. 142 at 1.
[29] R. Doc. 143.
[30] R. Doc. 142 at 1.
[31] R. Doc. 142-2 at 7.

*Eastern Pacific Shipping PTE. Ltd.*, civil action no. 18-13356.[32] In its petition filed before the District Court, South Goa, Eastern Pacific represented it "has not submitted to the jurisdiction of the US Courts."[33] Eastern Pacific also attached a copy of the order issued by the District Court, South Goa granting Eastern Pacific's request for "urgent interim relief in the form of anti-suit injunction."[34] Plaintiff contends the "Indian court petition contained what Plaintiff will politely describe as 'numerous mistakes of fact,'"[35] and the "foreign court order . . . is intended to force him to accept an unconscionable 'low ball' settlement with Eastern Pacific Shipping."[36]

On March 18, 2020, Plaintiff filed the instant Motion for Reconsideration,[37] asking the Court to "to reconsider its April 18, 2019 Minute Entry (Rec. Doc. 68) and grant limited discovery focused on [Eastern Pacific's] local activities in Louisiana" pursuant to Federal Rule of Civil Procedure 60(b)(6).[38] Specifically, Plaintiff asks the Court to "permit Plaintiff to obtain the limited 'local Louisiana activity' contained in the proposed discovery attached as Exhibit 1 to this motion and then obtain Defendant's Rule 30(b)(6) deposition based upon its responses to the interrogatories and requests for production of documents."[39]

---

[32] *Id.*
[33] *Id.* at 41.
[34] R. Doc. 141-1 at 10.
[35] R. Doc. 145-1 at 2.
[36] *Id.* at 1.
[37] R. Doc. 145.
[38] R. Doc. 145-1 at 1.
[39] *Id.* at 5. *See also* R. Doc. 145-4 (Plaintiff's proposed interrogatories and requests for production of documents regarding "Louisiana local activity").

## LAW AND ANALYSIS

**I.     Plaintiff's Counsel's Failure to Seek Discovery on Eastern Pacific's Local Activities Does Not Constitute Excusable Neglect**

Rule 60(b)(6) provides the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for. . . . any [] reason that justifies relief."[40] As the United States Supreme Court has explained, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."[41] "If a party is partly to blame for the delay, relief must be sought . . . under subsection (1),"[42] which permits the Court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect."[43] Subsections (1) and (6) "are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief . . . by resorting to subsection (6)."[44] Likewise, "an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through [Rule 60(b)(1)]."[45] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."[46]

Because Plaintiff's counsel inexcusably failed to request discovery on Eastern Pacific's intrastate business activities prior to the Court's January 17, 2020 Order and Reasons, Plaintiff cannot obtain relief under Rule 60(b)(6). This is revealed by the fact that, in the instant Motion for Reconsideration, Plaintiff's counsel acknowledges he failed

---

[40] Fed. R. Civ. P. 60(b)(6).
[41] *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n. 11 (1988); *Ackerman v. United States*, 340 U.S. 193, 197–200 (1950); *Klapprott v. United States*, 335 U.S. 601, 613–614 (1949)).
[42] *Id.*
[43] Fed. R. Civ. P. 60(b)(1).
[44] *Pioneer*, 507 U.S. at 393.
[45] *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (citations omitted).
[46] *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

to realize the issue of "[w]hether EPS engaged in intrastate business activities [would] apparently [be] the lynchpin of the Court's finding that service of process on Captain Bona was not proper under Rule 4(h)(1)(A) and Rule 4(e)(1)"[47] in the Court's January 17, 2020 Order and Reasons.[48] As the Court has previously held, "Plaintiff never asked the Court for discovery regarding Eastern Pacific's intrastate activities,"[49] and "[i]t is not the job of the District Court to make arguments on behalf of the movants."[50] Rather, it was Plaintiff's counsel's job to properly research the law and seek relevant discovery during the period in which the Court permitted discovery on the service of process issue. Thus, Plaintiff cannot obtain relief under Rule 60(b)(6).

As a result, Plaintiff is entitled to relief under Rule 60(b) only if he can prove his counsel's failure to seek discovery on Eastern Pacific's local business activities, during the period in which discovery on the service of process issue was authorized, constitutes "excusable neglect" under Rule 60(b)(1). The Fifth Circuit "[has] held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel."[51] "'In fact, a court *would* abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.'"[52] As discussed above, the failure to obtain discovery on Eastern Pacific's local business activities is attributable solely to Plaintiff's counsel's misunderstanding of the law—to wit, counsel's failure to

---

[47] R. Doc. 145-1 at 6.
[48] R. Doc. 127.
[49] R. Doc. 139 at 9.
[50] *Id.* at 9 n.5 (quoting *Hall v. Louisiana*, 983 F. Supp. 2d 820, 833 (M.D. La. 2013)).
[51] *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x. 372, 374 (5th Cir. 2013) (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356–57 (5th Cir. 1993)).
[52] *Id.* (quoting *Edward*, 6 F.3d at 367) (emphasis in original).

recognize that Eastern Pacific's local business activities would be relevant to the Court's analysis of whether service of process was proper under Rule 4(h)(1)(A) and Rule 4(e)(1). Accordingly, Plaintiff's Motion for Reconsideration is denied.

## II.  Plaintiff's Request for Personal Jurisdiction Discovery Seeks Irrelevant Information in Violation of Rule 26(b)

The Court further declines to grant Plaintiff's requested relief for an additional reason: the information Plaintiff seeks to obtain through discovery is irrelevant. Rule 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."[53] Rule 26(b) "'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'"[54]

Plaintiff asks the Court to "grant limited discovery focused on [Eastern Pacific's] local activities in Louisiana" in the context of "reconsider[ing] its April 18, 2019 Minute Entry (Rec. Doc. 68)."[55] In this Minute Entry, the Court vacated its March 14, 2019 Order that gave Plaintiff the opportunity to do discovery on personal jurisdiction, because Eastern Pacific provided it would withdraw its objection to personal jurisdiction.[56] Plaintiff thus seeks discovery on Eastern Pacific's local activities as they relate to the issue of personal jurisdiction.

As this Court has previously explained,[57] because Eastern Pacific failed to object to personal jurisdiction in its amended and restated Motion to Dismiss,[58] Eastern Pacific waived all objections to personal jurisdiction by failing to raise them in its amended and

---

[53] Fed. R. Civ. P. 26(b)(1).
[54] *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citing *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157, 1163 (10th Cir. 2010)).
[55] R. Doc. 145-1 at 1.
[56] R. Doc. 68.
[57] *See* R. Doc. 139 at 6.
[58] *See* R. Doc. 69.

8

restated Motion to Dismiss, by virtue of Rule 12(h).[59] Although the Court is mindful that Eastern Pacific was less than forthcoming in representing to the court in South Goa that it "has not submitted to the jurisdiction of the US Courts,"[60] this misrepresentation to the foreign court does not alter the conclusion that Eastern Pacific has waived any objection to the exercise of personal jurisdiction by this Court. Because personal jurisdiction is not contested in this case, any discovery on personal jurisdiction is irrelevant and in the nature of a fishing expedition.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration[61] is **DENIED.**

**New Orleans, Louisiana, this 5th day of June, 2020.**

                                                *Susie Morgan*
                                             **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

---

[59] Fed. R. Civ. P. 12(h).
[60] R. Doc. 142-2 at 41.
[61] R. Doc. 145.