UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br>    **Plaintiff** | CIVIL DOCKET |
| VERSUS | NO.  18-13556 |
| EASTERN PACIFIC SHIPPING, PTE, LTD.,<br>    **Defendant** | SECTION: "E" (4) |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss for Insufficient Service of Process filed by Defendant Eastern Pacific Shipping, PTE. LTD ("Eastern Pacific") pursuant to Federal Rule of Civil Procedure 12(b)(5).[1] Plaintiff Kholkar Vishveshwar Ganpat opposes the motion.[2] Eastern Pacific filed a reply.[3]

On May 19, 2021, the Court entered an order requiring Eastern Pacific to file a supplemental memorandum in support of its motion to dismiss.[4] On May 26, 2021, per the Court's order, Eastern Pacific filed a supplemental memorandum.[5] On May 28, 2021, Plaintiff filed a supplemental memorandum in response.[6]

**BACKGROUND**

Plaintiff alleges he contracted malaria while working as a crew member aboard the M/V STARGATE.[7] On December 12, 2018, Plaintiff filed the instant suit, bringing claims against Eastern Pacific under the Jones Act, general maritime law, and contract law.[8]

---

[1] R. Doc. 187
[2] R. Docs. 189.
[3] R. Doc. 192
[4] R. Doc. 193.
[5] R. Doc. 194.
[6] R. Doc. 195.
[7] R. Doc. 1 at ¶¶ 6, 32
[8] R. Doc. 1. Plaintiff alleges Eastern Pacific is his Jones Act employer.

1

Eastern Pacific is a Singapore private limited company and its principal place of business is in Singapore.[9]

This case has involved multiple attempts at service by the Plaintiff, and multiple attempts by Eastern Pacific to have the case dismissed for insufficient service of process.[10] On January 5, 2019, Eastern Pacific filed a Motion to Dismiss, moving to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.[11] In that same motion, Eastern Pacific further sought dismissal under Rule 12(b)(2) for lack of personal jurisdiction.[12] In his opposition to the Motion to Dismiss, Plaintiff contended the Court had personal jurisdiction over Eastern Pacific under Rule 4(k)(2).[13] On March 14, 2019, the Court granted the parties leave to conduct jurisdictional discovery, finding it would "be helpful in resolving Defendant's Motion to Dismiss to the extent it is based on Federal Rule of Civil Procedure 12(b)(2)."[14] However, in a conference with the Court on April 18, 2019, Eastern Pacific represented that it "withdrew its objection to personal jurisdiction and will not object to venue in this Court."[15] Accordingly, in the Minute Order for that conference, the Court vacated its March 14, 2019 Order that gave Plaintiff the opportunity to do jurisdictional discovery with respect to personal jurisdiction.[16] The Court also granted Eastern Pacific leave to file an amended and restated motion to dismiss.[17]

---

[9] R. Doc. 1 at ¶ 2; R. Doc. 69-4 at ¶ 2.
[10] R. Doc. 1.
[11] R. Doc. 16 at 1.
[12] R. Doc. 16-1 at 1 n.3.
[13] R. Doc. 23 at 10 n.22, 16-17.
[14] R. Doc. 46 at 5.
[15] R. Doc. 68.
[16] *Id.*
[17] *Id.*

On April 25, 2019, Eastern Pacific filed its amended and restated Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5).[18] In accordance with its representation to the Court, Eastern Pacific did not include an objection to personal jurisdiction under Rule 12(b)(2). As a result, Eastern Pacific has definitively waived any objection it might have to personal jurisdiction by virtue of Rule 12(h).[19] Further, Eastern Pacific expressly stated that it "has waived its Fed. R. Civ. P. 12(b)(2) personal jurisdiction defense."[20]

On April 25, 2019, Plaintiff served upon Eastern Pacific a formal request for a waiver of service of process;[21] however, Eastern Pacific refused the requested waiver.[22]

On April 30, 2019, Plaintiff filed a motion for leave to take discovery only on the "managing agent" issue as it related to Eastern Pacific's original and amended Motions to Dismiss for insufficiency of service of process under Rule 12(b)(5).[23] The Court granted Plaintiff's motion for leave.[24] In this motion, Plaintiff did not request discovery with respect to whether Eastern Pacific had local contacts or was transacting business in Louisiana. After completing discovery on the managing agent issue, Plaintiff filed his opposition to Eastern Pacific's amended and restated Motion to Dismiss.[25] On January 17, 2020, the Court issued an Order and Reasons, finding Plaintiff failed to establish service on Eastern Pacific through service on Captain Bona was valid under Federal Rule

