UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br><br>   Plaintiff,<br><br>v.<br><br>EASTERN PACIFIC SHIPPING PTE, LTD.,<br>d/b/a "EASTERN PACIFIC"<br><br>   Defendant. | Civil Action No. 18-13556 "E" (4)<br><br> IN ADMIRALTY<br><br>JUDGE SUSIE MORGAN<br><br> CHIEF MAGISTRATE JUDGE<br>  KAREN WELLS ROBY |

**EASTERN PACIFIC'S RESPONSE OPPOSING
PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>FIRST SUPPLEMENTAL COMPLAINT FOR DAMAGES</u>**

This Court now should deny plaintiff's "Motion for Leave."

Plaintiff's proposed supplement is futile. As set out in Eastern Pacific's memorandum supporting its Motion to Dismiss – India Law Choice, filed herewith and the supporting affidavit of India lawyer Aditya Krishnamurthy (Krishnamurthy Aff., **Exhibit B** to the Motion to Dismiss – India Law Choice[1]):

> 10.    There is a cause of action under Indian law for malicious prosecution, generally defined as a judicial proceeding instituted by one person against another, from wrongful or improper motive and without probable cause to sustain it. The Supreme Court of India in the case of *Bank of India v. Lekhimoni Das* (2000) 3 SCC 640 in paragraph 9 observed that *"in the case of malicious legal process of the Court the Plaintiff has to provide absence or probable or reasonable cause"* The general elements of such a cause of action are prosecution by the defendant, absence of probable/ reasonable cause, that the defendant acted maliciously, termination of the proceedings in the favor of the plaintiff, and that the plaintiff suffered the damage as a result of the prosecution. The claims of the First Supplemental Complaint, against Eastern Pacific, most closely resemble an attempt to claim for malicious prosecution. The South Goa Suit, however, has not terminated in favor of Kholkar Vishveshwar Ganpat, consequently there is no malicious prosecution cause of action under Indian law. Neither would Indian law recognize the claims of Mr. Kholkarin the First Supplemental Complaint as a cause of action, for intentional maritime tort or

---

[1]    Eastern Pacific incorporates its Motion to Dismiss – India Law and Mr. Krishnamurthy's affidavit, to this motion.

- 1 -

    otherwise. India law would view the claims as an attempt to circumvent the requirements of pleading malicious prosecution. Further, Mr. Kholkar has full ability to redress his claims if brought properly in the South Goa Suit and by no means is restrained from proceeding in the South Goa Suit, properly brought, on his claims.

India law, not imagined (or actual) United States law, controls this case. There is no claim under India law such as the one that plaintiff attempts in his "First Supplemental Complaint"; it fails to state a claim – under India law – upon which this Court may grant relief. A "court need not grant a futile motion to amend. Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted). "[I]f the proposed amendment is legally insufficient on its face the Court should deny leave to amend without consideration of the other factors." *Durgin v. Crescent Towing & Salvage, Inc.*, No. 00-1602, 2002 WL 1022510, at *2 (E.D. La. May 17, 2002).

    The application of India law to and choice of India law to determine the proposed "First Supplemental Complaint" is even more clear given that the "First Supplemental Complaint" deals entirely with actions which plaintiff complains about Eastern Pacific taking in India before the South Goa Court. Whether those are improper is a matter of India law.

    Mr. Krishnamurthy confirms by his affidavit, that since March 17, 2021, Kholkar Vishveshwar Ganpat has had an experienced lawyer representing him before the South Goa Court. With that representation (or before) yet been any appeal or opposition filed to the South Goa Court's Orders. Mr. Krishnamurthy further confirms that the proceedings before the South Goa Court have proceeded properly according to India law.

There simply is no wrongful action before the South Goa Court. As Mr. Krishnamurthy further confirms, as does the South Goa Court,[2] anti-suit injunctions are proper under India law, for exactly the reasons here: a plaintiff (and more so, a plaintiff who lives in South Goa and is an India citizen) is bringing a vexatious suit in a foreign forum which has nothing to do with the dispute.

