UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KHOLKAR VISHVESHWAR GANPAT,

     Plaintiff,

v.

EASTERN PACIFIC SHIPPING PTE, LTD.,
d/b/a "EASTERN PACIFIC"

     Defendant.

Civil Action No. 18-13556 "E" (4)

IN ADMIRALTY

JUDGE SUSIE MORGAN

CHIEF MAGISTRATE JUDGE
KAREN WELLS ROBY

## EASTERN PACIFIC'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR ISSUANCE OF PERMANENT INJUNCTION

This Court now should deny plaintiff's Motion for Issuance of Permanent Injunction[1].

Plaintiff Kholkar Vishveshwar Ganpat wrongly contends that there are no factual disputes.  He makes the wrong assumption that he will "prevail on the merits" "vis a vis issuance of a permanent injunction."

Eastern Pacific has never "conceded that the US Court and Indian Court proceedings are 'on the same cause of action' …."  EPS India and Eastern Pacific are both plaintiffs in the South

---

[1]    Eastern Pacific incorporates the arguments in its Motion to Dismiss *Forum Non Conveniens* [ECF 204] and the Affidavits of Aditya Krishnamurthy, Esq. Exhibit A to ECF 203 [ECF 203-2] (Eastern Pacific Motion to Dismiss, India Law Choice), Exhibit B to ECF 204 [ECF 204-3] (Eastern Pacific Motion to Dismiss, *Forum Non Conveniens*)(herein, "**Krishnamurthy Aff.**"),  and Anil Arjun Singh [Exhibit A, ECF 204-2], and its Motion to Dismiss—India Law [ECF 203], and the exhibits thereto.

Eastern Pacific notes that this is Mr. Kholkar Vishveshwar Ganpat's second attempt at a permanent injunction; his first was ECF 166, July 28, 2020.  This Court, after a telephone status conference July 29, 2020, entered its Minute Order including that "The submission date of the Motion for Permanent Injunction is continued without a date. The Court will inform the parties when an opposition is due, if necessary."  ECF 170.  This Court did not require opposition to ECF 166.

Goa, India litigation, Eastern Pacific is the sole defendant here.[2]  Mr. Kholkar Vishveshwar Ganpat also attempts, without merit, to argue that Eastern Pacific has "invoked albeit reluctantly, that very jurisdiction."  ECF 199-1 at 16.   Eastern Pacific's motions to dismiss on *forum non conveniens* grounds, and applying Indian law – and Eastern Pacific's replies supporting them – further confirm that that Eastern Pacific never has "invoked the jurisdiction" of this Court.

Eastern Pacific's decision not to move to dismiss on personal jurisdiction or venue grounds has nothing to do with the fact that this District is neither a proper nor convenient forum for this litigation.  Indeed, it is not, nor has Mr. Kholkar Vishveshwar Ganpat stated a claim upon which this Court may grant relief under the controlling India law.

Mr. Kholkar Vishveshwar Ganpat cannot show that he is likely to succeed on the merits of his case and this Court therefore for this reason alone, should deny his motion.

**FACTUAL BACKGROUND**

### A.  The Litigation in South Goa, India

On March 2, 2020, Eastern Pacific India and Eastern Pacific filed suit before the District Court, South Goa at Margao where it was registered as Commercial Suit No. 2 of 2020 and thereafter transferred to Court of First Additional Senior Civil Judge, South Goa at Margao wherein the proceedings had been re-registered as Special Civil Suit (Commercial) No.33/2020/I

---

[2]   While plaintiff has failed to carry his burden and demonstrate success on the merits or likelihood of success on the merits for either a permanent or preliminary injunction, if this Court is inclined to grant either request, prior to doing so, it should order discovery regarding the disputed facts—namely whether there were adequate anti-malarials aboard the M/V STARGATE in Savannah and whether plaintiff was indeed provided with such anti-malarials as indicated in the documents in this Court's Record.  *See e.g.,* ECF 213-4 at pp. 63, 67, 76-77; 213-5 at p. 1-2; ECF 213-4, p. 76-77.  Eastern Pacific incorporates its letter to the Court concerning discovery on the injunction motion and permanent injunction request, August 30, 2021, emailed directly to Chambers; Eastern Pacific will at the Court's request file the letter in the case record.

