UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 18-13556 |
| EASTERN PACIFIC SHIPPING PTE, LTD.,<br>    Defendant | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is a "Motion to Dismiss – India Law Choice" filed by Eastern Pacific Shipping, PTE., LTD., ("Eastern Pacific Singapore").[1] Plaintiff filed an opposition.[2] Eastern Pacific Singapore filed a reply.[3]

Eastern Pacific Singapore asks the Court to dismiss this action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted under the law of India.[4] Plaintiff argues Eastern Pacific Singapore's motion to dismiss should be denied because the law of India does not apply.[5]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1] R. Doc. 203.
[2] R. Doc. 215.
[3] R. Doc. 217.
[4] *See* R. Doc. 203.
[5] *See* R. Doc. 215. Plaintiff argues the law of the United States should apply.
[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

1

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[10]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[11] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[12] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[13]

## LAW AND ANALYSIS

Eastern Pacific Singapore's argument that the Plaintiff has failed to state a claim upon which relief may be granted presupposes that the substantive law of India applies in this case. Instead, the Court must first determine whether the choice of law in this case may be decided on a motion to dismiss. If so, and if the law of India does apply, the Court must determine whether the Plaintiff has stated a cause of action based on that law.

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[8] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556.=).
[9] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[10] *Iqbal*, 556 U.S. at 663, 678 (internal quotations omitted).
[11] *Twombly*, 550 U.S. at 555.
[12] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).
[13] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam).

Various district courts around the country have considered whether choice of law may be decided on a motion to dismiss. For example, in *Hamby v. Ohio National Life Assurance Corporation*, the defendant filed a motion to dismiss that depended on the choice of law.[14] The plaintiff opposed the motion, arguing the motion was premature and that the choice of law question could not be decided on a motion to dismiss because the court lacked a sufficient factual basis to determine which state's law applied.[15] The court explained that "courts need not wait for discovery before conducting choice of law analyses where the pleadings, construed in the plaintiff's favor, contain all necessary facts."[16] The court in the *Hamby* case ultimately reached a choice of law determination and ruled on the motion to dismiss because the plaintiff's complaint alleged "all relevant facts necessary to determine which state has the strongest interest in having its laws applied."[17] On the other hand, in *D'Agostino v. Johnson & Johnson, Inc.,* the Supreme Court of New Jersey recognized that the courts below could not have conducted a significant choice of law analysis because "[i]n the absence of any discovery, there were insufficient facts available for any court to determine the extent to which Swiss law or New Jersey law would apply to aspects of this case."[18] It is clear that "the decision about whether a choice-of-law issue is ripe or premature should be made on a case-by-case basis depending on the facts presented."[19] In some cases, "choice of law issues may not

---

[14] No. CIV. 12-00122 JMS, 2012 WL 2568149, at (D. Haw. June 29, 2012).
[15] *Id.* at *2.
[16] *Id*
[17] *Id.*
[18] 115 N.J. 491, 497 (N.J. 1989).
[19] *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 445 (D.N.J. 2012).

3

require a full factual record and may be amenable to resolution on a motion to dismiss,"[20] but other cases will require more development of the facts.

"Whether federal maritime law or foreign law should govern a maritime tort depends on an assessment of eight factors articulated by the Supreme Court in *Lauritzen v. Larsen* and *Hellenic Lines, Ltd. v. Rhoditis.*"[21] These factors are: 1) the place of the wrongful act; 2) the law of the flag; 3) the allegiance or domicile of the injured worker; 4) the allegiance of the defendant shipowner; 5) the place of the contract; 6) the inaccessibility of the foreign forum; 7) the law of the forum; and 8) the shipowner's base of operations.[22] The Fifth Circuit has noted that "[o]nce adequate discovery is completed . . . [the] *Lauritzen* criteria can properly be applied on summary judgment."[23]

The choice-of-law decision the Court must make in this case is fact-intensive. The Court must examine the pleadings, construed in the Plaintiff's favor, to determine whether the Court has sufficient information to apply the *Lauritzen-Rhoditis* factors and conclude that the law of India applies. Plaintiff alleges he is a resident and citizen of the Republic of India.[24] Plaintiff brings causes of action for injuries he sustained arising out of tortious conduct he alleges occurred in Savannah, Georgia.[25] Plaintiff alleges he

