UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KHOLKAR VISHVESHWAR GANPAT,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-13556** |
| **EASTERN PACIFIC SHIPPING PTE, LTD.,**  Defendant | **SECTION: "E" (4)** |

### SCHEDULING ORDER FOR PRELIMINARY AND PERMANENT INJUNCTION HEARING

On August 18, 2021, Plaintiff filed a motion for a preliminary and permanent injunction.[1] On January 27, 2022, Plaintiff filed a motion[2] to reset the submission date of his motion for preliminary and permanent injunction.

**IT IS ORDERED** that Plaintiff's motion[3] to reset the submission date on his motion for preliminary and permanent injunction is **GRANTED**.[4]

**IT IS FURTHER ORDERED** that a hearing on Plaintiffs' request for a preliminary and permanent injunction is hereby set for **Monday, March 28 and Tuesday March 29, 2022, beginning at 9:00 a.m. on both days.**

**IT IS FURTHER ORDERED** that Defendant will be allowed to depose Plaintiff prior to the hearing on Plaintiff's request for a preliminary and permanent injunction. Plaintiff shall be made available for a deposition by videoconference **on or before February 28, 2022**. The deposition will be limited in time to no more than three hours and will be limited in scope to matters pertaining to the request for injunction.

---

[1] R. Doc. 199.
[2] R. Doc. 224.
[3] *Id.*
[4] Plaintiff's motion (R. Doc. 200) seeking to expedite consideration of the motion for preliminary and permanent injunction is **HEREBY DENIED**.

1

**IT IS FURTHER ORDERED** that Plaintiff shall file a pre-hearing memorandum on or before **March 14, 2022**. Defendant shall file an opposition on before **March 21, 2022.** Plaintiff may file a reply memorandum on or before **March 24, 2022.**

**IT IS FURTHER ORDERED** that a pre-hearing status conference will be held by telephone on **Friday, March 18, 2022 at 2:00 p.m.**

**IT IS FURTHER ORDERED** that the parties shall exchange and file on the record witness and exhibit lists by **Wednesday, March 23, 2022, at 5:00 p.m.** Each witness must be identified by name, address, and a brief statement of his or her anticipated testimony. The listing of a witness as a representative of an entity is not sufficient. Each exhibit must be listed with specificity and be Bates numbered. Broad, general categories of exhibits are not sufficient.

**IT IS FURTHER ORDERED** that a copy of all exhibits proposed to be used must be delivered to opposing counsel and to the Court by **Wednesday, March 23, 2022, at 5:00 p.m.**

**IT IS FURTHER ORDERED** that all briefs and memoranda shall conform to the following requirements in addition to those found in the Local Rules. Any brief or memorandum that has more than 10 pages must contain all items listed below. Briefs and memoranda that are 10 pages or less must contain items (3), (4), (6), and (7) listed below:

1. A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.
2. A table of citations of cases, statutes, rules, textbooks, and other authorities, alphabetically arranged.
3. A short statement of the nature and stage of the proceeding.
4. A statement of the issues to be ruled on by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.
5. A short summary of argument.
6. The argument shall be divided under appropriate headings succinctly setting forth separate points.

7. A short conclusion stating the precise relief sought.

**IT IS FURTHER ORDERED** that any document containing more than 50 pages (including all exhibits and attachments) shall be submitted to the Court in hard copy form, with tabs for exhibits, within 24 hours of filing on CM/ECF. Any party who submits more than five exhibits with a document shall include a table of contents describing each exhibit and which tab corresponds to each exhibit.

**IT IS FURTHER ORDERED** that deadlines, cut-off dates, or other limits fixed herein may be extended only by the Court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. The hearing will not be continued, even on joint motion, absent good cause or compelling reason. Likewise, the hearing will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If, however, a continuance of the hearing is granted, deadlines and cut off dates will be re-set by the Court.

The pre-hearing deadlines in this case, as set forth herein, include the following:

| | |
|---|---|
| Plaintiff's deposition on topics relating to the injunction | On or before **Monday, February 28, 2022** |
| Plaintiff's pre-hearing memorandum must be filed on the record | **Monday, March 14, 2022, at 5:00 p.m.** |
| Pre-hearing conference by telephone | **Friday, March 18, 2022 at 2:00 p.m.** |
| Defendant's response to Plaintiff's pre-hearing memorandum must be filed on the record | **Monday, March 21, 2022, at 5:00 p.m.** |

| | |
|---|---|
| Parties must exchange and file on the record witness and exhibit lists<br><br>• Each witness must be identified by name and address, and must include a short statement of the witness's anticipated testimony. The listing of a witness as a representative of an entity is not sufficient.<br><br>Exhibits must be Bates numbered. | **Wednesday, March 23, 2022, at 5:00 p.m.** |
| Copies of all exhibits proposed to be used must be delivered to opposing counsel and to the Court | **Wednesday, March 23, 2022, at 5:00 p.m.** |
| Plaintiff's reply memorandum may be filed on the record | **Thursday, March 24, 2022, at 5:00 p.m.** |
| Preliminary and Permanent Injunction Hearing | **Monday March 28, 2022, at 9:00 a.m. and Tuesday, March 29, 2022 at 9:00 a.m.** |

**New Orleans, Louisiana, on this 31st day of January, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**