UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KHOLKAR VISHVESHWAR GANPAT,** | * | CIVIL ACTION |
| *Plaintiff,* | * | |
| | * | NO.  18-13556 "E" (4) |
| **VERSUS** | * | |
| | * | JUDGE SUSIE MORGAN |
| **EASTERN PACIFIC SHIPPING PTE. LTD.,** | * | |
| **d/b/a "EPS",** | * | CHIEF MAGISTRATE JUDGE |
| *Defendant.* | * | KAREN WELLS ROBY |

*********************************************

**MAY IT PLEASE THE COURT:**

## I.  INTRODUCTION

Kholkar Vishveshwar Ganpat ("Plaintiff") respectfully responds to Eastern Pacific Shipping Pte Ltd's ("EPS") July 28, 2022 "Motion for Leave to Amend and Supplement its Answer."[1]  The answer which ECF proposes to amend and supplement was filed on February 17, 2022.[2]  For the reasons set forth below, Plaintiff suggests EPS' motion should be denied.

EPS has again filed a belated motion[3] and now wants to amend its answer eleven months after Plaintiff filed his September 14, 2021 "First Supplemental Complaint for Damages."[4]  The

---

[1] Rec. Doc. 319.

[2] Rec. Doc. 230.

[3] For example, EPS waited *thirty-two months* before filing its August 25, 2021 "Motion to Dismiss on Grounds of *Forum Non Conveniens*" (Rec. Doc. 204) despite recognizing this issue in its January 5, 2019 "Fed. R. Civ. P. 12(b)(5) Motion to Dismiss for Insufficient Service of Process" (Rec. Doc. 16-1 at n.3) ("Even if there was personal jurisdiction over Eastern Pacific, this forum is not a proper or convenient forum for this dispute, which is entirely unrelated to this District ...").

[4] Rec. Doc. 212

answer which ECF proposes to amend and supplement was filed almost six months ago, on February 17, 2022.[5] This request should be denied.

A perfect example of "undue delay" and "dilatory motive" was EPS waiting *thirty-two months* before filing its *forum non conveniens* motion despite identifying the issue *on page one* of its January 5, 2019 motion to dismiss.[6] This Court characterized that delay as "a classic example of untimeliness 'weighing heavily against the granting of the motion because a defendant's dilatoriness promote[d] and allow[ed] the very incurrence of costs and inconvenience the doctrine is meant to relieve.'"[7] Plaintiff suggests that EPS has unduly delayed answering for eleven months and the proposed new affirmative defenses raise new factual issues with no reasonable time left for discovery.[8]

EPS relies upon *Blouin*[9] for the proposition that a plaintiff must demonstrate to the Court that a "substantial reason" to deny a defendant motion to amend its answer exists. Here, unlike in *Blouin* where enough time remained before trial for the plaintiff to conduct discovery on those new factual

---

[5] Rec. Doc. 230.

[6] Rec. Doc. 16-1 at p. 1.

[7] Rec. Doc. 221 at p. 28.

[8] Perhaps this is more gamesmanship, perhaps not, but the instant motion is set for submission on August 17, 2022 which is only three work days before the August 23, 2022 discovery deadline. Assuming the Court instantly rules on this motion, how is Mr. Kholkar supposed to obtain discovery in three days?

[9] *Blouin v. Kaiser Aluminum & Chem. Corp.*, No. 95-0503, 1995 WL 731689, at *1 (E.D. La. Dec. 8, 1995)

issues, no such luxury of time exists here. EPS also relies on *Boice-Durant,*[10] where Your Honor allowed a plaintiff to amend when there was no evidence of undue delay, no bad faith or dilatory motive, it was a first request to amend complaint, there was a finding of no prejudice to defendant, and there was no indication the amendment was futile.

EPS could have (and should have) asserted these three new fact-based defenses within the 14-day time period provided in Rule 15(a)(3) after Plaintiff filed his September 14, 2022 First Supplemental Complaint. This would not have interfered with EPS' choice of law and *forum non conveniens* motions which had been filed on August 25, 2022. Nor would it have affected the subsequent injunction proceeding, the interlocutory appeal, or the mandamus proceeding.

EPS made a strategic decision to delay filing its answer during the pendency of the two August 25, 2021 motions to dismiss and this action discloses a dilatory motive. EPS obviously hoped to prevail on one or both motions and thereby avoid answering. As such, EPS dug itself into a hole, rolled the dice, and lost. This delay including waiting until after the Fifth Circuit mandamus proceeding on the *forum non conveniens* issue ended on July 11, 2022. Had EPS simply answered on or before September 29, 2021, this motion would not be before the Court.

