UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KHOLKAR VISHVESHWAR GANPAT,**  Plaintiff | **CIVIL DOCKET** |
| **VERSUS** | **NO. 18-13556** |
| **EASTERN PACIFIC SHIPPING, PTE. LTD,**  Defendant | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion for Contempt and request for attorneys' fees filed by Plaintiff Kholkar Vishveshwar Ganpat ("Plaintiff").[1] Defendant Eastern Pacific Shipping, PTE. LTD ("Eastern Pacific Singapore") filed an opposition.[2]

On December 12, 2018, Plaintiff filed suit in this Court, bringing claims against Eastern Pacific Singapore under the Jones Act, general maritime law, and for breach of the contractual duty to provide disability benefits in accordance with the "TCC" Collective Agreement.[3] On August 12, 2021, Plaintiff filed a motion for leave to file his first supplemental and amended complaint for damages ("amended complaint") against Eastern Pacific Singapore.[4] Plaintiff's amended complaint retains his Jones Act, general maritime law, and contractual disability benefits claims set forth in the original complaint, and adds an additional claim against Eastern Pacific Singapore for "an intentional general maritime law tort."[5] Plaintiff's new claim arises out of a lawsuit filed in India against Plaintiff by Eastern Pacific Singapore and Eastern Pacific

---

[1] R. Doc. 397.
[2] R. Doc. 399, 400.
[3] R. Doc. 1.
[4] R. Doc. 198.
[5] R. Doc. 212 at ¶¶ 101–102.

1

Shipping (India) Private Limited ("EPS India"), a subsidiary 99.99% owned by Eastern Pacific Singapore.[6] Specifically, Eastern Pacific Singapore and EPS India applied for a temporary injunction seeking ex parte relief in the form of a temporary antisuit injunction to restrain Plaintiff from prosecuting this lawsuit in the United States.[7] Plaintiff alleges in his amended complaint that the actions of Eastern Pacific Singapore in the Indian court amount to "deliberate and malicious efforts to intimidate [Plaintiff] from seeking legal redress in this Court," and that these actions constitute an intentional general maritime law tort.[8]

On August 18, 2021 Plaintiff filed a Motion for Preliminary and Permanent Injunction.[9] On April 5, 2022, this Court granted the Plaintiff's motion and ordered Eastern Pacific Shipping, PTE. LTD, and its affiliates, subsidiaries, and all persons in privity or active concert or participation with Eastern Pacific Shipping, PTE. LTD, who had actual notice of the injunction, specifically Eastern Pacific Shipping (India) Private Limited, to dismiss their claims in the litigation pending in the District Court of South Goa, Margao, Republic of India, styled and numbered as *Eastern PacificShipping (India) Pte. Ltd. and Eastern Pacific Shipping Pte. Ltd. versus Vishveshwar Ganpat Kholkar*, Special Civil Suit No. 64/2020/III, CNR No. GASG02-003269-2020 (the "Indian Action").[10]

---

[6] R. Doc. 142-2 at pp. p. 5–6, ¶¶ 1–2.
[7] *See generally id.*
[8] R. Doc. 212.
[9] R. Doc. 199.
[10] R. Doc. 265.

The Court further ordered that Eastern Pacific Shipping, PTE. LTD, and Eastern Pacific Shipping (India) Private Limited were enjoined from further prosecuting the Indian Action.[11]

The Defendant has represented that Eastern Pacific Shipping, PTE. LTD immediately upon receipt of the Court's Order provided a copy of the Order to Eastern Pacific Shipping (India) Private Limited and that Eastern Pacific Shipping, PTE. LTD filed a Notice of the Order, attaching a copy of the Order, into the record of the Indian Action.

Nevertheless, Plaintiff has represented to the Court, and the Defendant has not disputed, that "numerous hearings" have been set in the Indian Action.[12] The attachments to the parties' recent filings confirm that this is the case.[13] The Defendant apparently believes the Court's Order does not apply to its attempts to have the Indian court rule that the dismissal of the Indian Action was without prejudice.

At a status conference on May 3, 2022, the Court discussed with the parties the fact that they disagreed as to whether the dismissal of the Indian Action was with or without prejudice. With knowledge of this dispute, the Court's Minute Entry included the following:

> Counsel for Eastern Pacific Shipping represented that Eastern Pacific Shipping and its affiliates will not proceed with any lawsuit against Plaintiff in India unless the Injunction Order is lifted. Counsel for Eastern Pacific Shipping further represented that, if the Injunction Order is not lifted, Eastern Pacific Shipping and its affiliates will not proceed with any lawsuit against Plaintiff in India.[14]

---

[11] *Id.*
[12] R. Doc. 397-1 at p. 2.
[13] R. Docs. 397-2, 397-3, 399-1, 399-2, 399-3, and 399-4.
[14] R. Doc. 278.

On June 5, 2023, the Fifth Circuit Court of Appeals affirmed this Court's April 5, 2022 Order and Reasons.[15] On December 14, 2023, Defendant was notified that the United States Supreme Court had denied its petition for writ of certiorari.[16] The injunction issued by the Court in its April 5, 2022 Order has not been and will not be lifted. Eastern Pacific Shipping is enjoined from proceeding in the Indian Action.

Any proceedings in the Indian Action are in contempt of the Court's Order of April 5, 2022.[17]

Any further violation by the Defendant of the Court's April 5, 2022 Order will result in the Defendant being ruled into this Court to show why it should not be held in contempt and subjected to sanctions, including attorneys' fees.[18] Accordingly;

**IT IS ORDERED** that Plaintiff's Motion for Contempt and request for attorneys' fees are **DENIED.**

**New Orleans, Louisiana, this 15th day of February, 2024.**

                                        **SUSIE MORGAN**
                          **UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 393.
[16] R. Doc. 394.
[17] This includes any efforts by the Defendant to have the Indian court determine whether the dismissal of the Indian Action was with or without prejudice. If the Defendant does so in violation of this Court's Order, counsel for Plaintiff should not make filings in the Indian Action but instead should inform this Court immediately. Plaintiff's claim for malicious prosecution will be decided in all respects in this Court. Rulings by the Indian court that the dismissal of the Indian Action was with or without prejudice will not be admissible. As a result, any further proceedings in the Indian Action can have no purpose except to harass the Plaintiff.
[18] To be clear, Eastern Pacific Singapore and EPS India may not now or in the future seek a temporary or permanent antisuit injunction against Plaintiff in India to restrain Plaintiff from prosecuting this lawsuit in the United States.