UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT, <br><br> Plaintiff, <br><br> v. <br><br> EASTERN PACIFIC SHIPPING PTE, LTD., d/b/a "EPS" <br><br> Defendant. | Civil Action No. 18-13556 "E" (4) <br><br> IN ADMIRALTY <br><br> JUDGE SUSIE MORGAN <br><br> CHIEF MAGISTRATE JUDGE KAREN WELLS ROBY |

**EASTERN PACIFIC'S MEMORANDUM IN SUPPORT OF ITS
MOTION *IN LIMINE* – NO COST FOR PLAINTIFF'S HIP SURGERY**

Plaintiff is enrolled in "Deen Dayal Swasthya Seva Yojana," ("DDSSY") – a Goa, India government sponsored insurance policy scheme to provide its residents – regardless of income level – "with quality medical care and treatment of diseases, hospitalization, and surgery through government and private hospitals." **Exhibit 1**, Plaintiff's Responses or Objections to EPS' Third Set of Request for Production at Response to Request No. 10 and attached responsive documents to Request No. 10 (documents showing Plaintiff enrolled in the DDSSY state sponsored insurance scheme; **Exhibit 2[1]**, Government of Goa India DDSSY Program Information.

Plaintiff contends that he "requires total hip replacement surgery," and he seeks recovery of these medical costs in his complaint. **Ex. 3**, Plaintiff's Answers to EPS Second Set of Interrogatories dated October 18, 2024 at Answer to Interrogatory No. 1.; *see also* [Dkt. 411 at 39, 45, and 118(f) ](referring to "necrotic hip joint damage", discussing total hip replacement, and generally seeking medical care and treatment costs].

---

[1] Also available at: https://www.goa.gov.in/wp-content/uploads/2020/09/Deen-Dayal-Swasthya-Seva-Yojana.pdf ; last visited December 2, 2024; *see also* https://nhm.goa.gov.in/ddssy/ (providing additional details on the program including that it is covered in the State's budget); last visited on December 2, 2024.

But Plaintiff will not incur any costs for his hip surgery in Goa. Hip replacement surgery is covered – and free- under the DDSSY program.  **Exhibit 4**, The Goan ePaper, "*OHS achieves landmark in surgeries*" dated February 25, 2017 (noting the free hip and knee replacement at the Orthopedic Hospital for Surgery under the Goa government's DDSSY scheme).

Any argument, therefore, that Plaintiff should recover for the costs of his free hip surgery in India – based on what hip surgery might cost in the United States - is irrelevant, wastes the time of the Court, and should be excluded. [2]

**Standard**

"The purpose of a motion in limine is for the Court to rule on certain evidentiary issues before trial."  *Robert v. Maurice*, No. CV 18-11632, 2020 WL 4035523, at *10 (E.D. La. July 17, 2020).

Motions *in limine* are not limited to jury trials. *Dauzat v. Weeks Marine, Inc*., No. CV 14-3008, 2016 WL 3186900, at *2 (E.D. La. June 8, 2016)(Judge Morgan)("[m]otions in limine may be as useful in bench trials as they are in jury trials. The authority for the rulings is not limited to jury trials.")(internal citations omitted).

"Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action." *Babin v. Plaquemines Par.,* 421 F. Supp. 3d 391, 395 (E.D. La. 2019).  "While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of 'unfair prejudice, confusing the issues,

---

[2] To be clear, EPS denies liability in this case for Plaintiff's medical care and costs.  Plaintiff's recovery, if any, is limited by the scope of his employment documents.  EPS is not the owner of the STARGATE nor, as Plaintiff now admits (despite his allegations to the contrary in his complaint [Dkt. 411] Plaintiff's employee. [Dkt. 439 at 4]("EPS is not his employer…"). Further, as EPS fully briefed the Court in its pending partial summary judgment motions, Plaintiff does not have a colorable unseaworthiness cause of action under Liberian law. [Dkt. 430, August 6, 2024, Dkt. 444, August 23, 2024) and Liberian law does not provide seamen with a negligence cause of action. [Dkt. 429, August 6, 2024, Dkt. 445, August 23, 2024).

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "While exclusion of evidence under should not used sparingly, "district courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402, and a district court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion." *Id.*

### Argument

There is no reason for the Plaintiff to delay hip replacement surgery that his counsel contends Plaintiff, "desperately needs for his ongoing foot and hip pain." Exhibit 3 at Answer to Interrogatory No.1. It is free and readily available in Goa, India.

Plaintiff could have already had - is able to have now without further delay – the hip surgery that he contends is needed. In fact, U.S. – and other foreign nationals- (presumably to save money from U.S. and others' health care costs) have even taken advantage of this quality health care available in India - and to Plaintiff- to obtain joint replacements. Exhibit 4 (explaining that six (6) of the 50 hip and knee joint replacement surgeries were done on foreign nationals hailing from U.S.A., UK, Nigeria, and Ghana). The only reasonable explanation for Plaintiff's delay is that he is attempting to maximize (instead of mitigating) damages.

