UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br><br>　　Plaintiff,<br><br>v.<br><br>EASTERN PACIFIC SHIPPING PTE, LTD., d/b/a "EPS"<br><br>　　Defendant. | Civil Action No. 18-13556 "E" (4)<br><br>IN ADMIRALTY<br><br>JUDGE SUSIE MORGAN<br><br>CHIEF MAGISTRATE JUDGE KAREN WELLS ROBY |

**EASTERN PACIFIC'S MEMORANDUM IN SUPPORT OF ITS
MOTION *IN LIMINE* –WEBSITES REFERENCED IN *INTERNATIONAL
MEDICAL GUIDE FOR SHIPS***

　　Plaintiff repeatedly argues in case documents – and is likely to continue to do so at trial based on its submitted evidence list [Dkt. 469 at 9, Proposed Exhibit 135] - that the *International Medical Guide for Ships* (2007) "provides a website location for up-to-date information 'about the risk of acquiring malaria in a given port.'" [Dkt. 439 at 8-9].; *see also* **Exhibit 1 herein,** Plaintiff's Response to Interrogatory No. 2 dated October 18, 2024 (same quotation).  It, however, does not.

　　Specifically, Plaintiff refers to the following sections of the Guide that read as follows*:*

- "For up-to-date information about the risk of acquiring malaria in a given port, see www.cdc.gov/travel/regionalmalaria/index.htm"

- "Before leaving your home port, consider providing the crew with antimalarial drug prophylaxis (prevention) as recommended by:

    o  the World Health Organization (see www.who.int/malaria/publications.html); **OR**

    o  the Centers for Disease Control and Prevention in the United States (see www.cdc.gov/tracel/regionalmalaria/index.htm"

**Exhibit 2**, Excerpt from *International Medical Guide for Ships* (2007) at pages 256-257.

A review of these cited websites, however, shows that they do not provide information as represented by the *International Medical Guide for Ships* and Plaintiff.

Further, Plaintiff subsequently failed to admit or deny "that the website provided in International Medical Guide for Ships (2007) -www.who.int/malaria/publications.html - does not provide "up-to-date information 'about the risk of acquiring malaria in a given port" in a request for Admission tendered by EPS to narrow this issue before trial. **Exhibit 7**, Plaintiff's Responses and/or Objections to EPS's Third Set of Requests for Admissions dated November 21, 2024 at Request No. 18. (Though failing to admit or deny the request, Plaintiff's answer essentially admits it when his answer states that: "Providing "up-to-date information" about the already well-known health risk presented by endemic *Plasmodium falciparum* malaria in Gabon is not a function of the International Medical Guide for Ships (2007)."); *see also* Fed. R. Civ. P. 36 (a)(4).

Plaintiff has also not disclosed any evidence related to the content of these cited websites at the material time of this litigation – April/May 2017.

EPS, accordingly, moves *in limine* to exclude any testimony or argument at trial that:

- The websites referenced in *International Medical Guide for Ships* (2007) "provides a website location for up-to-date information 'about the risk of acquiring malaria in a given port.'
- That at the material time of this litigation – April/May 2017 – that the websites referenced in *International Medical Guide for Ships* (2007) provided a user with any information on malaria.

Plaintiff's assertion that the referenced websites provided up-to-date information on a port's malaria risk lacks evidentiary support upon which the trier of fact could make such a finding, and this argument is, therefore, irrelevant.

Even if Plaintiff's arguments concerning the websites are marginally relevant – which they aren't – they are misleading, confuse the issues, and waste court time on issues that are not legitimately in dispute. This Court, accordingly, should exclude any such testimony or argument suggesting that the websites referenced in *International Medical Guide for Ships* (2007) "provides a website location for up-to-date information 'about the risk of acquiring malaria in a given port.'"

## Standard

"The purpose of a motion *in limine* is for the Court to rule on certain evidentiary issues before trial." *Robert v. Maurice*, No. CV 18-11632, 2020 WL 4035523, at *10 (E.D. La. July 17, 2020).

