UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br><br>Plaintiff,<br><br>v.<br><br>EASTERN PACIFIC SHIPPING PTE,<br>LTD., d/b/a/ "EPS"<br><br>Defendant. | Civil Action No.   18-13556 "E" (4)<br>   IN ADMIRALTY<br><br>JUDGE:  SUSIE MORGAN<br><br>MAG. JUDGE:  KAREN<br>WELLS ROBY |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* –
HEARSAY STATEMENTS OF SECOND OFFICER**

Defendant Eastern Pacific Shipping Pte, Ltd. ("EPS") submits this memorandum in support of its motion *in limine* seeking to limit testimony by Plaintiff Kholkar Vishveshwar Ganpat regarding the M/V STARGATE's Second Officer German Kudieiarov under Fed. R. Evid. 802 as inadmissible hearsay.

**Background**

This Court is familiar with Mr. Ganpat's allegations against EPS.

German Kudieiarov, was the M/V STARGATE's ("Vessel's") Second Officer ("2/o"). Ventnor Navigation employed 2/o Kudieiarov and all of the STARGATE's crew and officers.  *See* [Dkt. 221 at 20] (Order)("[P]laintiff was employed by Ventnor Navigation, also a Liberian corporation . . . ."); *See also* Plaintiff's Responses to EPS's Second Set of Requests for Admissions dated October 18, 2024, **Exhibit 1, herein,** at Response 1 ("Admit that Ventnor Navigation, Inc. was the employer [of Plaintiff]…"  Said differently, EPS, the only defendant in this case, did – and does not - employ 2/o Kudieiarov.

Plaintiff's recent Request for Admission responses cite Plaintiff's deposition testimony related to what 2/o Kudieiarov allegedly told Plaintiff. *See* Exhibit 1 at Response 46 (Plaintiff "had

been denied mosquito repellant by the Second Officer.")(Citing Kholkar Dep. 63:17-25, 177:15-19, 226:24-227:13, 237:10-14, August 18, 2022); *see also* **Exhibit 2** Kholkar Dep. at 226:24-227:13 (2/o Kudieiarov allegedly telling Plaintiff he didn't need mosquito spray and nothing would happen to him).

Plaintiff 's complaint, and deposition testimony, similarly reference and rely upon other purported statements of the 2/o Kudieiarov related to STARGATE's medical supplies. [Dkt. 411 at paragraph 19]("The Second Officer complained and was very angry that he did not receive the malaria medication supplies he wanted before M/V STARGATE left Savannah."; *see also* **Exhibit 2,** Ganpat Dep. at pgs. 91:8-92:6. (Plaintiff allegedly hearing 2/o Kudieiarov say ordered medical supplies did not arrive).

Other statements in Plaintiff's complaint are also attributed to the Second Officer. *See e.g.* [Dkt 1 at paragraph 34, incorporated into Dkt. 411 at 6]("2nd Officer German insisted that Plaintiff had a common cold, and was a 'weak person' unable to cope with its symptoms."); *see also* paragraph 24 (2/o Kudieiarov ordered him to take inventory of vessel's medical supplies) (later disavowed by Plaintiff in his deposition); paragraph 26 (2/o, "told Plaintiff EPS would secure sufficient medication in Georgia to proceed safely to Africa."); *see also* Exhibit 1, Ganpat Dep. 157:12-161:7)

EPS anticipates that Plaintiff will attempt to testify about alleged statements of 2/o Kudieiarov at trial. [1] Specifically:

(a) Purported statements by 2/o Kudieiarov related to denying Plaintiff mosquito spray/gel/repellent and telling Plaintiff that he did need it.

---

[1] Again, neither party – to EPS' knowledge - has been able to locate 2/o Kudieiarov (who is from Ukraine) or to discuss testifying at trial in the United States with him.

(b) Alleged statements and complaints by 2/o Kudieiarov that he had not received medical supplies.

(c) Claimed statements of 2/o Kudieiarov told Plaintiff that he had a common cold and was a "weak person."

The above statements – and potential others that Plaintiff may attempt to testify to at trial – are hearsay that this Court should exclude pursuant to Fed. R. Evid. 802.

## **Argument**

Rule 801 defines hearsay as an out of court statement introduced to prove the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." That is exactly what Plaintiff intends to do:

(1) if Plaintiff testifies that the Second Officer told him that he didn't need mosquito spray/repellent, as evidence that the ship's crew denied Plaintiff anti-malaria preventative measures in Gabon, that in part, caused him to get malaria.

(2) if Plaintiff testifies that he heard the Second Officer tell him, or tell the captain, that the ship did not receive anti-malaria medicines in Savannah, as evidence that the ship did not receive anti-malaria medicines in Savannah before its trip to Gabon, Africa.

(3) if Plaintiff testifies that Second Officer called him "weak," and stated that Plaintiff had a common cold, as evidence that the ship's crew failed to properly treat Plaintiff's malaria.

There are no hearsay exceptions that would permit these statements, including the hearsay exception related to party opponents. Fed. R. Evid. 801, 803. Again, the Second officer was not an EPS employee. As such, Plaintiff's testimony about any of the above alleged

statements of the Second Officer are inadmissible hearsay.

## Conclusion

EPS respectfully requests the Court exclude testimony regarding statements Plaintiff purportedly heard the Second Officer make because they are hearsay.

Dated: December 3, 2024.

Respectfully Submitted,

| | |
|---|---|
| /s/ J. Stephen Simms | MICHAEL H. BAGOT, JR., T.A. (#2665) |
| J. Stephen Simms | THOMAS A. RAYER, Jr. (#20581) |
| Catherine M. Benson | WAGNER, BAGOT & RAYER, LLP |
| Gary C. Murphy | Pan American Life Center – Suite 1660 |
| Simms Showers LLP | 601 Poydras Street |
| 201 International Circle, Suite 230 | New Orleans, Louisiana 70130 |
| Baltimore, Maryland 21030 | Telephone: 504-525-2141 |
| Tel: 410-783-5795 | Facsimile: 504-523-1587 |
| Fax: 410-510-1789 | E-mail: mbagot@wb-lalaw.com |
| Email: jssimms@simmsshowers.com | |

Eastern Pacific Shipping Pte. Ltd. Counsel