UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br>  Plaintiff,<br>v.<br><br>EASTERN PACIFIC SHIPPING PTE,<br>LTD., d/b// "EPS"<br>  Defendant. | CIVIL ACTION<br><br>NO. 18-13556 "E" (4)<br><br>JUDGE SUSIE MORGAN<br><br>MAG. JUDGE:ROBY |

**PLAINTIFF'S RESPONSES TO EASTERN PACIFIC'S
SECOND SET OF REQUESTS FOR ADMISSION**

**COMES NOW** Kholkar Vishveshwar Ganpat ("Plaintiff") who pursuant to Fed. R. Civ. P. 36 responds and/or objects to the Second Set of Requests for Admission propounded on September 16, 2024, by Eastern Pacific Shipping PTE LTD ("EPS"), as follows:

**REQUEST 1:**

Admit that Defendant was not the employer of Plaintiff when Plaintiff in May 2017 served onboard the M/V STARGATE.

**RESPONSE:**

Admit that Ventnor Navigation, Inc. was the employer, and that EPS managed the ship where Plaintiff was employed as an Able Seaman in May 2017.

**REQUEST 2:**

Admit that Defendant was not the employer of Captain Ivanoschi in May 2017 when Captain Ivanoschi served onboard the M/V STARGATE.

**RESPONSE:**

Plaintiff lacks sufficient knowledge and information regarding Captain Ivanoschi to admit or deny whether EPS was his actual or borrowing employer in May 2017.

**REQUEST 3:** .

Admit that Defendant was not the employer of 2/o German Kudieiarov in May 2017 when 2/o Kudieiarov served onboard the M/V STARGATE.

**RESPONSE**

Plaintiff lacks sufficient knowledge and information regarding Second Officer German Kudieiarov to admit or deny whether EPS was his actual or borrowing employer in May 2017.

**REQUEST 4:**

Admit that Gabon was not a "designated risk zone" as defined under Plaintiff's Collective Bargaining Agreement related to Plaintiffs work aboard the MV STARGATE.

**RESPONSE:**

Admit only that Sections 16.1 through 16.5 of the CBA apply expressly to "warlike operations areas" and "high risk areas" (i.e., areas affected by piracy, hijacking, and threat of crew member capture). Deny that Sections 16.1 through `16.5 apply to areas where disease risk is known before hand and infection is easily preventable.

**REQUEST 5:**

Admit in May 2017 the International Transport Workers Federation ("ITF") had not designated Gabon as a "High Risk Area."

**RESPONSE:**

Admit only that Sections 16.1 through 16.5 of the CBA apply expressly to "warlike operations areas" and "high risk areas" (i.e., areas affected by piracy, hijacking, and threat of crew member capture). Deny that Sections 16.1 through `16.5 apply to areas where disease risk is known before hand and infection is easily preventable.

**REQUEST 6:**

Admit that Plaintiff's Collective Bargaining Agreement governing his employment onboard the M/V STARGATE did not contain an attachment identifying Gabon as a designated "High Risk Area."

**RESPONSE:**

Admit only that Sections 16.1 through 16.5 of the CBA apply expressly to "warlike operations areas" and "high risk areas" (i.e., areas affected by piracy, hijacking, and threat of crew member capture). Deny that Sections 16.1 through 16.5 do not apply to areas where disease risk is known before hand and infection is easily preventable.

**REQUEST 7:**

Admit there was an adequate supply of Artemether shots available onboard the M/V STARGATE in compliance with Liberian law.

**RESPONSE:**

Plaintiff admits that the March and May 2017 vessel Medicines Lists suggest 10 Artemether shots were stored in medical inventory aboard M/V STARGATE.

The medical records from International Medical Care in Brazil show Plaintiff received Artesunate for 7 days. The same medicine as the 10 Artemether shots the March and May 2017 Medicines Lists stated were aboard M/V STARGATE.

The Artesunate medication provided in Brazil promptly cured Plaintiff's plasmodium falciparum malaria.

