UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br><br>    Plaintiff,<br><br>v.<br><br>EASTERN PACIFIC SHIPPING PTE, LTD.,<br>d/b/a "EPS"<br><br>    Defendant. | Civil Action No. 18-13556 "E" (4)<br><br>IN ADMIRALTY<br><br>JUDGE SUSIE MORGAN<br><br>CHIEF MAGISTRATE JUDGE<br>KAREN WELLS ROBY |

**EASTERN PACIFIC'S MEMORANDUM IN SUPPORT OF ITS
MOTION *IN LIMINE* – MARCH 2017 MEDICAL CHEST CERTIFICATE
LAPSE**

Plaintiff admits that the M/V STARGATE had a valid medical chest certificate on its voyage to Gabon. [Dkt. 441-32 at 14](Plaintiff's Local Rule 56.2 Statement, Response to Material Fact 16); *see also* [Dkt. 430-13] (Medical Chest Certificate that on March 21, 2017 certified it as "in compliance with the Maritime Labour Convention, 2006." – only weeks before the M/V STARGATE left Savannah in April 2017).

Plaintiff also admits that "[t]he validity or invalidity of the vessel's medical chest certificate did not cause [Plaintiff's] illness." **Exhibit 1**, Plaintiff's Answers to EPS' Second Set of Interrogatories dated October 16, 2024 at Answer to Interrogatory No. 4.

Despite these admissions, Plaintiff argues in case documents – and is likely to continue to do so at trial - that the "M/V/ STARGATE became unseaworthy when its Medical Chest Certificate expired on March 10, 2017 and was not renewed until March 21, 2017." [Dkt. 441 at 12].

The material time of this litigation, however, is in April /May 2017, when the STARGATE left the United States (in April), eventually sailed to Gabon, Africa where Plaintiff was exposed to malaria during shore leave (in May 2017) and fell ill when the ship arrived in Brazil (in May 2017) - *i.e.* all after

the medical chest was renewed and in compliance with Liberian law. *See generally* [Dkt. 411](Plaintiff's Amended and Restated Complaint for Damages).

Plaintiff's arguments regarding the medical chest – and a 10-day lapse in certificate before the material time of this litigation - are irrelevant. *Babin v. Plaquemines Par.,* 421 F. Supp. 3d 391, 395 (E.D. La. 2019)("Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action" … "While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of 'unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Plaintiff further admits, he cannot establish the element of causation necessary to prove its alleged unseaworthiness claim between the medical chest certificate and his illness.[1] Said differently, there is no link to an expired medical certificate – that was subsequently corrected before the material time to this litigation - and Plaintiff's illness. It has no bearing on Plaintiff's allegation. Even if marginally relevant - which it isn't - arguments surrounding a medical certificate before the material time of this litigation will confuse the issues and waste time on matters that are not legitimately in dispute or of consequence in this litigation.

## **Conclusion**

This Court should exclude any such testimony or argument suggesting that M/V STARGATE's lapsed medical chest certificate in March 2017 – that was renewed on March 21, 2017 before the material time of this litigation- made the vessel unseaworthy.

---

[1] Again, as EPS fully briefed the Court in its pending partial summary judgment motion, Plaintiff – for other reasons too - does not have a colorable unseaworthiness cause of action under Liberian law. [Dkt. 430, August 6, 2024, Dkt. 444, August 23, 2024).

- 3 -

Dated: December 3, 2024

                                      Respectfully Submitted,

| | |
|---|---|
| Michael H. Bagot, Jr., T.A. (#2665) | /s/ J. Stephen Simms |
| Thomas A. Rayer, Jr. (#20581) | J. Stephen Simms (*pro hac vice*) |
| WAGNER, BAGOT & RAYER LLP | Catherine M. Benson (*pro hac vice*) |
| Pan American Life Center – Suite 1660 | Gary C. Murphy (*pro hac vice*) |
| 601 Poydras St. | Simms Showers LLP |
| New Orleans, Louisiana 70130 | 201 International Circle, Suite 230 |
| Telephone: 504-525-2141 | Baltimore, Maryland 21030 |
| Facsimile: 504-523-1587 | Tel: 410-783-5795 |
| E-mail: mbagot@wb-lalaw.com | Fax: 410-510-1789 |
|        trayer@wb-lalaw.com | Email: jssimms@simmsshowers.com |
| |           cmbenson@simmsshowers.com |
| |           gcmurphy@simmsshowers.com |

                    Eastern Pacific Shipping Pte. Ltd. Counsel