UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br>    Plaintiff,<br>v.<br><br>EASTERN PACIFIC SHIPPING PTE,<br>LTD., d/b// "EPS"<br>    Defendant. | Civil Action<br><br>No.  18-13556 "E" (4)<br><br>JUDGE: MORGAN<br><br>MAG. JUDGE: ROBY |

**PLAINTIFF'S RESPONSES AND/OR OBJECTIONS
TO EASTERN PACIFIC'S SECOND SET OF REQUESTS FOR PRODUCTION**

**COMES NOW** Kholkar Vishveshwar Ganpat ("Plaintiff") who pursuant to Fed. R. Civ. P. 34, and responds and/or objects to the September 18, 2024 "Second Set of Requests for Production" propounded by Eastern Pacific Shipping PTE, LTD. ("EPS"), as follows:

**GENERAL OBJECTIONS**

1. **Objection to EPS' "instructions."**

    Plaintiff objects to the "instructions" set forth at pages 1 to 3 of EPS' "Second Set of Requests for Production of Documents and Things." These instructions are not included in Fed. R. Civ. P. 34 and are not mandated upon Plaintiff.

2. **Objection to EPS' "definitions."**

    Plaintiff objects to the "definitions" set forth at pages 3 to 5 of EPS' "Second Set of Requests for Production of Documents and Things." These definitions are not included in Fed. R. Civ. P. 34 and are not mandated upon Plaintiff.

## RESPONSES AND/OR OBJECTIONS

**REQUEST NO. 1:** Any documents referred to in your answers to Defendants' Second Set of Interrogatories.

**RESPONSE:**

Plaintiff's answer to Interrogatory No. 2 referenced the Maritime Labour Convention (2006). See the PDF document attached as Exhibit 1.

**REQUEST NO. 2:** Any documents responsive to Defendant's previous requests for production that Plaintiff has not supplemented.

**RESPONSE:**

Please see the attached medical records as supplement to RFP No. 13. Otherwise, Plaintiff has conducted a diligent search and presently believes that there are no additional documents to supplement his prior discovery responses.

**REQUEST NO. 3:** Any document, communication, or record providing a basis for Plaintiff's counsel's September 9, 2024, letter to Defendant's counsel reporting that, "Mr. Kholkar continues to experience pain in his hip as a result of the avascular necrosis."

**OBJECTION:**

Plaintiff asserts the Attorney-Client privilege as to his communications with undersigned counsel, including but not limited to oral conversational, telephonic, and electronic (e-mail) communications.

**REQUEST NO. 4:** Any document, communication, or record providing a basis for Plaintiff counsel's September 9, 2024, letter to Defendant's counsel reporting that, "[t]he pain is affecting his sleep," to include any sleep study undergone by Plaintiff.

**OBJECTION:**

Plaintiff asserts the Attorney-Client privilege as to his communications with undersigned

counsel, including but not limited to oral conversational, telephonic, and electronic (e-mail) communications.

**REQUEST NO. 6:**  Any document, communication, or record providing a basis for Plaintiff's counsel's September 9, 2024, letter to Defendant's counsel reporting that Mr. K "desperately needs" medical treatment.

**OBJECTION:**

Plaintiff asserts the Attorney-Client privilege as to his communications with undersigned counsel, including but not limited to oral conversational, telephonic, and electronic (e-mail) communications.

**REQUEST NO. 7:**  Any document, communication, statement, or record provided to, or with, or received from Abel Barretto.  *See* Article "Voyage of near death & survival!" dated 8 November 2017 previously produced by Plaintiff.

**RESPONSE:**

See attached WhatsApp chat between Plaintiff and Abel Barretto.

**REQUEST NO. 8:**  Any document referring or relating to the mandatory presence or availability of malaria test kits onboard the M/V STARGATE at any time plaintiff was aboard the M/V STARGATE.

**RESPONSE:**

See attached March and May 2017 Medicines Lists referring to malaria test kits that were not available and/or stocked aboard M/V STARGATE.

**REQUEST NO. 9:**  Any document from 2016 to present showing or relating to income earned, to include payments from EPS, by Plaintiff.  This request specifically includes any responsive banking records of Plaintiff.

**OBJECTION:**

Plaintiff objects to producing his banking records on the grounds that it is invasive, violates Plaintiff's right to privacy, and seeks information that is not relevant to the subject matter of this litigation. Defendant has not demonstrated a legitimate basis to intrude upon Plaintiff's private financial information.

Notwithstanding said objection, see attached itemization of income by EPS, along with rental income documents.

**REQUEST NO. 10:** Any document, including but not limited to reports and visit summaries, dated or effective from any time including the period May 2022 to the presently scheduled time of trial in this case, documenting any visits and/or appointments for visits, or proposed visits, or examinations, whether in person or remotely of the Plaintiff with any physician, medical professional or other caregiver with whom Plaintiff consults concerning or relating to his injuries and /or damages claimed in this case.

**RESPONSE:**

Plaintiff had the following recent appointments. The reports will be produced in accordance with this Court's Amended Scheduling Order.

1. 10/8/2024 – Dr. Lance Estrada
2. 10/10/2024 – Dr. Chad Millett
3. 10/11/2024 – Dr. Field Ogden
4. 10/15/2024 – Dr. James Losito

**REQUEST NO. 12:** Any document showing any attempt by Plaintiff to find employment, or employment, after his repatriation to India from Brazil.

**RESPONSE:**

Attached.

**REQUEST NO. 13:** Any document from 2022 to the time of trial which refers or related to

Plaintiff attending or applying for attendance to any educational classes or vocational training.

**RESPONSE:**

None.

**REQUEST NO. 14:** Any emails sent from/to Plaintiff at the email address vishukholkar@gmail.com discussing Plaintiff's illness, medical treatment, payment by EPS of wages or other entitlements, or otherwise related to this litigation.

**OBJECTION:**

Plaintiff asserts the Attorney-Client privilege as to his communications with undersigned counsel, including but not limited to oral conversational, telephonic, and electronic (e-mail) communications. Notwithstanding said objection, see attached.

Respectfully submitted:

*/s/ Pedro P. Sotolongo*
Pedro P. Sotolongo, FL Bar #0584101
SOTOLONGO, P.A.
1000 5th Street, Suite 402
Miami Beach, FL 33139
Telephone: (305) 415-0073
E-Mail: psotolongo@sotolongolaw.com
*Co-counsel for Plaintiff, pro hac vice*

*/s/ Richard M. Martin, Jr.*
Richard M. Martin, Jr. LA Bar #08998
LAMOTHE LAW FIRM, LLC
400 Poydras Street, Suite 1760
New Orleans, Louisiana 70130
Telephone: (504) 704-1414
E-Mail: rmartin@lamothefirm.com
*Local Counsel for Plaintiff*

*/s/ Alejandro J. Gonzalez*
Alejandro J. Gonzalez, FL Bar # 015293
GONZALEZ, P.A.
19 South Krome Ave.
Homestead, FL 33030
Telephone: (877) 413-4448
E-Mail: alex@agonzalezlaw.com
*Co-Counsel for Plaintiff, pro hac vice*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has this day been forwarded to the following counsel of record to this proceeding by electronic transmission, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 18th day of October 2024.

*/s/ Richard M. Martin, Jr.*
Richard M. Martin, Jr.