UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT,<br>    Plaintiff, | Civil Action No.   18-13556 "E" (4) |
| v. | JUDGE:  SUSIE MORGAN |
| EASTERN PACIFIC SHIPPING PTE,<br>LTD., d/b// "EPS"<br>    Defendant. | CHIEF MAG. JUDGE:  KAREN<br>WELLS ROBY |

**PLAINTIFF'S ANSWERS TO DEFENDANT EASTERN PACIFIC'S
SECOND SET OF INTERROGATORIES TO PLAINTIFF**

**COMES NOW** Kholkar Vishveshwar Ganpat ("Plaintiff") who pursuant to Federal Rule of Civil Procedure 33 answers and/or objects to Eastern Pacific Shipping PTE, LTD's. ("EPS") September 18, 2024, Second Set of Interrogatories.

**GENERAL OBJECTIONS**

1. **Objection to EPS' "instructions."**

   Plaintiff objects to the "instructions" set forth at pages 1 to 3 of EPS' Second Set of Interrogatories.  These instructions are not included in Fed. R. Civ. P. 33 and are not mandated upon Plaintiff.

2. **Objection to EPS' "definitions."**

   Plaintiff objects to the "definitions" set forth at pages 3 to 5 of EPS' Second Set of Interrogatories.  These definitions are not included in Fed. R. Civ. P. 33 and are not mandated upon Plaintiff.

ANSWERS AND/OR OBJECTIONS TO
EPS' SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify what "medical treatment [Plaintiff] desperately needs for his ongoing foot and hip pain," as referenced in Mr. Sotolongo's September 9, 2024, letter to Mr. Simms.

**ANSWER:**

Plaintiff requires total hip replacement surgery.

Plaintiff requires an updated podiatric examination and care based upon its findings.

**INTERROGATORY NO. 2:** Identify what specific medical training, by course and crew member, that you allege any member of the crew of the M/V STARGATE, to include Master or Medical officer, lacked, in May 2017 thus making the vessel unseaworthy.

**ANSWER:**

The Maritime Labour Convention (2006), which applies to all Liberian-flagged vessels including M/V STARGATE at the time of its Owendo, Gabon port visit in 2017, governs training of ship-board medical officers. Guideline B4.1.2 states:

**"The training referred to in paragraph 1 of this Guideline should be based on the contents of the most recent editions of the *International Medical Guide for Ships*, the *Medical First Aid Guide for Use in Accidents Involving Dangerous Goods*, the *Document for Guidance – An International Maritime Training Guide*, and the medical section of the *International Code of Signals* as well as similar national guides."**

The *International Medical Guide for Ships* (2007) says this about malaria:

**"Malaria is caused by a protozoan, or single-cell, parasite that infects humans when they are bitten by the female Anopheles mosquito. There are four types of malaria parasite, but two, *Plasmodium falciparum* and *Plasmodium vivax*, account for most malaria in humans. *Falciparum* malaria is the commonest type in tropical Africa, the Amazon basin, Papua New Guinea and South-East Asia, while *vivax* infections predominate in Central America, India and the Middle East. Most deaths caused by malaria are the result of *falciparum* infections. There is no vaccine against malaria."**

The Guide states "Broadly, the risk of malaria is greatest in sub-Saharan Africa." It also provides a website location for up-to-date information "about the risk of acquiring malaria in a given port." The Guide instructs that "all visitors to Africa" *meticulously* carry out the following measures:

"**Before leaving your home port, consider providing the crew with antimalarial drug prophylaxis (prevention) as recommended by:**

  **(1) The World Health Organization; or**

  **(2) The Centers for Disease Control and Prevention in the United States.**

**Cerebral malaria, the main complication of *falciparum* infection. More common in short-term visitors to malarial areas than in long-term residents, who are likely to have some degree of immunity to the malaria parasite; if severe and/or untreated, may cause: drowsiness, confusion, coma, fits (convulsions), and death."**

The Guide provides "what to do - basic principles" instructions for the vessel's medical. Officer. Here are some that are would have been critical to Plaintiff after the Gabon port visit:

**"Suspect malaria in a patient who has fever but no other symptoms of severe illness and who in the past 9–30 days, has visited an area where malaria transmission is known to occur; OR is known to have had attacks of malaria and has a fever but no features of other severe illnesses."**

**"Do not discount malaria as a possibility because the patient has taken anti-malarial prophylaxis."**

**Start treatment as soon as possible: delay increases the risk of serious complications. If the illness is not malaria, little or no harm will result from the treatment. If the illness is malaria, failure to treat can result in a death which could have been prevented. Once you decide to treat, make sure the patient takes the full recommended course, even if there is reason to believe that the patient has partial immunity to malaria; OR you are not certain that the patient has malaria."**

**"If there are symptoms consistent with either cerebral malaria or meningococcal disease, give antimalarial drugs for malaria and antibiotics or meningococcal disease (see below, under Meningitis and meningococcal infection), since both diseases can be rapidly fatal if untreated."**

The Guide provides guidance for the treatment of severe malaria and a chart for a dose regimen of artemether-lumefantrine anti-malarial tablets. It also provides instructions on what to do when treating severe malaria:

**"Remember that untreated, severe malaria is nearly always fatal: even with the best hospital care the mortality rate is still high. You should always aim at evacuation of the patient if this is possible."**

**"You must give the first dose as early as possible, and you must always give full doses. DO NOT "wait and see." DO NOT delay giving treatment because evacuation has been arranged. DO NOT reduce the dose because the diagnosis is uncertain."**

**"Give artemether, 3.2 mg/kg body weight, intramuscularly, as soon as the decision to treat is made; THEN 1.6 mg/kg body weight intramuscularly, every day, beginning 24 hours after the first dose, if the patient is still on board. Continue intramuscular artemether until the patient can swallow."**

The Master and Medical Officer were not trained to follow the Medical Guidelines dealing with malaria because they failed to do or follow what the guidelines suggest should be done in cases where malaria is suspected.