---

[18] R. Doc. 69.
[19] FED. R. CIV. P. 12(h).
[20] R. Doc. 63 at p. 1.
[21] R. Doc. 189-1.
[22] R. Doc. 189-2.
[23] R. Doc. 70-1 at 2.
[24] R. Doc. 81.
[25] R. Doc. 116.

of Civil Procedure 4.[26] Pursuant to Rule 4(m), the Court extended Plaintiff's time to serve Eastern Pacific to March 17, 2020.[27]

On January 23, 2020, Plaintiff began the process of serving Eastern Pacific in Singapore pursuant to a letter rogatory.[28] Plaintiff's motion[29] for issuance of a letter rogatory was granted by the Court on January 27, 2020.[30] Plaintiff requested an exemplification certificate be issued by the Court in furtherance of internal service of process,[31] which the Court issued on February 27, 2020.[32] The February 22, 2021, Declaration of Nelson Tucker, CEO of Process Network Service, Inc., states the letters rogatory were delivered to the United States Department of State on April 6, 2021, and were received in Singapore on August 6, 2020. Tucker's declaration further states the letters rogatory have been delayed due to Covid-19 issues.[33]

On March 9, 2020, Plaintiff petitioned the Court to grant him an extension of time to effect foreign service of process in Singapore upon Eastern Pacific.[34] Eastern Pacific did not oppose the motion, and the Court granted the motion, giving Plaintiff until July 15, 2020, to serve Eastern Pacific.[35] Plaintiff moved for a second extension of time,[36] and

---

[26] R. Doc. 122 at 15, 24.

[27] *Id*. at 26.

[28] R. Doc. 127-1 at 8 ("Plaintiff is complying fully with the Court's January 17, 2020 Order that he undertake prompt Rule 4 service upon EPS (in Singapore).   He has requested Letters Rogatory (Rec. Docs. 123 and 126) and has asked the Clerk to issue Summons (Rec. Doc. 124).").

[29] R. Doc. 123. On January 24, 2020, Plaintiff filed an amended motion for issuance of a letter rogatory. R. Doc. 126.

[30] R. Doc. 130.

[31] R. Doc. 135. Plaintiff asserted he sought an exemplification certificate "in furtherance of international service of process as *ordered* by the Court's January 17, 2020 Order and Reasons." R. Doc. 135 at 1 (emphasis added). The Court did not *order* Plaintiff to serve Eastern Pacific but granted him an extension of time for him to do so, if he desired.

[32] R. Doc. 136.

[33] R. Doc. 176-1 at p. 1–2.

[34] R. Doc. 141.

[35] R. Doc. 143.

[36] R. Doc. 153.

the Court granted him until November 16, 2020, to serve Eastern Pacific.[37] Plaintiff moved for a third extension of time,[38] and the Court granted him until March 16, 2021, to serve Eastern Pacific.[39] On March 12, 2021, Plaintiff filed a motion for a fourth extension of time to effect service.[40] Tucker's declaration was attached thereto.[41] As to the process of serving the letters rogatory, Tucker's declaration states the "estimated time of completion of service is June–July 2021; the estimated time of return of Proof of Service is August–September 2021."[42] The Court therefore granted Plaintiff's motion for a fourth extension of time, giving Plaintiff until September 15, 2021, to serve Eastern Pacific.[43] As of this date, the Court has not received any further update with respect to service of process through letters rogatory.

On April 20, 2021, Plaintiff filed into the record his purported proof of service upon Eastern Pacific—namely, an "Affidavit of Service Upon Defendant Eastern Pacific Shipping PTE. LTD."[44] The affidavit is made by Rafinyi Bin Ahlias (Mr. Ahlias), and states, upon oath, that the affiant is a professional process server authorized to serve process in Singapore.[45] The affidavit states Mr. Ahlias was instructed by Nadia Ui Mhuimhneachain, Esq., a solicitor of the Singapore law firm, August Law Corporation, to serve a summons, complaint, and civil cover sheet on Eastern Pacific, "pursuant to the Singapore Companies Act, section 387 and Fed. R. Civ. P. 4(f)(2)(A)."[46] The affidavit further states on Tuesday, April 13, 2021, Mr. Ahlias traveled to Eastern Pacific's address