Paradoxically the plaintiff has – now, twice [ ECF 157-1, July 14, 2020; ECF 199, August 18, – asked this Court to enter essentially the same anti-suit injunction against Eastern Pacific (from proceeding in South Goa) that plaintiff's futile "First Supplemental Complaint" raises as a "maritime tort" to the plaintiff by Eastern Pacific. Anti-suit injunctions are, as plaintiff must admit, also part of established United States law, *see Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626 (5th Cir. 1996). There is no law exempting plaintiff from an anti-suit injunction because he is a seaman, nor is there law depriving Eastern Pacific of the right to seek an anti-suit injunction because it is not. There is no tort for Eastern Pacific doing what both India – and United States – law, gives Eastern Pacific the right to do.

What plaintiff seeks to do with the "First Supplemental Complaint," instead, is to have this Court entertain a collateral attack on the orders of the South Goa Court – where the plaintiff already has for over a year and a half been in contempt of – but not sought to appeal or file any opposition – to that Court's orders.[3] Plaintiff gripes to this Court that Eastern Pacific has no right to proceed before the South Goa Court, but, the South Goa Court expressly has stated that both Eastern Pacific has the right to proceed before it, and that plaintiff is subject to the South Goa Court's jurisdiction

---

[2]  The South Goa Court's opinions, Exhibits D and E to Eastern Pacific's Motion to Dismiss – *Forum Non Conveniens*, filed herewith)

[3]  Exhibits D and E to Eastern Pacific's Motion to Dismiss – *Forum Non Conveniens*, filed herewith)

(where he lives).  Again there is a paradox:  plaintiff has absolutely no connection to this District, nor do any of his claimed causes of action including the claims he now attempts to raise with his "First Supplemental Complaint."

> "If an otherwise valid judgment is rendered in a foreign court, the merits of the case will not be re-litigated if 'there is nothing to show either prejudice in the court, or in the system of laws under which it was sitting, or fraud in procuring the judgment, or any other special reason why the comity of this nation should not allow it full effect.' " [
> *Derr v. Swarek*, 766 F.3d 430, 438 (5th Cir. 2014)] (quoting Hilton, 159 U.S. at 202-03, 16 S. Ct. 139).

*Block v. InterOil Corp.*, 373 F. Supp. 3d 683, 689 (N.D. Tex. 2019), *appeal dismissed sub nom. Cissone v. InterOil Corp.*, No. 20-10288, 2020 WL 5526562 (5th Cir. June 26, 2020), *and appeal dismissed sub nom. Cissone v. InterOil Corp.*, No. 20-10288, 2020 WL 5526562 (5th Cir. June 26, 2020).

The South Goa Court has direct personal and subject matter jurisdiction over plaintiff, including through the choice of law analysis that this Court must apply under *Lauritzen v. Larson,* 345 U.S. 571 (1953) and following precedent, Indian law applies.  Eastern Pacific commits no tort by proceeding to do what both Indian law, and if it applied (which it does not) United States law, expressly permits.

Even though India law controls, plaintiff's "First Supplemental Complaint" also fails to state a claim upon which this Court, under United States maritime law, could grant relief.[4]

*Smith v. Atlas Off-Shore Boat Serv., Inc.*, 653 F.2d 1057, 1063 (5th Cir. 1981)(discharge in retaliation for the seaman's exercise of his legal right to file a personal injury action against the

---

[4] Plaintiff's "First Supplemental Complaint," ¶ 26, for example, refers to "*lis pendens*" – which has nothing to do with the claim; a "lis pendens" is a notice of a lawsuit filed in the chain of title to real property, to give notice of a claim which might affect the real property title.  *See J. Ray McDermott, Inc. v. Berry Contracting, L.P.*, No. CIV.A. 03-2054, 2004 WL 224583, at *7 (E.D. La. Feb. 3, 2004)

employer constitutes a maritime tort) is inapposite as is *Pino v. Protection Maritime Insurance Co, Ltd.*, 490 F.Supp. 277 (D. Mass. 1980).   Both involve employment claims and discharge, which plaintiff does not allege.   Plaintiff's punitive damages demands overlook the Supreme Court's recent *The Dutra Grp. v. Batterton*, 139 S. Ct. 2275, 2278, 204 L. Ed. 2d 692 (2019) decision, declining to extend punitive damages to U.S. law unseaworthiness cases; this again is not an employment matter under U.S. law such as *Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009)(punitive damages under U.S. law for willful and arbitrary failure to pay maintenance and cure).