Furthermore, should this Court be inclined to grant plaintiff's motion, Eastern Pacific requests that security be posted under Fed. R. Civ. P. 65(c).

and thereafter transferred to the Court of Senior Civil Judge– III, South Goa at Margao where it has been re-numbered as Special Civil Suit No. 64/2020/III, CNR No. GASG02-003269-2020 (the "South Goa Suit").  **Krishnamurthy Aff.**  ¶2; South Goa Court Complaint, ECF 142-2, ECF 204-4.

The South Goa Court, on March 7, 2020, in response to the Eastern Pacific India and Eastern Pacific Complaint, issued its Order for preliminary injunction against plaintiff proceeding in this Court (ECF 142-1), finding in pertinent part as follows:

15. The defendant resides in Canacona, Goa and thus amenable to the jurisdiction of this Court. The plaintiffs have *prima facie* shown that if they are made to defend the US proceedings, they would have to incur huge expenditure and the costs might not be recoverable on account of the condition of the defendant.

16. The plaintiff has prima facie shown that the Court in Goa is a *forum conveniens* for both the parties and more particularly, the defendant who resides in Goa and who on account of his health condition would have great difficulties in travelling to USA to prosecute the US proceedings. Further, the witnesses are also in Goa. Trial and adjudication of the claim for damages in India would be convenient to both the parties and more particularly, in Goa where the defendant resides.

17. The plaintiff has also placed on record the copy of the Order dated 17.01.2020 passed by the United States District Court, Eastern District of Louisiana in the US Proceedings whereby the defendant herein has been granted time to serve the plaintiffs in the said US Proceedings till 17.03.2020. The plaintiffs apprehend that they might be served in the US Proceedings at any time prior to 17.03.2020 and that if they are made to defend the US Proceedings, they will incur huge costs to defend the claim and thus great inconvenience will be caused to the plaintiffs. The plaintiffs have also shown that the costs of defending the US proceedings might not be recoverable and thus, the plaintiffs have shown that irreparable loss would be caused to them if the urgent relief as sought by them is not granted.

18. No prejudice or injustice will be caused to the defendant if anti-suit injunction in temporary form is granted as the defendant can pursue his claim for damages against the plaintiffs by filing proceedings in Goa or file a counter claim in the instant suit itself.

19. In the Order dated 17.01.2020, the United States District Court has observed that the plaintiff in the said proceedings (the defendant herein) has failed to produce evidence that Eastern Pacific transacted business in Louisiana and also

failed to provide evidence establishing that Eastern Pacific has engaged in business activity in Louisiana. The Ld. United States District Judge has further observed that the plaintiff's (the defendant herein) alleged injuries could not have resulted from Eastern Pacific's business activities in Louisiana and to the contrary, the plaintiff alleges his injuries resulted from Eastern Pacific's activities well outside of Louisiana. The Order also makes a mention that the defendant herein was hospitalized for malaria in Rio de Janeiro and was subsequently, repatriated to India. Thus, the aforesaid observations of the Ld. United States District Judge also help the plaintiffs' case in seeking anti-suit injunction.

20. The plaintiffs have relied upon the letter dated 24.02.2020 addressed to the defendant which indicates that in consideration of the defendant discontinuing the US Proceedings and prosecuting the alleged permanent disability claim before the competent Court in Goa, India, the North of England P & I Association Limited, on behalf of the assured, agrees and undertakes to pay within 15 days of the defendant's written demand, such sums as may be adjudged or declared in any final decree of the competent Court in Goa provided that the total liability shall not exceed the sum of USD 82,500. Thus, the plaintiffs have secured the amount which they might be liable to pay to the defendant. This factor also shows that no prejudice will be caused to the defendant if he is restrained from prosecuting the US Proceedings.