---

[20] *Harper v. LG Elecs. USA, Inc.*, 595 F. Supp. 2d 486, 491 (D.N.J. 2009) (deferring choice-of-law decision until factual record more fully developed).
[21] *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 282 (5th Cir. 1991).
[22] *Id.* (citing *Lauritzen v. Larsen*, 345 U.S. 571, 582–593 (1953), and *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 309 (1970)).
[23] *Nunez-Lozano v. Rederi*, 634 F.2d 135, 137 (5th Cir. 1980) (emphasis added) (citing *Yohanes v. Ayers Steamship Co., Inc.*, 451 F.2d 349 (5th Cir. 1971), *cert. denied*, 406 U.S. 919 (1971)). *Merren v. A/S Borgestad,* 519 F.2d 82, 83 (5th Cir. 1975) (dismissing the plaintiff's contention that the district court should have allowed the plaintiff an opportunity to obtain complete discovery and should not have granted summary judgment to defendant on the *Lauritzen-Rhoditis* choice of law issue because "all the facts necessary for the district court to come to the conclusion that the plaintiffs could not make out a Jones Act case were before the court. Any additional discovery would have no relevance to the decision and would thus be mere superfluity.").
[24] R. Doc. 1 at ¶ 1.
[25] *See id.* at ¶¶ 14–24.

4

contracted malaria in Gabon while working as a crew member aboard the M/V STARGATE.[26] Specifically, Plaintiff alleges he began to suffer malaria symptoms on the high seas as the M/V STARGATE sailed from Gabon to Brazil,[27] was hospitalized and treated for Malaria in Rio de Janeiro, Brazil,[28] and was subsequently repatriated to India where he received further medical treatment for malaria and complications arising therefrom.[29] Plaintiff alleges the M/V STARGATE was owned and operated by Eastern Pacific Singapore,[30] and that the M/V STARGATE flew a Liberian flag.[31] Plaintiff alleges Eastern Pacific Singapore is an international ship management company incorporated under the laws of the Republic of Singapore with its principal place of business in the Republic of Singapore.[32] Plaintiff alleges he signed his Seafarer Employment Agreement in Mumbai, India, with Ventnor Navigation, a Liberian company.[33]

The Court finds the pleadings, construed in the Plaintiff's favor, do not contain all the necessary facts to allow the Court to determine that the law of India applies. Instead, based on the allegations of the complaint, it appears likely that the law of India does not apply. As a result, the Court is unable to determine that the law of India applies and that Plaintiff's complaint fails to state a claim for relief under that law.

---

[26] *Id.* at ¶¶ 8, 32.
[27] *Id.* at ¶ 30.
[28] *Id.* at ¶ 39.
[29] *Id.* at ¶ 45.
[30] *Id.* at ¶¶ 6, 32. Eastern Pacific Singapore disputes that it has ever owned the M/V STARGATE. R. Doc. 204-2 at ¶ 8. Through the affidavit of Anil Arjun Singh, director of Eastern Pacific Singapore, Eastern Pacific Singapore attests it "manages but does not own the M/V STARGATE." R. Doc. 204-2 at ¶ 8. Eastern Pacific Singapore attests Larchep Shipping Inc., a Liberian corporation, was the owner of the M/V STARGATE at the time Plaintiff worked aboard the vessel. *Id.*
[31] R. Doc. 1 at ¶ 6.
[32] R. Doc. 1 at ¶ 2. *See also* R. Doc. 204-1 at p. 1, 18; R. Doc. 204-2 at ¶¶ 2, 4.
[33] R. Doc. 212 at ¶ 7. R. Doc. 215 at p. 5. The agreement calls for the application of Liberian law.

Determination of the choice of law in this case is premature and more development of the facts is necessary. Eastern Pacific Singapore has failed to establish the law of India applies in this case and that it is entitled to dismissal of this action under that law.

**IT IS ORDERED** that the "Motion to Dismiss – India Law Choice"[34] filed by Eastern Pacific Singapore is **DENIED.**

**New Orleans, Louisiana, this 25th day of January, 2022.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. 203.