Only three working days will remain between this motion's August 17, 2022 submission date and the September 23, 2022 discovery deadline.[11] This problem was caused entirely by EPS, and

---

[10] *Boice-Durant v. Kenner Police Dep't*, No. CIV.A. 12-603, 2013 WL 1335643, at *5 (E.D. La. Mar. 29, 2013).

[11] At page four of its supporting memorandum, EPS writes that "Trial is still nearly four months away." No, it's really just over three months away, and the reason there is a discovery deadline is to allow time for dispositive motions, *Daubert* motions, Pre-Trial Order preparation, jury charges and interrogatories, and final trial preparation.

certainly qualifies *per se* as "undue delay" or perhaps more gamesmanship. Given the international aspects of this case, how can it be expected that Plaintiff can obtain any meaningful discovery on the three proposed affirmative defenses[12] before the imminent September 23, 2022 deadline?[13]

EPS writes:

"There is no surprise or prejudice to the Plaintiff. Indeed, the issue of Plaintiff's comparative negligence was raised in Eastern Pacific's answers to Plaintiff's interrogatories in response to Interrogatory No. 5 (attached as Exhibit B) and has become apparent as factual discovery has progressed in this case.

EPS' answer to Interrogatory No. 5 is a testament to ambiguity and the *ipse dixit* of defense counsel. It does not present any facts from which show the existence of a legitimate comparative fault issue. For example, this answer states:

\* **"Plaintiff *may have been* comparatively negligent by not taking or asking for anti-malarials that were available to him aboard M/V STARGATE."**

This is rank speculation and not evidence of any misconduct or actions by Mr. Kholkar.

\* **"Plaintiff was comparatively negligent in going ashore in Gabon wearing short sleeves and shorts in an area he knew to have a high incidence of malaria during certain seasons..."**

This is rank speculation too because EPS has not produced any evidence which supports this claim about Mr. Kholkar's garb in Gabon, nor can it know what Mr. Kholkar knew about the malaria incidence rate in April 2017.[14]

---

[12]These are: (1) comparative or third-party fault, (2) failure to mitigate, and (3) accord and satisfaction or set-off.

[13]What third-party fault? EPS was the sole manager of M/V STARGATE. It alone was responsible for providing appropriate anti-malaria medicine to the crew.

[14]In its answer to Interrogatory No. 4, EPS wrote that "Due to the unseasonably dry and cool weather in Gabon at the time, local agents advised that the risk of malaria was low."

* **Plaintiff "failed to take bit avoidance measures."**

More speculation. EPS does not know what type of clothing Mr. Kholkar wore, or whether he had access to mosquito spray. And what would someone do to completely avoid mosquito bites, wear a Tyvek suit, face mask, and bottled oxygen?

* **"Crew members had the opportunity to purchase medical supplies at a pharmacy in Gabon, or on the street, *if they were concerned about their health.*"**

This is another unsupported statement of defense counsel. No one knows what "opportunities" Mr. Khokar had to purchase medical supplies. Why would he have that need unless EPS failed to provide appropriate prophylactic medication before M/V STARGATE arrived in Gabon? This is not comparative fault.

EPS presents no evidence of a failure to mitigate issue, an accord and satisfaction issue, or a set-off issue and, even if it had, three days is jot enough to undertake any meaningful discovery.

### IV. THE STATUTE OF LIMITATIONS ISSUE

This issue was not featured in EPS' motion, but it has recently been raised in the Fifth Circuit and it bears on Your Honor's April 5, 2022 permanent injunction. In that Order, Your Honor ordered EPS and EPS India to dismiss their Indian lawsuit.[15] On April 12, they filed an "*Application seeking conditional withdrawal the present Special Civil Suit No. 64/2020/III.*"[16]

Rather than promptly have the motion heard and obtain a dismissal order, EPS and EPS India hoped to delay the hearing until October 3, 2022.[17] Back here in Louisiana, on June 22, 2022, EPS

---

[15] See Rec. Doc. 265 at p. 29.

[16] See Rec. Doc. 273-3.

[17] See Rec. Doc. 316 at pp. 2-3 where EPS wrote: "Eastern Pacific had counsel present at the Goa Court June 22, 2022, when the proper judge called the case and that judge rescheduled

requested an expedited consideration by the Fifth Circuit of its interlocutory appeal of the permanent injunction.[18]  As EPS explained to the Indian Court, but not to either Court in New Orleans, it was its hope to obtain a favorable Fifth Circuit ruling on the injunction appeal *before* the Indian Court dismissed the Indian lawsuit.[19]  This tactic would theoretically preserve the life of the "vexatious and oppressive" Indian lawsuit.