Part of Plaintiff's apparent scheme to maximize his damages also appears to involve identifying a "treating" physician in the United States for the first time in September 2024 – Dr. Lance Estrada – while contending that his surgery must occur in the United States. **Exhibit 5**, Letter from Plaintiff counsel to EPS counsel dated September 25, 2024 (asserting Plaintiff has a right to choose the doctors "to treat with").[3] It, however, is nonsensical for Plaintiff to have surgery– and its associated subsequent

---

[3] Plaintiff's assertion re: doctor of choice under maintenance and cure appears to be based on U.S. law and precedent – not Liberian law – the controlling law of this case. And fails to consider the stark differences in costs between care in the United States and India.

recovery and therapy - in the United States away from Plaintiff's logistical and support system - other than again, unless the intent is to try and manufacture increased damages.

As the Court is aware, Liberian law controls Plaintiff's maritime tort claims. [Dkt. 406]. To establish damages under Liberian law:

> The [Liberian] Supreme Court has held that it is not sufficient merely to allege an injury and claim damages therefor, but that the plaintiff seeking an award of damages must prove the injury complained of by the preponderance of the evidence, and that he has been damaged to a sum commensurate with the amount claimed as damages; that absent the best evidence being produced, even the best laid down action will be defeated.
>
> With regards to special damages, the Supreme Court has held that special damages are award made through judicial determination with the intent to restore a person who has suffered an injury to the state he was previously situated before the injury. And it is a requirement that to sustain an award of special damages the injury must be measurable and that **the plaintiff must specifically plead and prove the damages suffered**.

*Fahnma Shopping Complex v. J.Fallah Business Center* (Liberia Supreme Court, March Term 2023)(emphasis added)(**Exhibit 6**, herein). [4] Under Liberian law, a Plaintiff also has an obligation to mitigate damages. *See generally Id.* at page 10 (discussing agreement among the parties to mitigate further damages).

Plaintiff's continued delay to hip surgery in India – to presumedly support an argument for an award of damages for hip surgery in the United States - is not consistent with Mr. Ganpat's obligation to mitigate his damages under Liberian law.

More importantly, to support an award for hip surgery, Mr. Ganpat must be able to prove costs associated with hip surgery. But he can't do this. Again, there are no costs associated with hip surgery in Goa under Plaintiff's DDSSY plan.

---

[4] Also available at https://judiciary.gov.lr/wp-content/uploads/2023/08/Fahnma-Shopping-Complex-VS-J.-Fallah-Business-Center.pdf ; last visited December 2, 2024.

This result under Liberian law –Mr. Ganpat's has no costs/damages associated with his hip surgery – ultimately reaches the same result as U.S. law would if it were to control here, which it doesn't. Under U.S. law, any recovery for maintenance and cure is limited to what Plaintiff – or his insurer- actually paid. As the Fifth Circuit explained:

> On the other hand, our court has repeatedly held an injured seaman may recover maintenance and cure only for those expenses "actually incurred". *E.g., Davis,* 18 F.3d at 1246; *Boudreaux v. United States,* 280 F.3d 461, 468 (5th Cir.2002). Accordingly, the relevant amount is that needed to satisfy the seaman's medical charges. This applies whether the charges are incurred by a seaman's insurer on his behalf and then paid at a written-down rate, or incurred and then paid by the seaman himself, including at a non-discounted rate. Thus, in Manderson's case, regardless of what his medical providers charged, those charges were satisfied by the much lower amount paid by his insurer. Consequently, the district court erred by awarding the higher, charged (but *not* totally paid) amount.

<u>Manderson v. Chet Morrison Contractors, Inc.,</u> 666 F.3d 373, 382 (5th Cir. 2012).

## **Conclusion**

Because free hip surgery is available to Plaintiff in his home country of India, under controlling Liberian law, this Court should exclude any testimony or argument that he is entitled to any damages arising from hip replacement surgery.

Dated: December 3, 2024

Respectfully Submitted,

| | |
|---|---|
| Michael H. Bagot, Jr., T.A. (#2665) | /s/ J. Stephen Simms |
| Thomas A. Rayer, Jr. (#20581) | J. Stephen Simms (*pro hac vice*) |
| WAGNER, BAGOT & RAYER LLP | Catherine M. Benson (*pro hac vice*) |
| Pan American Life Center – Suite 1660 | Gary C. Murphy (*pro hac vice*) |
| 601 Poydras St. | Simms Showers LLP |
| New Orleans, Louisiana 70130 | 201 International Circle, Suite 230 |
| Telephone: 504-525-2141 | Baltimore, Maryland 21030 |
| Facsimile: 504-523-1587 | Tel: 410-783-5795 |
| E-mail: mbagot@wb-lalaw.com | Fax: 410-510-1789 |
| trayer@wb-lalaw.com | Email: jssimms@simmsshowers.com |
| | cmbenson@simmsshowers.com |
| | gcmurphy@simmsshowers.com |

Eastern Pacific Shipping Pte. Ltd. Counsel