Motions *in limine* are not limited to jury trials. *Dauzat v. Weeks Marine, Inc.*, No. CV 14-3008, 2016 WL 3186900, at *2 (E.D. La. June 8, 2016)(Judge Morgan)("[m]otions in limine may be as useful in bench trials as they are in jury trials. The authority for the rulings is not limited to jury trials.")(internal citations omitted).

"Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action." *Babin v. Plaquemines Par.,* 421 F. Supp. 3d 391, 395 (E.D. La. 2019). "While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of 'unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "While exclusion of evidence under should not used sparingly, "district courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402, and a district court's ruling on admissibility under Rule 403's[1] balancing test will not be overturned on appeal absent a clear abuse of discretion." *Id.*

---

[1] Fed. R. Evid. 403 ("Excluding Relevant Evidence for Prejudice, Confusion, Waste of

**Argument**

Again, the websites referenced in the *International Medical Guide for Ships* do not provide the information represented by it and the Plaintiff. By way of further information:

The cited World Health Organization website is not operational and provides a user with an error message. *See* **Exhibit 3, herein.** Last visited November 6, 2024; *see also* **Exhibit 7** at 19 (Plaintiff admits WHO website states that this page cannot be found". )Plaintiff has also not disclosed any evidence that this website was operational or provided any information to a user at the material time of this litigation – April/May, 2017.

Further, the link for the Centers for Disease Control and Prevention website does not provide any information on the "risk of acquiring malaria in a given port." Rather, this link redirects the user to a generic webpage that does not even contain the word malaria. *See* **Exhibit 4, herein.** Last visited November 6, 2024; *see also* **Exhibit 7** at Response to Request No. 21 (Plaintiff admits that the webpage redirects user).

EPS acknowledges that on the redirected CDC page – as of the filing of this motion - there is a drop-down menu where a user can select her destination and choose Gabon.

This information on the Gabon webpage provides information on malaria, but it only speaks to Gabon generally. It is not specific to the Port of Owendo, where the STARGATE docked in May 2017 nor does it apparently attempt to quantify the risk level of acquiring malaria in Owendo. *See generally* **Exhibits 5 and 6, herein.** Last visited on November 7, 2024.

---

Time, or Other Reasons") provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Regardless, again, even if the user were to follow the steps available today to find generic information on Gabon, Plaintiff has not disclosed any evidence that the CDC website was operational in April/May 2017 (again the International Medical Guide for Ships was published in 2007 – 10 years before the material time of this litigation) in the same manner that it is today or what information, if any, it provided to a user on malaria at the material time of this litigation.

### Conclusion

Testimony or argument suggesting that the *International Medical Guide for Ships* (2007) provided users with, "a website location for up-to-date information 'about the risk of acquiring malaria in a given port'" at the material times of this litigation (Apil/May 2017) is unsupported and irrelevant, and at best, misleading, confuses the issues, and wastes court time on issues that are not legitimately in dispute. Absent evidence that the websites were operational in 2017 – and what information was on the website in 2017, if operational at that time – Plaintiff should not be permitted to make arguments about what the websites contained or how it should have impacted the actions of the STARGATE's crew. This Court should exclude any such testimony or argument.

Dated: December 3, 2024

Respectfully Submitted,

| | |
|---|---|
| Michael H. Bagot, Jr., T.A. (#2665) | /s/ J. Stephen Simms |
| Thomas A. Rayer, Jr. (#20581) | J. Stephen Simms (*pro hac vice*) |
| WAGNER, BAGOT & RAYER LLP | Catherine M. Benson (*pro hac vice*) |
| Pan American Life Center – Suite 1660 | Gary C. Murphy (*pro hac vice*) |
| 601 Poydras St. | Simms Showers LLP |
| New Orleans, Louisiana 70130 | 201 International Circle, Suite 230 |
| Telephone: 504-525-2141 | Baltimore, Maryland 21030 |
| Facsimile: 504-523-1587 | Tel: 410-783-5795 |
| E-mail: mbagot@wb-lalaw.com | Fax: 410-510-1789 |
| trayer@wb-lalaw.com | Email: jssimms@simmsshowers.com |
| | cmbenson@simmsshowers.com |
| | gcmurphy@simmsshowers.com |

Eastern Pacific Shipping Pte. Ltd. Counsel