The issue is not whether the 10 Artemether shots were aboard the vessel, but that they were not used to treat Plaintiff's increasingly severe malaria.

**REQUEST 8:**

Admit that the "Medicine Lists" to which Plaintiff has referred in this action are inventories and not a list of required medicine to be maintained onboard the M/V STARGATE.

**RESPONSE:**

Denied. EPS attempts to conflate armed hostility, piracy, and crew capture threat areas with disease risk areas. The medicines lists indicate as a matter of prudence and commonsense that anti-malaria medicines are required when malaria risk areas (e.g., Cote D'Ivoire and Gabon) are visited.

**REQUEST 9:**

Admit that the Liberia Maritime Authority does not identify in any written document malaria test kits as a required item for a Liberian flagged vessels' medicine chest.

**RESPONSE:**

Admitted with the caveat that the Maritime Labour Convention (2006) at Standard 4.1 identifies the duty imposed on EPS as the operator or manager of a Liberian flagged vessel:

> **"Each Member shall ensure that all seafarers on ships that fly its flag are covered by adequate measures for the protection of their health and that they have access to prompt and adequate medical care whilst working on board."**

**REQUEST 10:**

The Liberia Maritime Authority, Marine Notice MLC-005 (Rev. 2/17) does not enumerate or specifically list malaria test kits as a required medical item onboard vessels such as the M/V STARGATE.

**RESPONSE:**

Admitted with the caveat that the Maritime Labour Convention (2006) at Standard 4.1 identifies the duty imposed on EPS as the operator or manager of a Liberian flagged vessel:

> **"Each Member shall ensure that all seafarers on ships that fly its flag are covered by adequate measures for the protection of their health and that they have access to prompt and adequate medical care whilst working on board."**

**REQUEST 11:**

Admit that the World Health Organization ("WHO") does not and did not for the time period including May, 2017 enumerate or specifically list malaria test kits as a required medical item onboard vessels such as the M/V STARGATE.

**RESPONSE:**

Admitted with the caveat that the Maritime Labour Convention (2006) at Standard 4.1 identifies the duty imposed on EPS as the operator or manager of a Liberian flagged vessel:

> **"Each Member shall ensure that all seafarers on ships that fly its flag are covered by adequate measures for the protection of their health and that they have access to prompt and adequate medical care whilst working on board."**

**REQUEST 12:**

Admit that personnel of the Medical Care International Hospital in Brazil knew upon or soon after Plaintiff's admission to the Medical Care International Hospital on or about May 27, 2017, that Plaintiff had a recent visit to Africa.

**RESPONSE:**

Plaintiff lacks sufficient knowledge and information to admit or deny that personnel of the Medical Care International Hospital in Brazil knew upon or soon after Plaintiff's admission to the Medical Care International Hospital on or about May 27, 2017, that Plaintiff had a recent visit to Africa

**REQUEST 13:**

Admit that personnel of the Medical Care International Hospital in Brazil took blood samples from Plaintiff on May 27, 2017.

**RESPONSE:**

Plaintiff admits that on May 27, 2017, laboratory tests and X-Rays were made for control upon his arrival at the Hospital because he was admitted due to the following diagnosis:

"Fever. Sweating. Headache. Malaise. Anorexia. Asthenia. Nausea. Abdominal pain. Hyperbilirubinemia. Jaundice. Elevated transaminases. Elevated urea. Low platelets count. Anaemia. Dehydration. **Malaria by Plasmodium Falciparum**."

**REQUEST 14:**

Admit that personnel of the Medical Care International Hospital in Brazil on May 27, 2017, did not suspect that Plaintiff had malaria.

**RESPONSE:**

Denied.  Upon arrival Plaintiff was diagnosed as follows:

"Fever. Sweating. Headache. Malaise. Anorexia. Asthenia. Nausea. Abdominal pain. Hyperbilirubinemia. Jaundice. Elevated transaminases. Elevated urea. Low platelets count. Anaemia. Dehydration. **Malaria by Plasmodium Falciparum**."