**INTERROGATORY NO. 3:** Please detail Plaintiff's involvement with the article written by Abel Barrett, "Voyage of near death & survival!" dated 8 November 2017, including any details of any interviews (time, date, location) of any interview Plaintiff provided Abel Barrett.

**ANSWER:**

To the best of Plaintiff's recollection, Plaintiff met in person with Abel Barretto once, a few days before the article was published, to explain what he recalled occurred before he became unconscious and hospitalized in Brazil.

**INTERROGATORY NO. 4:** Explain why Plaintiff has not filed or produced any income tax returns in this matter. *See* Plaintiff's Response to Defendant's Request for Production, Request No. 21.

**ANSWER:**

    Plaintiff is not required to file taxes as his income does not exceed the applicable exemption limit. Moreover, Plaintiff was not required to file taxes when he worked abroad as a seaman.

**INTERROGATORY NO. 5:** Explain how the M/V STARGATE failure to have a valid Medical Chest Certificate from March 10, 2017, until its renewal on March 21, 2017, caused Mr. Ganpat's illness or otherwise made the M/V STARGATE unseaworthy when it left Savannah on April 7, 2017.

**ANSWER:**

    The validity or invalidity of the vessel's medical chest certificate did not cause Mr. Kholkar's illness. However, sailing with an expired certificate for 11 days is *ipso facto* an unseaworthy condition.

**INTERROGATORY NO. 6:** Please detail any medical, litigation, or other third-party funding agreements and state in detail whether any individual, organization, or company has paid you or any member of your family any money or made any loan to you or any member of your family or provided anything of value to you or any member of your family in any connection with your claims against Eastern Pacific in this case. If you have been paid any such money, or extended any such loan, or provided any such thing of value, please for each state (a) the amount of the money, loan or description of thing of value, (b) the date paid or received; (c) the identity of the person or entity making the payment, loan or providing the thing of value; and (d) the terms for repayment of the money or loan, or for the thing of value.

**ANSWER:**

    None, not applicable.

Respectfully submitted:

*/s/ Pedro P. Sotolongo*
Pedro P. Sotolongo, FL Bar #0584101
SOTOLONGO, P.A.
1000 5th Street, Suite 402
Miami Beach, FL 33139
Telephone: (305) 415-0073
E-Mail: psotolongo@sotolongolaw.com
*Co-counsel for Plaintiff, pro hac vice*

*/s/ Richard M. Martin, Jr.*
Richard M. Martin, Jr. LA Bar #08998
LAMOTHE LAW FIRM, LLC
400 Poydras Street, Suite 1760
New Orleans, Louisiana 70130
Telephone: (504) 704-1414
E-Mail: rmartin@lamothefirm.com
*Local Counsel for Plaintiff*

*/s/ Alejandro J. Gonzalez*
Alejandro J. Gonzalez, FL Bar # 015293
GONZALEZ, P.A.
19 South Krome Ave.
Homestead, FL 33030
Telephone: (877) 413-4448
E-Mail: alex@agonzalezlaw.com
*Co-Counsel for Plaintiff, pro hac vice*

Dated: October 18, 2024

AS TO OBJECTIONS:

/s/ Richard M. Martin, Jr.
Richard M. Martin, Jr. LA Bar #08998
LAMOTHE LAW FIRM, LLC
400 Poydras Street
Suite 1760
New Orleans, Louisiana 70130
Telephone: (504) 704-1414
E-Mail: rmartin@lamothefirm.com
*Local Counsel for Plaintiff*

/s/ Pedro P. Sotolongo
Pedro P. Sotolongo, FL Bar #0584101
SOTOLONGO, P.A.
1000 5th Street
Miami Beach, FL 33139
Telephone: (305) 415-0073
E-Mail: psotolongo@sotolongolaw.com
*Co-counsel for Plaintiff, pro hac vice*

/s/ Alejandro J. Gonzalez
Alejandro J. Gonzalez, FL Bar # 015293
GONZALEZ, P.A.
19 South Krome Ave.
Homestead, FL 33030
Telephone: (877) 413-4448
E-Mail: alex@agonzalezlaw.com
*Co-Counsel for Plaintiff, pro hac vice*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2024.

_____
VISHVESHWAR GANPAT KHOLKAR
Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has this day been forwarded to the following counsel of record to this proceeding by electronic transmission, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 18th day of October 2024.

<em>/s/ Richard M. Martin, Jr.</em><br>Richard M. Martin, Jr.