---

[37] R. Doc. 156.
[38] R. Doc. 173.
[39] R. Doc. 174.
[40] R. Doc. 176.
[41] *See* R. Doc. 176-1.
[42] *Id.* at p. 2.
[43] R. Doc. 177.
[44] R. Doc. 184.
[45] *Id.* at p. 1.
[46] *Id.*

to serve the documents on Eastern Pacific.[47] Eastern Pacific's address was confirmed by verifying Eastern Pacific's Unique Entity Number with a registry maintained by the Singapore Accounting and Corporate Regulatory Authority.[48] The affidavit states upon arriving at Eastern Pacific's address, Mr. Ahlias met a woman named Dorinda, who was the receptionist for Eastern Pacific, and he handed her the summons, complaint, and civil cover sheet.[49] Mr. Ahlias's affidavit further states Dorinda "accepted and acknowledged service, signing a copy of the Summons with the company stamp in the present case."[50] The affidavit ends with Mr. Ahlias's statement that he "believe[s] service in this matter to have been effected according to the laws of the Republic of Singapore for cases heard in that jurisdiction, particularly Order 10 of the Singapore Rules of Court."[51]

In its pending "Motion to Disregard Attempt at Service of Process or to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5),"[52] Eastern Pacific asks the Court to order that Plaintiff's attempt at personal service through Mr. Ahlias is insufficient, or, in the alternative, to disregard the attempt at service.[53]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process is not completed in the proper manner.[54] Service is not completed in the proper manner if not made in compliance with the requirements of Rule 4.[55] "In the absence of valid service of process, proceedings against a party are void."[56] When service of process

---

[47] R. Doc. 184 at p. 2.
[48] *Id.*
[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] R. Doc. 187.
[53] *See* R. Doc. 198 at p. 1.
[54] *See* FED. R. CIV. P. 12(b)(5).
[55] FED. R. CIV. P. 4.
[56] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

is challenged, the serving party bears the burden of establishing, by a preponderance of the evidence, that service was valid under Federal Rule of Civil Procedure 4.[57] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[58]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 4(h) governs service of process on business entities such as Eastern Pacific. Rule 4(h) provides, in pertinent part:

> (h) Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> . . .
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).[59]

Thus, under Rule 4(h)(2), service on a corporate defendant located outside the United States is governed by Rule 4(f), which governs service on individuals located outside of the United States. Rule 4(f) states:

> (f) Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

---

[57] *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). *See also Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).
[58] *George v. United States Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).
[59] FED. R. CIV. P. 4(h)(2).

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.[60]

In its motion to dismiss, Eastern Pacific argues Plaintiff's attempt to serve Eastern Pacific by personal delivery is invalid under Federal Rule of Civil Procedure 4(h)(2) because it was made by personal delivery under Rule 4(f)(2)(C)(i).[61] In his opposition, Plaintiff argues Eastern Pacific "inaccurately asserts that the service of process upon it was rendered by 'personal delivery under (f)(2)(C)(i).'"[62] Instead, Plaintiff explains Eastern Pacific was validly served under Rule 4(f)(2)(A) because "the Republic of Singapore recognizes service of process upon a Singaporean corporation in the manner used by [Plaintiff]."[63] Plaintiff cites Order 65, rule 2A(2), of the Singapore Rules of Court in support of his argument.[64] Plaintiff argues Mr. Ahlias's "hand delivery of summons and complaint to an EPS employee at the registered headquarters of EPS in Singapore (who

---

[60] FED. R. CIV. P. 4(f).
[61] R. Doc. 187-1 at p. 1.
[62] R. Doc. 189 at p. 2.
[63] *Id*. at p. 3.
[64] *Id*. at pp. 4–5.

accepted, acknowledged service and signed using an EPS stamp) is an effective method of service and is authorized under [Singapore's] Rules of Court."[65]