What plaintiff is attempting with his "First Supplemental Complaint" actually is to bring a malicious prosecution claim against Eastern Pacific – for Eastern Pacific proceeding (entirely permissibly according to the Court there) in South Goa.   Even if such a claim otherwise could be permitted, notwithstanding the above, plaintiff has not alleged the required elements of malicious prosecution, starting with that the South Goa action is not terminated in his favor.[5]  *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)("We are persuaded that we must return to basics. And in doing so we conclude that no such freestanding constitutional right to be free from malicious prosecution exists.").

Plaintiff is well represented by senior counsel before the Court at South Goa, and has been so represented since March 17, 2021 – having chosen (or perhaps advised by his U.S. counsel)

---

[5]   "The elements of a malicious prosecution claim are: "(1) the commencement or continuation of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." *Deville v. Marcantel*, 567 F.3d 156, 173 (5th Cir. 2009) (*citing Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984)).

*Aubin v. Columbia Cas. Co*., 272 F. Supp. 3d 828, 839 (M.D. La. 2017)

before then not to file any opposition to the South Goa Court's orders and instead, at least until March 17, 2021, to proceed in direct contempt of the South Goa Court's orders.

The "First Supplemental Complaint" also violates Fed. R. Civ. P. 10 (c ). Under Fed. R. Civ. P. 15, the "First Supplemental Complaint" supersedes the original complaint unless there is proper incorporation of the Complaint into the "Supplemental" complaint. Yet, all that plaintiff does in the "First Supplemental Complaint" – to attempt to "incorporate" the complaint and its various allegations and causes of action, is to provide the following, general paragraph:

> V. ADOPTION OF ORIGINAL ALLEGATIONS
>
> 6. To the degree that the allegations of fact and law set forth in the original Complaint for Damages are not inconsistent with the new allegations set forth below, they are adopted and re-alleged as if set forth in extenso.

The Court explains as follows in *Simmons v. Jackson*, No. 3:15-CV-1700-S-BT, 2018 WL 4574975, at *3 (N.D. Tex. Sept. 6, 2018), *report and recommendation adopted*, No. 3:15-CV-1700-S-BT, 2018 WL 4568802 (N.D. Tex. Sept. 24, 2018):

> Rule 10(c) allows that "statement[s] in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). However, as the District Court made clear, "if a party avails himself of Rule 10(c), 'references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation.' " *Simmons*, 2017 WL 3051484, at *5 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1326, at 431-32 (3d ed. 2004 & Supp. 2017) ). Blanket statements incorporating whole pleadings, or sections of pleadings, are neither direct nor specific.

The "First Supplemental Complaint" is futile for this further reason – it leaves only the claim for somehow wrongful South Goa litigation, and no other claims effectively incorporated under Fed. R. Civ. P. 10 ( c).

Overall, India law controls the plaintiff's case in this Court, which has no relationship to this Court; any claims that he has, including, concerns about the orders of the South Goa Court, must be brought before the South Goa Court. The attempt to have this Court second guess the

South Goa Court and create an unfounded cause of action, where there fundamentally is no breach of duty by Eastern Pacific, is futile, including by its ineffective incorporation of the complaint, stating no cause of action upon which this Court may grant relief.  This Court therefore should deny the motion.

Dated: August 24, 2021

                Respectfully Submitted,

| | |
|---|---|
| /s/ J. Stephen Simms | MICHAEL H. BAGOT, JR., T.A. (#2665) |
| J. Stephen Simms | WAGNER, BAGOT & RAYER, LLP |
| Simms Showers LLP | Pan American Life Center – Suite 1660 |
| 201 International Circle, Suite 230 | 601 Poydras Street |
| Baltimore, Maryland 21030 | New Orleans, Louisiana 70130 |
| Tel:  410-783-5795 | Telephone: 504-525-2141 |
| Fax: 410-510-1789 | Facsimile: 504-523-1587 |
| Email: jssimms@simmsshowers.com | E-mail: mbagot@wb-lalaw.com |

Eastern Pacific Shipping Pte. Ltd. Counsel