21. The plaintiffs have thus shown that the defendant is amenable to the personal jurisdiction of this Court and that if the *exparte* interim relief is refused, the ends of justice will be defeated. Thus, the principles discussed in the aforesaid two decisions of the Hon'ble Apex Court are attracted in the instant case. The object of granting injunction would be defeated by delay.

22. Prima facie, it appears that if the plaintiffs are subjected to the US proceedings, the plaintiffs will suffer loss as they will have to incur heavy expenditure. The US proceedings are ex-facie vexatious and oppressive. In case of any neglect by the plaintiffs, the defendant can establish his claim in Goa.

23. The plaintiffs have made out a case for the grant of *exparte* urgent interim relief in the form of anti-suit injunction.

Instead of attempting to appeal or otherwise permissibly oppose the South Goa Court's Order, Mr. Kholkar Vishveshwar Ganpat then for about a year violated the injunction, in contempt of the South Goa Court's orders. On March 13, 2021 the South Goa Court consequently held him in contempt and jailed him briefly. **Krishnamurthy Aff**., ¶20. Within 24 hours of Mr. Kholkar Vishveshwar Ganpat being sent to judicial custody the South Goa Court

displayed a lenient approach towards Mr. Kholkar Vishveshwar Ganpat and immediately released him from judicial custody. In fact, the South Goa judge during the hearing on 13th March 2021 made a statement in open court that she was extremely pleased that Mr. Kholkar Vishveshwar Ganpat would now be receiving erudite advice on his rights and obligations on Indian law by Mr. Harshad Arsekar, a senior lawyer in the South Goa bar. [3]

In these circumstances, Mr. Kholkar Vishveshwar Ganpat will not, being represented and now responding to the South Goa Court's orders (and no longer in contempt of them), be sent to jail again. *Id*. at ¶ 21.

Mr. Harshad Arsekar, a very senior lawyer in the South Goa Bar, became counsel to Mr. Kholkar Vishveshwar Ganpat and has continued to represent him over the last five or so months, most recently at an August 16, 2021 hearing before the South Goa Court. Mr. Harshad Arsekar requested, and the South Goa Court granted his request to submit an opposition to the South Goa Court to the preliminary injunction, and Eastern Pacific's and Eastern Pacific India's pending permanent injunction motion, with a further hearing before the South Goa Court set for tomorrow, October 8, 2021.[4] Mr. Arsekar, as an amply qualified and experienced Indian lawyer, having now appeared multiple times before the South Goa Court representing Mr. Kholkar

---

[3]     Mr. Harshad Arsekar, https://www.linkedin.com/in/harshad-arsekar-2b590a32/?originalSubdomain=in continues to represent Mr. Kholkar Vishveshwar Ganpat before the South Goa Courts. Mr. Arsekar's most recent (September 28th), extensive filings for Mr. Kholkar Vishveshwar Ganpat, including, an affidavit from Mr. Kholkar Vishveshwar Ganpat responding to the substantive allegations of Eastern Pacific's Goa complaint, are **Exhibits A** (Reply to Eastern' Pacific's complaint), **B** (Written Statement/Affidavit) and **C** (list of documents submitted to the Goa Court) to Eastern Pacific's Reply supporting its *forum non conveniens* motion to dismiss [ECF 216]

[4]     The next proceeding before the Goa Court is this Friday, October 8, 2021, where the Court is to hear further argument on the various filings, including by Mr. Arsekar. As Eastern Pacific has noted to this Court, free access to the current docket in the Goa Court is at https://services.ecourts.gov.in/ecourtindia_v6/main.php , entering CNR Number GASG020032692020 .

Vishveshwar Ganpat, has shown himself fully capable of presenting the claims that Mr. Kholkar Vishveshwar Ganpat has for injury in the South Goa Suit.  *Id*.