Of course, things went off the rails and the Indian Court dismissed the lawsuit on June 22, 2022.  It is unknown if that dismissal was *with* or *without* prejudice.  Mr. Kholkar suggests that this is a distinction with no difference.  Why?  Because a dismissal with prejudice is *res judicata* and dismissal without prejudice (i.e., an abandonment of suit) after the statute of limitations has run deprives these litigants of their right of action.  They are different theories but both result in the end of the lawsuit.

Here, Captain Owen Bona was served with copies of the summons and complaint on December 15, 2018 while his EPS-managed vessel, the M/V BANDA SEA, was at anchor in the Port of New Orleans.  Regardless of this Court ultimately finding him an inappropriate target of service,[20] Captain Bona immediately e-mailed a scanned copy of the process to EPS' Fleet Captain and Director, Anil Singh.  Captain Singh gave it to EPS' legal department.  EPS also claims that it had independent knowledge of the suit through "docket monitoring."  EPS' actual knowledge of the lawsuit arrived in Singapore (across the international date line) on December 16, 2018.

---

the Eastern Pacific motion to dismiss – without prejudice – for hearing October 3, 2022."

[18]See Rec. Doc. 00516366275 in U.S. Fifth Circuit No. 22-30362.

[19]See Rec. Doc. 273-3 at pp. 8-9.

[20]Rec. Doc. 122.

All of the foregoing is important because India's Limitation Act of 1963 provides a schedule of the periods of limitation[21] for suits relating to accounts, for suits relating to contracts, for suits relating to declarations, for suits relating to decrees and instruments, for suits relating to immovable property, for suits relating to movable property, for suits relating to tort, for suits relating to trusts an trust property, and for suits for which there is no prescribed period.[22] Mr. Kholkar respectfully requests that this Court take judicial notice[23] of India's Limitation Act, 1963.[24]

Where India's Limitation Act of 1963 has not provided a specific limitations period, its Schedule at Article 113 provides a three-year period for "Any suit for which no period of limitation is provided elsewhere in this Schedule."[25] This three-year period begins to run "When the right to sue accrues."[26] Mr. Kholkar suggests that the prescriptive period began to run on December 16, 2018 when Fleet Captain and EPS Director Anil Singh received copies of the Summons and Complaint by e-mail from Captain Owen Bona. This three-year period ended on December 17, 2021.

Ordinarily, the filing of suit in a court of competent jurisdiction and venue only interrupts prescription as to the cause sued upon, *provided the plaintiff is a proper party plaintiff*. Thus, if

---

[21] See https://legislative.gov.in/sites/default/files/a1963-36.pdf.

[22] *Id.*

[23] See Fed. R. Civ. Evid. 201(c)(2). "The court must take judicial notice if a party requests it and the court is supplied with the necessary information."

[24] See https://legislative.gov.in/sites/default/files/a1963-36.pdf.

[25] *Id.*

[26] *Id.*

EPS and EPS India were *not* proper plaintiffs, interruption never occurred and prescription has run. Interruption also does not occur if a plaintiff voluntarily dismisses the action. Here, regardless of whether EPS and EPS India were proper party plaintiffs, the Indian Court dismissed their lawsuit and that retroactively means interruption did not occur and prescription has run. In turn, this means the present interlocutory appeal is moot because:

(a) A dismissal with prejudice results in *res judicata;* or

(b) A dismissal without prejudice after the statute of limitations has run deprives EPS of its right of action.

## CONCLUSION

For the reasons set forth in this Memorandum, EPS' motion should be denied.

Respectfully submitted,

 */s/ Richard M. Martin, Jr.*
Richard M. Martin, Jr., LA Bar #08998
Lamothe Law Firm, LLC
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
E-Mail: rmartin@lamothefirm.com
*Local Counsel for Plaintiff*

And:  Alejandro J. Gonzalez, TA, FL Bar # 015293
Law Office of Alejandro J. Gonzalez
15715 South Dixie Highway, Suite 302
Palmetto Bay, FL 33157
Telephone: (877) 413-4448
E-Mail: alex@agonzalezlaw.com
*Counsel for Plaintiff pro hac vice*

/s/ Pedro P. Sotolongo
Pedro P. Sotolongo, FL Bar #0584101
SOTOLONGO, P.A.
1000 5th Street, Suite 402
Miami Beach, FL 33139
Telephone: (305) 415-0073
E-Mail: psotolongo@sotolongolaw.com
*Co-counsel for Plaintiff, pro hac vice*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has this day been forwarded to the following counsel of record to this proceeding by electronic transmission, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 9th day of August, 2022.

/s/ Richard M. Martin, Jr.
Richard M. Martin, Jr.