**REQUEST 15:**

Admit that personnel of the Medical Care International Hospital in Brazil on May 27, 2017, did not test to determine whether or not Plaintiff had malaria.

**RESPONSE:**

Denied.  Laboratory tests and X-Rays were performed upon Plaintiff's arrival at the Hospital.  He was admitted due to the following diagnosis:

"Fever. Sweating. Headache. Malaise. Anorexia. Asthenia. Nausea. Abdominal pain. Hyperbilirubinemia. Jaundice. Elevated transaminases. Elevated urea. Low platelets count. Anaemia. Dehydration. **Malaria by Plasmodium Falciparum**."

**REQUEST 16:**

Admit that personnel of the Medical Care International Hospital in Brazil on May 27, 2017, did not test to determine whether or not Plaintiff had malaria.

**RESPONSE:**

Denied.  Laboratory tests were performed upon Plaintiff's arrival at the Hospital.  He was admitted due to the following diagnosis upon arrival:

"Fever. Sweating. Headache. Malaise. Anorexia. Asthenia. Nausea. Abdominal pain. Hyperbilirubinemia. Jaundice. Elevated transaminases. Elevated urea. Low platelets count. Anaemia. Dehydration. **Malaria by Plasmodium Falciparum**."

**REQUEST 17:**

Admit that personnel of the Medical Care International Hospital in Brazil on May 27, 2017, did not diagnose that that Plaintiff had malaria.

**RESPONSE:**

Denied.  Upon Plaintiff's arrival at the Hospital, he was diagnosed as follows:

"Fever. Sweating. Headache. Malaise. Anorexia. Asthenia. Nausea. Abdominal pain. Hyperbilirubinemia. Jaundice. Elevated transaminases. Elevated urea. Low platelets count. Anaemia. Dehydration. **Malaria by Plasmodium Falciparum**."

**REQUEST 18:**

Admit that on May 27, 2017, personnel of Medical Care International Hospital in Brazil who attended to Plaintiff were qualified and capable of diagnosing whether Plaintiff had malaria.

**RESPONSE:**

Admitted.  Upon Plaintiff's May 27, 2017, arrival at the Hospital, he was diagnosed with *Plasmodium falciparum* malaria.

**REQUEST 19:**

Admit that personnel of the Medical Care International Hospital in Brazil took blood samples from Plaintiff on May 28, 2017.

**RESPONSE:**

Admitted. However, blood samples were also taken from Plaintiff on his admission to the

- 7 -

hospital on May 27, 2017.

**REQUEST 20:**

Admit that personnel of the Medical Care International Hospital in Brazil on May 28, 2017, did not suspect that Plaintiff had malaria.

**RESPONSE:**

Denied.

**REQUEST 21:**

Admit that personnel of the Medical Care International Hospital in Brazil on May 28, 2017, did not test to determine whether or not Plaintiff had malaria.

**RESPONSE:**

Denied. Plaintiff was diagnosed with "malaria by *Plasmodium Falciparum"* upon his May 27, 2017, arrival and initial laboratory tests were then conducted.

**REQUEST 22:**

Admit that personnel of the Medical Care International Hospital in Brazil on May 28, 2017, did not diagnose that that Plaintiff had malaria.

**RESPONSE:**

Denied. Plaintiff was diagnosed with "malaria by *Plasmodium Falciparum"* upon his May 27, 2017, arrival and initial laboratory tests were then conducted.

**REQUEST 23:**

Admit that on May 28, 2017, personnel of Medical Care International Hospital in Brazil who attended to Plaintiff were qualified and capable of diagnosing whether Plaintiff had malaria.

**RESPONSE:**

Admitted. Indeed, upon Plaintiff's May 27, 2017, arrival at the Hospital, he was diagnosed

with *Plasmodium falciparum* malaria.