Portions of Rule 4(f) are inapplicable and may be quickly dispensed with. Singapore is not a signatory to any international agreement on foreign service of process such as the Hague Service Convention,[66] and, as a result, Rule 4(f)(1) is inapplicable. Although this Court has issued a letter rogatory, Rule 4(f)(2)(B) does not apply because the Court has heard no response from the Singaporean authorities, and Plaintiff is not, at this time, relying on the letter rogatory to accomplish service on Eastern Pacific. Rule 4(h)(2) explicitly removes Rule 4(f)(2)(C)(i) as a basis for serving a corporation at a place outside of the United States. Rule 4(f)(2)(C)(ii) is inapplicable because notice was not sent by the clerk of the court using a form of mail requiring a signed receipt. Finally, Rule 4(f)(3) is inapplicable because Rule 4(f)(3) is prospective in nature, and the Court has not issued an order for court-directed service under Rule 4(f)(3).[67] Thus, for Plaintiff to have properly served Eastern Pacific in this case, service must have been accomplished under Rule 4(f)(2)(A).

As explained above, Plaintiff does indeed rely on Rule 4(f)(2)(A).[68] Under rule 4(f)(2)(A), service of process on Eastern Pacific is valid if accomplished by a method

---

[65] *Id.* at p. 5.

[66] *See* the Hague Conference on Private International Law's list of signatories, accessible at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

[67] The Fifth Circuit has not provided an instructive analysis of Rule 4(f)(3), but district courts "within the Fifth Circuit have followed analyses provided by the Ninth and District of Columbia Circuits." *US Fire Pump Co., LLC v. Alert Disaster Control (Middle E.) Ltd.*, No. CV 19-335-SDD-EWD, 2021 WL 296073, at *14 (M.D. La. Jan. 28, 2021). For Rule 4(f)(3) to be available to a plaintiff attempting to effect service, the plaintiff "must obtain prior court approval for the alternative method of serving process." *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) District courts within Louisiana have treated Rule 4(f)(3) as requiring prior court approval. *See e.g.*, *US Fire Pump*, 2021 WL 296073 at *14 (deciding court-directed service was proper and ordering plaintiff to serve defendant Allcorn through his United States-based counsel); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-02047, 2015 WL 13387769, (E.D. La. Nov. 9, 2015) (same).

[68] *See* R. Doc. 189; R. Doc. 195.

prescribed by the laws of Singapore "for service in that country in its courts of general jurisdiction."[69] To aid the Court in interpreting and applying Singapore law, the Court ordered Eastern Pacific to file a supplemental memorandum explaining "in detail the proper method for Plaintiff to serve process on Eastern Pacific under the law of Singapore, with citations and quotations of the law," and identifying "any deficiencies in the method used by the Plaintiff."[70] In addition, the Court explicitly instructed Eastern pacific to "address Plaintiff's argument that service on Eastern Pacific was perfected under Rule 4(f)(2)(A)."[71]

In its supplemental opposition, Eastern Pacific first argues that, because Plaintiff "has utilized the Letter Rogatory method of service of process on Eastern Pacific, invoking Rule 2 of Order 65 [of the] Singapore Rules of Court, Singapore law precludes attempted service using any other method."[72] In his supplemental opposition, Plaintiff argues there is no language in Order 65 of the Singapore Rules of Court providing that attempted use of one method of service precludes use of a different method of service.[73] The Court agrees with Plaintiff; there is nothing in Order 65 which may be interpreted to preclude use of service by personal delivery if a party attempts, unsuccessfully, to effect service through letters rogatory. Order 65 of the Singapore Rules of Court provides, in pertinent part, as follows:

2.—

(1) This Rule applies in relation to the service of any process required in connection with civil proceedings pending before a court or other tribunal of a foreign country where a letter of request from such a tribunal requesting service on a person in Singapore of any such

---

[69] FED. R. CIV. P. 4(f)(2)(A).
[70] R. Doc. 193.
[71] *Id.*
[72] R. Doc. 194 at p. 1.
[73] R. Doc. 195 at p. 2.