In fact, in his most recent September 28, 2021 filings with the South Goa Court, assisted by his counsel Mr. Arsekar, Mr. Kholkar Vishveshwar Ganpat has put central questions of his case at issue (Exhibit B to ECF 216, Mr. Kholkar Vishveshwar Ganpat's written statement under oath responding to the Eastern Pacific and EPA India South Goa complaint) – *see* in particular, paragraphs 16, 22, 23 and 24 of Exhibit B to ECF 216.  With his answer to the South Goa complaint, the case – and Mr. Kholkar Vishveshwar Ganpat's claims there - now is at issue in South Goa.

### B.  The Proceedings in this Court

Although plaintiff initially filed his Complaint [ECF 1] in this Court on December 12, 2018, it was not until August 10, 2021 [ECF 196] that this Court held that plaintiff by personal service on Eastern Pacific in Singapore, properly served Eastern Pacific with process.  *Id*. Plaintiff, in the first part of 2020 and, after this Court held that plaintiff's 2019 attempt to serve the captain of a separate vessel managed by Eastern Pacific was improper, then chose to serve process by Letter Rogatory.  Plaintiff apparently did not decide until mid-2021 to use personal service in Singapore, which this Court has held to be proper service.  Consequently, plaintiff's own decisions about how to serve process delayed the proceedings in this Court for over two years.

Mr. Kholkar Vishwshwar Ganpat's Complaints in this Court, presently subject to Eastern Pacific's motions to dismiss (and not at issue in this Court), allege facts and causes of action which have no connection with the United States, involve no witnesses who reside in the United States, and involve many, including plaintiff himself, who live in India.   His First Supplemental

Complaint attempts to collaterally attack the South Goa Court's orders,  contending that Eastern Pacific and Eastern Pacific India – citing no supporting India law - have "no standing" to bring their claims against Plaintiff in India in the Commercial Court Margoa, South Goa.  *See* Plaintiff's First Supplemental Complaint, [ECF 212] at ¶¶28, 29.  Standing, however, has never been raised by or to the South Goa Court; the Court's decision above makes clear that Eastern Pacific and Eastern Pacific India, as a matter of law recognized by the South Goa Court, have standing before the South Goa Court.

Mr. Kholkar Vishveshwar Ganpat then further tries to collaterally attack the South Goa Court's orders, that on May 14, 2020 Eastern Pacific and Eastern Pacific India engaged (still without supporting India law) in "willful, wanton and intentional misconduct" to the India Court in "a deliberate effort to intimidate Mr. Kholkar from seeking legal redress".  ECF 212, ¶¶ 37-38 (emphasis supplied).   The South Goa Court, however, on December 9, 2020 ordered (ECF 204-6) the plaintiff to immediately discontinue proceedings in this Court; Mr. Kholkar Vishveshwar Ganpat was in contempt of the South Goa Court's orders – the contempt cured, at least in part, when he appeared before the Court with Mr. Arsekar.

Consequently, in addition to the fact that the United States has nothing to do with his claims, Mr. Kholkar Vishveshwar Ganpat wrongly tries to add claims further and directly connected to India, having this Court (stating no authority) engage in a collateral attack on the South Goa Court's orders.   All of the witnesses involved related to the proposed First Supplemental Complaint, including the South Goa judges and lawyers, are located in South Goa, where plaintiff lives. **Krishnamurthy Aff**., ¶14.  The South Goa Court has made proper rulings, not appealed by Mr. Kholkar Vishveshwar Ganpat.  *Id*.

Unfortunately, despite being personally resident within the South Goa Courts'

jurisdiction and subject to the South Goa Courts' orders, Mr. Kholkar Vishveshwar Ganpat chose to be on contempt of those orders and the South Goa Court responded. It was always open for him to enter appearance in the proceedings before the South Goa Courts under protest and challenge the temporary anti-suit injunction order passed in the South Goa Suit. Should Mr. Kholkar Vishveshwar Ganpat wish to raise a claim that the South Goa Courts or any party or counsel before them have wrongly decided matters or otherwise proceeded inappropriately, he upon proper allegation and proof also has opportunity for redress under India law either before the South Goa Courts or on appeal. *Id*. at ¶14.