**REQUEST 24:**

Admit that Medical Care International Hospital in Brazil did not test Plaintiff until May 29, 2017 to determine whether Plaintiff had malaria.

**RESPONSE:**

Denied. Plaintiff was *diagnosed* with "malaria by *Plasmodium Falciparum*" upon his May 27, 2017, arrival and initial laboratory tests were then conducted. Test results received on May 29, 2017, *confirmed* that Plaintiff was infected with *Plasmodium falciparum* malaria.

**REQUEST 25:**

Admit that Medical Care International Hospital in Brazil did not until May 29, 2017, diagnose that Plaintiff had malaria.

**RESPONSE:**

Denied. Plaintiff was *diagnosed* with "malaria by *Plasmodium Falciparum*" upon his May 27, 2017, arrival and initial laboratory tests were then conducted. Test results received on May 29, 2017, *confirmed* that Plaintiff was infected with *Plasmodium falciparum* malaria.

**REQUEST 26:**

Admit that Medical Care International Hospital in Brazil did not until May 29, 2017, treat Plaintiff for malaria.

**RESPONSE:**

Denied. Plaintiff was *diagnosed* with "malaria by *Plasmodium Falciparum*" upon his May 27, 2017, arrival and initial laboratory tests were then conducted. A team of physicians immediately began efforts to first save his life. These specialists included an Emergencist, an lntensivist, a General Practitioner, an lnfectologist, a Gastroenterologist, a Nephrologist, a

Pneumologist, a Nutritionist, a Physiotherapist, a Hematologist, a Vascular Surgeon, a Psychiatrist, and a Radiologist.

*Inter alia*, these specialists performed Axial Computerized Tomography Scans of the Thorax, Abdomen, and Pelvis, Magnetic Resonance Cholangiogaphy, Doppler Ultra Sound of the feet and pododactiles.

Plaintiff was in the Intensive Care Unit, with heart monitoring, oxymeter monitoring, axillary's temperature monitoring, mean arterial pressure (MAP) monitoring on right femoral artery, central venous access on right internal jugular vein for parenteral nutrition, hemodialysis catheter on left femoral vein, vesical foley catheter, nasoenteral catheter, intravenous antibiotic treatment, and a pneumatic compressor on his inferior limbs.

**REQUEST 27:**

Admit Plaintiff does not know the exact time he was exposed to *Plasmodium falciparum.*

**RESPONSE:**

Denied. Plaintiff knows he was exposed to Plasmodium falciparum while he was in Gabon, more likely than not while working on the deck. Plaintiff testified that the mosquitoes "were biting" him while he was working on the deck. Kholkar Dep. 64:18-24, 97:20-24, August 18, 2022. In fact, Plaintiff requested and was denied mosquito spray for the mosquito bites. Kholkar Dep. 177:15-19, 226:24-227:13, 237:10-14, August 18, 2022.

**REQUEST 28:**

Admit Plaintiff does not know whether he was aboard the M/V STARGATE when he was exposed to *Plasmodium falciparum.*

**RESPONSE:**

Denied. Plaintiff believes he was onboard when mosquitos were biting him and infected

him with *Plasmodium falciparum* malaria while working onboard the deck of the M/V STARGATE while at Owendo, Gabon.

**REQUEST 29:**

Admit Plaintiff does not know whether he was on shore leave when he was exposed to *Plasmodium falciparum.*

**RESPONSE:**

Denied. Plaintiff believes he was working onboard the M/V STARGATE when he was exposed to *Plasmodium falciparum. See* Responses to Nos. 27 and 28, *supra.*

**REQUEST 30:**

Admit Plaintiff does not know the exact time he was bitten by a mosquito carrying the *Plasmodium falciparum* bacteria.

**RESPONSE:**

Denied. *See* Responses to Nos. 27 and 28, *supra.*

**REQUEST 31:**

Admit Plaintiff does not know the exact location he was bitten by a mosquito carrying the *Plasmodium falciparum* bacteria.