> process sent with the letter is received by the Minister and is sent by
> him to the Supreme Court with an intimation that it is desirable that
> effect should be given to the request.
>
> . . .
>
> 2A.—
>
> > (1)  Subject to Rule 3, this Rule applies in relation to the service of
> > any process required in connection with civil proceedings pending
> > before a court or other tribunal of a foreign country where Rule 2
> > does not apply or is not invoked.
> >
> > (2)  Service of any such process within Singapore may be effected by
> > a method of service authorised by these Rules for the service of
> > analogous process issued by the Court.[74]

Plaintiff does not argue the method used to serve process on Eastern Pacific was through letters rogatory. As a result, "Rule 2 . . . is not invoked."[75] Rather, Plaintiff invokes and relies on Rule 2A. According to the plain language of Order 65, Rule 2A "applies in relation to the service of any process required in connection with civil proceedings pending before a court or other tribunal of a foreign country *where Rule 2 does not apply or is not invoked.*"[76] Because Rule 2 is not invoked, Rule 2A applies, and service may be "effected by a method of service authorised by [the Singapore Rules of Court] for the service of analogous process issued by" the courts in Singapore.[77] The Court now addresses whether Plaintiff perfected service in a manner authorized by the Singapore Rules of Court.

The method of service used by Plaintiff was personal delivery, specifically, leaving a copy of the summons, complaint, and civil cover sheet at Eastern Pacific's headquarters.[78] The Court must therefore determine whether this is a valid method of serving process on a company in Singapore.

---

[74] Singapore's Rules of Court, Order 65, Rules 2, 2A. *See https://sso.agc.gov.sg/SL/SCJA1969-R5?DocDate=20200729&ProvIds=PO1-#PO1-*
[75] *Id.*, Rule 2A(1).
[76] *Id.*, Rule 2A(1). (emphasis added)
[77] *Id.*, Rule 2A(2).
[78] *See* R. Doc. 184; *see also* R. Doc. 69-4 at ¶¶ 1–2.

The Singapore Supreme Court clearly states that when effecting foreign service of process in Singapore in accordance with Rule 2A of Order 65,

> such service must be effected in accordance with Orders 10 and 62 of the Rules of Court as well as paragraph 32 of the Supreme Court Practice Directions. If service is effected by private means (e.g. by a Singapore solicitor or a solicitor's clerk or otherwise), the Registrar of the Supreme Court will not issue a certificate to certify the outcome of the attempts at service.[79]

In Singapore, legal proceedings "may be begun either by writ or by originating summons." [80] Order 10 provides originating process—meaning a writ or originating summons—"must be served personally on each defendant."[81] Accordingly, Singapore law requires personal delivery of a summons or writ.[82]

Order 62 provides personal service of a document is effected by leaving it with the person to be served.[83] As to service on companies,  § 387 of the Singapore Companies Act provides "[a] document may be served on a company by leaving it at or sending it by registered post to the registered office of the company."[84] Service on a company is also sufficient if made at the company's principal place of business.[85] Before delivering the summons and complaint to Eastern Pacific's address in Singapore, the address for Eastern Pacific was confirmed with a registry maintained by the Singapore Accounting

---

[79] *See* "Service of Documents" at *https://www.supremecourt.gov.sg/services/court-services/service-of-documents*

[80] *See also* Singapore's Rules of Court, Order 5, Rule 1.

[81] *Id.*, Order 10, Rule 1. *See https://sso.agc.gov.sg/SL/SCJA1969-R5?DocDate=20210621&ProvIds=PO10-&ViewType=Advance&Phrase=process+server&WiAl=1#PO10-*

[82] *Id.*, Order 5, Rule 1 (stating that "proceedings may be begun either by writ or by originating summons.")

[83] *Id.*, Order 62, Rule 3.

[84] Singapore Companies Act § 387. *See https://sso.agc.gov.sg/Act/CoA1967?ProvIds=P1XII-#pr387-*. *See also* Loong Tse Chuan et al., *Litigation and Enforcement in Singapore: Overview*, PRACTICAL LAW, SINGAPORE (April 2021) ("As a general rule, the originating process must be served personally to be effective, unless the parties mutually agree to an alternative method of service. . . . Where the defendant is a company, service can be effected by leaving a copy of the originating process at, or sending it by registered post to, the registered address of the company.")

[85] *See Alphomega Research Group Ltd v. Nanyang Law LLC* [2010] SGHC 133. *See https://www.supremecourt.gov.sg/docs/default-source/module-document/judgement/2010-sghc-133.pdf*

and Corporate Regulatory Authority.[86] In addition, an affidavit of a director of Eastern Pacific also confirms that the address in question is Eastern Pacific's headquarters.[87] There being no assertion to the contrary, the Court finds Plaintiff complied with § 387 of the Singapore Companies Act.