Despite these unsupported allegations to the contrary in his motion for a permanent injunction, Eastern Pacific India and Eastern Pacific at no point of time asked the Indian Court to send Mr. Kholkar Vishveshwar Ganpat to jail and "brazenly false statements have been made in the US Proceedings that the lawyers appearing on behalf of EPS India and Eastern Pacific at the hearing on 12[th] March 2021 purportedly made a statement in open court stating *"send him to jail right now.""  Id.* at ¶19.

As a matter of Indian law, the mere fact that a party appoints a lawyer in Indian proceedings does not automatically mean that the party has submitted to the jurisdiction of the Indian Court, and it is always open for a party to enter appearance in Indian proceedings under protest and file an application challenging the jurisdiction of the Indian Court. Mr. Kholkar Vishveshwar Ganpat – represented by Mr. Arsekar – nevertheless has not done that and has – as has Eastern Pacific and Eastern Pacific India – submitted without reservation to the South Goa Court's jurisdiction. Notably, he makes no claim to the South Goa Court, that the South Goa Court is an inconvenient forum for him.

Eastern Pacific further incorporates the **<u>Krishnamurthy Aff.</u>** in this Response. The fact

is that Mr. Kholkar Vishveshwar Ganpat, represented by Mr. Arsekar, is now proceeding on the merits before the South Goa Court.  He is not subject to imprisonment.  He has all rights under India law, including, of recovery as India law expressly permits him, on evidentiary proof (which again, he has put at issue in the South Goa Court), to have.

### This Court Should Deny the Motion

Mr. Kholkar Vishveshwar Ganpat cannot show and has not shown with his motion or otherwise – for this Court to grant a permanent injunction – proof that he will succeed on the merits, or proof of the three remaining factors that must be proved to obtain a preliminary injunction. *See  Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 546 n. 12 (1987), namely (1) a substantial threat of irreparable harm if the injunction is not granted; (2) that the threatened injury outweighs any potential harm to the non-movant; and (3) that the injunction will not undermine the public interest.  *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5ᵗʰ Cir. 2003).[5]

Injunctive relief is considered an extraordinary remedy, to be granted only when the movant has "clearly carried the burden of persuasion" on all four requirements.  *Karaha Bodas Co.*, 335 F.3d at 363; *Commercializadora Portimex, S.A. de CV v. Zen-Noh Grain Corp.*, 373 F. Supp. 2d 645, 648–49 (E.D. La. 2005).   When foreign court proceedings are involved, there is the further caution that Federal District Courts are to use the power to enjoin foreign court proceedings "sparingly." *Philp v. Macri*, 261 F.2d 945, 947 (9th Cir. 1958). "The issue is not one of jurisdiction, but one ... of comity." *Canadian Filters Ltd. v. Lear Siegler, Inc*., 412 F.2d

---

[5]       "We have cautioned, however, that a preliminary injunction is "an extraordinary remedy" which should only be granted if the party seeking the injunction has "clearly carried the burden of persuasion" on all four requirements." As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Karaha Bodas Co*, 335 F.3d 357, 363–64 (quoting *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir.1985)).

577, 578 (1st Cir. 1969). *see also Chase Manhattan Bank v. State of Iran*, 484 F. Supp. 832, 836 (S.D.N.Y. 1980).

The South Goa proceedings (1) do not frustrate any policy of this Court,  (2) are not vexatious or oppressive; (3) do not threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) and do not prejudice other equitable considerations. *In re Unterweser Reederei Gmbh*, 428 F.2d 888 (5th Cir. 1970), *aff'd on rehearing en banc*, 446 F.2d 907 (1971), *rev'd on other grounds sub nom. Bremen v. Zapata Off-Shore Co*., 407 U.S. 1 (1972).  They do not work any inequitable hardship on Mr. Kholkar Vishveshwar Ganpat.  They do not frustrate "the speedy and efficient determination of the cause.' " *Id*. at 896, quoting *In re Unterweser Reederei, Gmbh*, 296 F.Supp. 733, 735-36 (M.D.Fla.1969); in fact, again, Mr. Kholkar Vishveshwar Ganpat's claims are at issue in the South Goa Court.