**RESPONSE:**

Denied. *See* Responses to Nos. 27, 28, and 29, *supra.*

**REQUEST 32:**

Admit Plaintiff does not know whether he was aboard the M/V STARGATE when he was bitten by a mosquito carrying the *Plasmodium falciparum* bacteria.

**RESPONSE:**

Denied. *See* Responses to Nos. 27, 28, 29, and 31, *supra.*

**REQUEST 33:**

Admit Plaintiff does not know whether he was on shore leave when he was bitten by a mosquito carrying the *Plasmodium falciparum* bacteria.

**RESPONSE:**

Denied. *See* Responses to Nos. 27, 28, 29, 31, and 32, *supra.*

**REQUEST 34:**

Admit that while Plaintiff was on shore leave from the M/V STARGATE at Owendo, Gabon, he departed the M/V STARGATE with exposed arms and face.

**RESPONSE:**

Admitted. However, Plaintiff does not recall getting bitten by mosquitos while on shore leave like when he was working onboard.

**REQUEST 35:**

Admit that once Plaintiff was ashore at Owendo, Gabon, Plaintiff did not purchase any anti-malarial medication or precautionary treatment.

**RESPONSE:**

Admitted with the caveat that it was not Plaintiff's duty to provide his own anti-malarial medication, and any course of the real issue which EPS avoids is that prophylactic anti-malaria medication needed to be provided to Plaintiff and to begin weeks earlier.  Further, it is unknown if such medication was available in Owendo, Gabon, without a physician's prescription, or if such medication was locally available.  Moreover, EPS questioned Plaintiff on this Point at transcript p. 63 of his August 18, 2022, deposition:

> Q. Sure. Did you ask to receive malaria medication on the voyage to Gabon?
>
> **A. No, sir, I did not receive any medication in Gabon.**

Q. Did you ask anyone if you could have medication?

A. **So, on ship so while we were asking because** he will give us (inaudible.) We did not pay much more attention to it. We do our job and whenever he calls, we go like that.

Q. Did you ask anyone if you could have malaria medicine when you took the ship to Gabon?

A. **I did not ask about the malaria medicine because I don't know anything about Gabon because it is the first country in Gabon I visited, first time in Gabon. So, I don't know anything about Gabon.**

Q. Okay. So, your testimony is that when you were sailing to Gabon, you did not know that malaria was a risk?

A. **Yes, sir, I did not know.**

**REQUEST 36:**

Admit that before Plaintiff departed the M/V STARGATE for shore leave at Owendo, Gabon, Plaintiff was aware that he could contract malaria if he had not taken anti-malarial medication prior to the shore leave.

**RESPONSE:**

Denied. EPS questioned Plaintiff on this Point at transcript p. 63 of his August 18, 2022, deposition:

Q. Sure. Did you ask to receive malaria medication on the voyage to Gabon?

A. **No, sir, I did not receive any medication in Gabon.**

Q. Did you ask anyone if you could have medication?

A. **So, on ship so while we were asking because** he will give us (inaudible.) We did not pay much more attention to it. We do our job and whenever he calls, we go like that.

Q. Did you ask anyone if you could have malaria medicine when you took the ship to Gabon?

> **A.** I did not ask about the malaria medicine because I don't know anything about Gabon because it is the first country in Gabon I visited, first time in Gabon. So, I don't know anything about Gabon.
>
> **Q.** Okay. So, your testimony is that when you were sailing to Gabon, you did not know that malaria was a risk?
>
> **A.** Yes, sir, I did not know.

**REQUEST 37:**

Admit that before Plaintiff departed the M/V STARGATE for shore leave at Owendo, Gabon, Plaintiff was fearful or concerned that he might contract malaria because he had not taken anti-malarial medication prior to the shore leave.

**RESPONSE:**

Denied. Plaintiff did not express a specific concern about malaria because he did not "know anything about Gabon" as it was his "first time in Gabon." Kholkar Dep. 63:17-25, August 18, 2022.