Rule 2(1) of Order 62 provides personal service "must be effected by a process server of the Court or by a solicitor or a solicitor's clerk whose name and particulars have been notified to the Registrar for this purpose."[88] Paragraph 32 of the Singapore Supreme Court Practice Directions draws the attention of solicitors to Order 62, Rule 2(1) of the Singapore Rules of Court. Paragraph 32 gives instructions to solicitors for notifying the Legal Registry of the Supreme Court of the "particulars of such clerks who have been authorized by the solicitor to serve processes and documents ('authorized process servers') by submitting a request to authorize through the Electronic Filing Service."

Eastern Pacific argues in its supplemental memorandum that service was not valid because "there is no indication that Singapore law authorized the process server used."[89] Specifically, Eastern Pacific argues service was not perfected under Rule 4(f)(2)(A) because there is no confirmation in the service affidavit of Mr. Ahlias that he was a process server of the Supreme Court of Singapore "or that the Duty Registrar of the Supreme Court of Singapore had approved [him]."[90] Eastern Pacific's argument ignores the sworn statements in Mr. Ahlias's affidavit that Mr. Ahlias was authorized to serve process in Singapore and that he acted on the instruction of Ms. Mhuimhneachain, a Singaporean

---

[86] R. Doc. 195 at p. 5; R. Doc. 184 at p. 2.
[87] R. Doc. 69-4 at ¶¶ 1–2.
[88] Singapore's Rules of Court, Order 62, Rule 2(1).
[89] R. Doc. 194 at p. 5.
[90] *Id.* at p. 4.

solicitor of the August Law Corporation.[91] "A signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence."[92] Because the service affidavit was signed, it constitutes prima facie evidence of valid service, and in this case, it is prima facie evidence of the fact that Mr. Ahlias is authorized to serve process in Singapore, and that he acted at the direction of a Singaporean Solicitor. Eastern Pacific has submitted no evidence to suggest Mr. Ahlias is not authorized to serve process in Singapore. The Court finds the method used by Plaintiff to serve Eastern Pacific was valid under Singapore law.[93]

The final argument lodged by Eastern Pacific in its supplemental memorandum is that service was invalid under Rule 4(h)(2) because Rule 4(h)(2) prohibits service of process by the method of personal delivery.[94] The Court does not agree with Eastern Pacific's interpretation of Rule 4(h)(2). Rule 4(h)(2) explicitly prohibits service of process by "personal delivery under *(f)(2)(C)(i).*"[95] The proviso in Rule 4(h)(2) does not apply in this case because personal delivery was made under Rule 4(f)(2)(A), not under rule 4(f)(2)(C)(i). Rule 4(h)(2) does not prohibit personal delivery under Rule 4(f)(2)(A).[96]

---

[91] R. Doc. 184 at p. 1.

[92] *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011).

[93] *See also US Fire Pump Co., LLC v. Alert Disaster Control (Middle E.) Ltd.*, No. CV 19-335, 2021 WL 296073, at *13 (M.D. La. Jan. 28, 2021) (finding that defendant was properly served at its headquarters in Singapore because "Singapore law authorizes service of process by leaving a copy of the document at the registered or principal office of the corporation. Plaintiff has filed the affidavit of its Singapore process server who attests that he served Alert Asia in the above manner.")

[94] R. Doc. 194 at p. 5.

[95] FED. R. CIV. P. 4(h)(2). (emphasis added)

[96] *See* David D. Siegel, The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction, 151 F.R.D. 441, 463 (1994) (noting that pursuant to Rule 4(h)(2), for personal delivery to a corporate defendant at a place not within the United States to be a valid method of service, "it will have to find authorization outside of clause (C)(i)." In this case, outside authorization is found in the laws of Singapore.

In sum, the Court finds Eastern Pacific was properly served at its headquarters in Singapore, in a manner consistent with Singapore law and with Federal Rules of Civil Procedure 4(h)(2) and 4(f)(2)(A).

## **CONCLUSION**

**IT IS ORDERED** that Eastern Pacific's Motion to Dismiss for Insufficient Service of Process[97] is **DENIED**.

The Court's case manager will contact the parties to set a scheduling conference.

Eastern Pacific's responsive pleading must be served within fourteen days of this Order.[98]

**New Orleans, Louisiana, this 10th day of August, 2021.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[97] R. Doc. 187.
[98] *See* Fed. R. Civ. P. 12(a)(4)(A).