Mr. Kholkar Vishveshwar Ganpat presents no evidence supporting his motion for permanent injunction. Fed. R. Civ. P. 65(a)(2) (requiring evidence to be presented to support issue of an injunction.); *see also Mungia v. Judson Indep. Sch. Dist.*, No. CIV.A SA-09-CV-395-X, 2009 WL 3431397, at *2 (W.D. Tex. October 19, 2009) (allegations of injuries not supported by evidence fail to clearly establish irreparable harm).  Plaintiff has submitted no documents or testimony supporting its contention that there were no anti-malarials aboard the M/V STARGATE or that the anti-malarials aboard were inadequate.  He attaches no documents or testimony to support his contention.

Indeed, the evidence in the record in this case is to the contrary.  Namely, that there were adequate anti-malarials aboard and that Mr. Kholkar Vishveshwar Ganpat was given anti-malarials, as evidenced by his own signature on the log.  ECF 213-4 at pp. 63, 67, 76-77, 213-5 at p. 1-2 , ECF 213-4, p. 76-77.  Specifically the Stargate Medical Report, dated 8/1/2019,

prepared by Dr. Charlie Easmon opines that the M/V STARGATE "had adequate malaria prevention medication" and that "in terms of treatment for malaria the ship had the appropriate amounts as advised by the quoted international guidelines for a crew of 22 as the next increased recommendation is for a crew of 30."  ECF 213-4, pg. 63; *see also* Medication List, ECF 213-4, 67-77, and medication administration log, ECF 213-5, pg. 1-4.

Mr. Kholkar Vishveshwar Ganpat provides evidentiary support for the allegations contained in his motion, which Eastern Pacific disputes.  **Krishnamurthy Aff**.    He presents no evidence showing that the South Goa litigation is "vexatious or oppressive" or will "cause prejudice or offend other equitable principles."  *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 627, n. 9 (5th Cir. 1996), citing *In re Unterweser Reederei, Gmbh*, 428 F.2d 888, 890 (5th Cir. 1970), *on reh'g en banc sub nom. In the Matter of the Complaint of Unterweser Reederei, GmbH*, 446 F.2d 907 (5th Cir. 1971), *vacated sub nom. M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1 (1972).[6]

Mr. Kholkar Vishveshwar Ganpat has failed to "clearly carry" his burden of persuasion, which Fed. R. Civ. P. 65 unequivocally requires him to do, with evidence.  This Court now should deny his motion.

Dated: October 7, 2021.

Respectfully Submitted,

/s/ J. Stephen Simms                          MICHAEL H. BAGOT, JR., T.A. (#2665)
J. Stephen Simms                               WAGNER, BAGOT & RAYER, LLP
Simms Showers LLP                            Pan American Life Center – Suite 1660
201 International Circle, Suite 230        601 Poydras Street

---

[6]      In a telephone conference between counsel for Mr. Kholkar Visheveshwar Ganpat, Mr. Arsekar, and counsel for Eastern Pacific and Eastern Pacific India, on or about September 20, 2021, Mr. Arsekar advised Eastern Pacific's counsel that despite Judge Sarika Fal Dessai informing the parties that she is happy to recuse herself so that the case would be heard by an alternative judge, Mr. Kholkar Vishveshwar Ganpat has no objection to Judge Sarika Fal Dessai adjudicating the Indian lawsuit.

Baltimore, Maryland 21030                New Orleans, Louisiana 70130
Tel:  410-783-5795                       Telephone: 504-525-2141
Fax: 410-510-1789                        Facsimile: 504-523-1587
Email: jssimms@simmsshowers.com          E-mail: mbagot@wb-lalaw.com

Eastern Pacific Shipping Pte. Ltd. Counsel