**REQUEST 38:**

Admit that the photograph which is **Exhibit A hereto** is a photograph of Plaintiff on shore leave at Owendo, Gabon, present at the Foyer du Marin hotel-restaurant.

**RESPONSE:**

Admitted.

**REQUEST 39:**

Admit that **Exhibit B hereto** is a true and accurate image of a social posting which Plaintiff made in May 2017 as a Local Guide – Level 4 which includes a photograph of Plaintiff on shore leave at Owendo, Gabon present at the Foyer du Marin hotel-restaurant.

**RESPONSE:**

Admitted.

**REQUEST 40:**

Admit that the Crew Shore Leave & Embarkation Log, **Exhibit C hereto**, bears Plaintiff's signature and accurately records that Plaintiff departed the M/V STARGATE for shore leave at Owendo, Gabon on May 7, 2017, at or about 18:04 (6:04 p.m.) and returned to the M/V STARGATE from shore leave at or about 22:35 (10:35 p.m.).

**RESPONSE:**

Admitted that Exhibit C appears to bear Plaintiff's signature.

**REQUEST 41:**

Admit that during the time on May 7, 2017, from about 18:04 (6:04 p.m.) when Plaintiff departed the M/V STARGATE for shore leave, and when he returned to the M/V STARGATE from shore leave at or about 22:35 (10:35 p.m.), Plaintiff took no precautions to avoid being bitten by mosquitoes.

**RESPONSE:**

Admitted that Plaintiff took no precaution because he did not know anything about Gabon, as it was his first time in Gabon and he did not know Gabon was a high risk zone for malaria. However, Plaintiff suffered a malaria infection because EPS failed in its duty to provide a prophylactic, multiple-week course of anti-malaria medicine to Plaintiff beginning weeks before arrival of M/V STARGATE at Owendo, Gabon.

Further, according to EPS' May 23, 2022, answer to first set Interrogatory No. 4, ***made under oath*** by its Director, Captain Anil Singh, administration of anti-malaria medicine was unnecessary because "local agents" had informed EPS that the weather was "unseasonably cool and dry," and mosquitos were not a risk. No such advice was ever sent to EPS, and Captain Singh's statement about "unseasonably cool and dry weather" was a fabrication.

In fact, the April 11, 2017 e-mail forwarded to Captain Ivanoschi responded to Question #9 (Weather and Tides) by stating: ***"We are at the end of the rain season, Tornado and strong winds until May 15."***

**REQUEST 42:**

Admit that during the time on May 7, 2017, from about 18:04 (6:04 p.m.) when Plaintiff departed the M/V STARGATE for shore leave, and when he returned to the M/V STARGATE from shore leave at or about 22:35 (10:35 p.m.), Plaintiff did not apply mosquito repellent to his arms.

**RESPONSE:**

Plaintiff admits he did not apply mosquito spray while off-ship in Owendo, Gabon because he did not know anything about Gabon being a high risk malaria zone as it was his first time there. Kholkar Dep. 97:4-6, August 18, 2022

**REQUEST 43:**

Admit that during the time on May 7, 2017, from about 18:04 (6:04 p.m.) when Plaintiff departed the M/V STARGATE for shore leave, and when he returned to the M/V STARGATE from shore leave at or about 22:35 (10:35 p.m.), Plaintiff did not apply mosquito repellent to his face or neck.

**RESPONSE:**

*See* Response to No. 41., *supra*.

**REQUEST 44:**

Admit that on May 7, 2017, prior to departing the M/V STARGATE for shore leave, Plaintiff did not apply mosquito repellent to any part of his body.

**RESPONSE:**

*See* Responses to Nos. 41 and 42, *supra.* Moreover, he was denied mosquito repellant while onboard.

**REQUEST 45:**

Admit that on May 7, 2017, prior to departing the M/V STARGATE for shore leave, Plaintiff did not ask anyone to give him or to let him use mosquito repellent.

**RESPONSE:**

Admitted that Plaintiff did not ask anyone because he did not know Gabon was a high risk zone for malaria and he had previously been denied mosquito repellant. Kholkar Dep. 63:17-25, 177:15-19, 226:24-227:13, 237:10-14, August 18, 2022.

**REQUEST 46:**

Admit that on May 7, 2017, prior to departing the M/V STARGATE for shore leave, Plaintiff had access to mosquito repellent.

**RESPONSE:**

Denied. Plaintiff had requested mosquito repellant from the Second Officer and was denied. Kholkar Dep. 177:15-19, 226:24-227:13, 237:10-14, August 18, 2022.

**REQUEST 47:**

Admit that on May 7, 2017, Plaintiff did purchase mosquito repellent.

**RESPONSE:**

Denied. Kholkar Dep. 237:8-9, August 18, 2022.

**REQUEST 48:**

Admit that on May 7, 2017, while on shore leave, Plaintiff did not carry mosquito repellent on his person.

**RESPONSE:**

Admitted.

**REQUEST 49:**

Admit that on May 7, 2017, while on shore leave, Plaintiff did not ask anyone to share with him or to give him mosquito repellent.

**RESPONSE:**

Admitted that Plaintiff took no precaution because he did not know anything about Gabon, as it was his first time in Gabon, and he did not know Gabon was a high risk zone for malaria, and had been denied mosquito repellant by the Second Officer. Kholkar Dep. 63:17-25, 177:15-19, 226:24-227:13, 237:10-14, August 18, 2022.

**REQUEST 50:**

Admit that during the call of the M/V STARGATE at Gabon, Plaintiff had access to mosquito repellent.

**RESPONSE:**

Denied. Plaintiff was denied mosquito repellant spray by the Second Officer. Kholkar Dep. 177:15-19, 226:24-227:13, 237:10-14, August 18, 2022.

**REQUEST 51:**

Admit that during the call of the M/V STARGATE at Gabon, Plaintiff did not apply mosquito repellent to his body.

**RESPONSE:**

Admitted that Plaintiff did not apply mosquito repellant because he was denied mosquito repellant spray by the Second Officer. Kholkar Dep. 177:15-19, 226:24-227:13, 237:10-14, August 18, 2022.

**REQUEST 52:**

Admit Plaintiff rejected Defendant's disability payment provided for under the CBA.

**RESPONSE:**

Denied.

**REQUEST 53:**

Admit EPS' webpage cited by Plaintiff in his Second Amended Complaint [Dkt. 411] does not reference M/V STARGATE.

**RESPONSE:**

Admit that it does not reference any ship, but they employ crewmembers to work on ships like the M/V STARGATE.

Respectfully submitted:

*/s/ Pedro P. Sotolongo*
Pedro P. Sotolongo, FL Bar #0584101
SOTOLONGO, P.A.
1000 5th Street, Suite 402
Miami Beach, FL 33139
Telephone: (305) 415-0073
E-Mail: psotolongo@sotolongolaw.com
*Co-counsel for Plaintiff, pro hac vice*

*/s/ Richard M. Martin, Jr.*
Richard M. Martin, Jr. LA Bar #08998
LAMOTHE LAW FIRM, LLC
400 Poydras Street, Suite 1760
New Orleans, Louisiana 70130
Telephone: (504) 704-1414
E-Mail: rmartin@lamothefirm.com
*Local Counsel for Plaintiff*

*/s/ Alejandro J. Gonzalez*
Alejandro J. Gonzalez, FL Bar # 015293
GONZALEZ, P.A.
19 South Krome Ave.
Homestead, FL 33030
Telephone: (877) 413-4448
E-Mail: alex@agonzalezlaw.com
*Co-Counsel for Plaintiff, pro hac vice*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has this day been forwarded to the following counsel of record to this proceeding by electronic transmission, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 18th day of October 2024.

*/s/ Richard M. Martin, Jr.*
Richard M. Martin, Jr.