UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHOLKAR VISHVESHWAR GANPAT, | CIVIL ACTION NO.: 18-13556 SM-KWR |
| Plaintiff, | IN ADMIRALTY |
| | JUDGE SUSIE MORGAN |
| v. | MAG. JUDGE KAREN WELLS ROBY |
| EASTERN PACIFIC SHIPPING PTE. LTD., d/b/a "EPS" | |
| Defendant. | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION

To:   Eastern Pacific Shipping, Pte. Ltd.
      Through its Attorneys of Record:

   J. Stephen Simms, Esquire
   Simms Showers LLP
   201 International Circle, Suite 250,
   Baltimore, Maryland 21030

   Michael Bagot , Esquire
   Wagner, Bagot & Rayer LLP
   601 Poydras St., Suite 1660
   New Orleans, LA 70130-6029

COMES NOW Kholkar Vishveshwar Ganpat ("Plaintiff"), and provides his responses to the following Requests for Production propounded by Eastern Pacific Shipping Pte. Ltd. ("Eastern Pacific"), on May 23, 2022:

**REQUEST NO. 1:**

The documents referred to in your answers to interrogatories.

**Answer: All documents in Plaintiff's possession, custody and control are attached. Please also refer to Plaintiff's response to RFP No. 13.**

**REQUEST NO. 2:**

All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by you concerning the action or its subject matter.

**Answer: Attached.**

**REQUEST NO. 3:**

All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by *you.*

**Answer: Please refer to Plaintiff's response to RFP No. 11 and the medical records from Plaintiff's treating physicians produced in response to RFP No. 13.**

**REQUEST NO. 4:**

All documents received from or provided to any other party to this action or received from any third-party since the filing of the Complaint, whether provided informally or in response to a formal request.

**Answer: Please refer to the medical records from Plaintiff's treating physicians produced in response to RFP No. 13.**

**REQUEST NO. 5:**

The documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and Eastern Pacific, or anyone known or believed by you to have been acting under the authority of Eastern Pacific, concerning the occurrence.

**Answer: All documents in Plaintiff's possession, custody and control are attached.**

**REQUEST NO. 7**:

All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the

disclosures required by Fed. R. Civ. P. 26(a)(2)(A) or in connection with any witness identified in your Answers to Interrogatory Nos. 4 or 5.

**Answer: Please refer to Plaintiff's response to RFP No. 3.**

**REQUEST NO. 8**:

All contracts or agreements entered into between plaintiff and defendant concerning the occurrence or transaction.

**Answer: Please refer to Plaintiff's response to RFP No. 1 for the only contract/agreement in Plaintiff's possession. Otherwise, none.**

**REQUEST NO. 9:**

All documents concerning your claim for damages including but not limited to the methods used to calculate such alleged damages.

**Answer: Attached are Plaintiff's past medical expenses not previously reimbursed by Defendant. Investigation ongoing.**

**REQUEST NO. 10:**

All documents referred to in your Complaint, Supplemental Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

**Answer: Please refer to the documents attached to and filed along with Plaintiff's Complaint, Supplemental Complaint and other pleadings as exhibits.**

**REQUEST NO. 11:**

All documents referred to in your Fed. R. Civ. P. 26(a)(1)(A) disclosures.

**Answer: Attached. Please also refer to Plaintiff's response to RFP Nos. 5, 9 and 13.**

 **REQUEST NO. 12:**

All documents concerning the damages alleged in your Fed. R. Civ. P. 26(a)(1)(A) disclosures.

**Answer: Please refer to Plaintiff's response to RFP No. 9.**

**REQUEST NO. 13:**

Any and all written reports of doctors, psychiatrists, psychologists, chiropractors, osteopathic physicians, therapists, or other health care persons with whom Plaintiff has consulted within the last fifteen (15) years.

**Answer: All documents in Plaintiff's possession, custody or control are attached.**

**REQUEST NO. 14:**

A copy of the office records of all doctors, psychiatrists, psychologists, chiropractors, osteopathic physicians, therapists, or other health care persons with whom Plaintiff has consulted within the last fifteen (15) years concerning his general physical condition and/or any injuries which he may have sustained at any time during said period.

**Answer: Please refer to Plaintiff's response to RFP No. 13.**

**REQUEST NO. 15:**

A complete copy of any hospital record for any hospitalization of Plaintiff within the last fifteen (15) years, including, but not limited to, any hospitalization since Plaintiff allegedly contracted malaria.

**Answer: Please refer to Plaintiff's response to RFP No. 13.**

**REQUEST NO. 16:**

All medical bills incurred by Plaintiff concerning his injuries as a result of allegedly contracting malaria.

**Answer: All documents in Plaintiff's possession, custody or control are attached.**

**REQUEST NO. 17:**

A copy of all exhibits Plaintiff intends to use at trial.

**Answer: Plaintiff will produce his intended exhibits in compliance with the Court's Amended Scheduling Order.**

**REQUEST NO. 18:**

Any reports, written, oral or recorded statements or any other documentation given by Plaintiff to any person investigating the facts pertinent to this action.

**Answer: None.**

**REQUEST NO. 19:**

Any reports, written, oral or recorded statements or any other documentation given by any person other than the Plaintiff in relation to the allegations contained in Plaintiff's Complaint, Supplemental Complaint or any other pleading in this case in the custody and control of Plaintiff and/or his attorneys in either the United States or India.

**Answer: Objection, this request is vague and ambiguous. Otherwise, none.**

**REQUEST NO. 20:**

Any and all diaries, notebooks, logs, written notes, calendars, or other record describing or reflecting the conditions, experiences, thoughts, feelings, injuries, and damages kept by Plaintiff regarding the allegations in Plaintiff's Complaint, Supplemental Complaint or any other pleading in this case.

**Answer: None.**

**REQUEST NO. 21:**

Plaintiff's income tax returns for the five (5) years preceding him joining the M/V STARGATE on December 23, 2016, and for each year thereafter, as such returns become available, until the time of trial.

**Answer: None.**

**REQUEST NO. 22**:

Any and all documents showing Plaintiff's lost income from any and all sources, including, but not limited to, employment records.

**Answer: All documents in Plaintiff's possession, custody or control are attached.**

**REQUEST NO. 23**:

Legible copies of all employment records of Plaintiff for the ten (10) years preceding Plaintiff joining the M/V STARGATE on December 23, 2016, including, but not limited to, correspondence, memoranda, evaluations, absentee records, warnings, notices, medical information, payroll records, benefit information.

**Answer: All documents in Plaintiff's possession, custody and control are attached.**

**REQUEST NO. 24:**

All cellular telephone records from December 23, 2016 through the present for any and all cell phones Plaintiff owned and/or used, which show all calls and non-privileged texts made and/or received.

**Answer: None in Plaintiff's possession, custody or control.**

**REQUEST NO. 25:**

All cellular telephone records from December 23, 2016 through January 31, 2018 for any and all cell phones Plaintiff owned and/or used, which show all calls and texts made and/or received.

**Answer: None in Plaintiff's possession, custody or control.**

**REQUEST NO. 26:**

All documents and communications, including text messages, emails, videos, and posts on any social media site, between you and any other person, concerning your claims, and/or your alleged damages and/or that pertain to your activities from December 23, 2016 to the present. "Social Media Site(s)" refers to Internet-based social media websites and/or services including but not limited to: Facebook, Twitter, LinkedIn, Instagram, Fitbit, Pinterest, Google and/or Google Plus, Xbox Live, WhatsApp, Reddit, Mix, Tagged, Nextdoor, Quora, Meetup,

Goodreads, Twitch, CaringBridge, Wattpad, Viadeo, Skyrock, MyHeritage, LiveJournal, Classmates, Influenster, Open Diary, Yelp, MocoSpace, CouchSurfing, Care2, Vero, and FourSquare.

**Answer: Attached.**

**REQUEST NO. 27:**

Any electronic document or other communications concerning the your claims, and/or your alleged damages, including all postings to any and any Image Sharing Site(s), or any online blogs and/or forums you have utilized from December 23, 2016 to the present, or that pertain to your activities during said period. "Image Sharing Site(s)" refers to Internet-based image sharing website and services including but not limited to: Shutterfly, Flickr, Tumblr, Photbucket, Deviantart, SnapChat, Imgur, VSCO, Snapfish, Bubbly, We Heart It, and Photo.net.

**Answer: None.**

**REQUEST 28:**

Any electronic document or other communications concerning to your claims, and/or your alleged damages, including all postings to any and any Video Sharing Site(s), or any online blogs and/or forums you have utilized from December 23, 2016 to the present, or that pertain to your activities during said period. "Video Sharing Site(s)" refers to Internet-based video sharing websites and services including but not limited to YouTube, Vine, SnapChat, Vimeo, SoundCloud, Vevo, ReverbNation, Flixter, Crunchyroll, FilmAffinity, and UStream.

**Answer: None.**

**REQUEST 29:**

Each mobile phone which plaintiff has used at any time from his joining the M/V STARGATE to the present.

**Answer: Plaintiff objects because this request seeks irrelevant information and is not proportional to the needs of this case. The request is unduly burdensome and invasive in light of the nature of the case – Defendant has shown no need for the production of Plaintiff's cell phone. Further, the majority, if not all, of the information contained on said device is entirely irrelevant to the present cause of action and any request for relevant nonprivileged information can be made through less invasive means.**

**REQUEST 30:**

Each computer which plaintiff has used at any time from his joining the M/V STARGATE to the present.

**Answer: Plaintiff objects because this request seeks irrelevant information and is not proportional to the needs of this case. The request is unduly burdensome and invasive in light of the nature of the case – Defendant has shown no need for the production of Plaintiff's computer(s). Further, the majority, if not all, of the information contained on said device(s) is entirely irrelevant to the present cause of action and any request for relevant nonprivileged information can be made through less invasive means.**

**REQUEST 31:**

Each document which shows or records any amount of attorneys including paralegal's fee, including related costs, which plaintiff claims in this action, to the date of your response to this request.

**Answer: Plaintiff objects because this request seeks irrelevant information and is outside of the scope of discovery.**

    Respectfully submitted:

    */s/ Richard M. Martin, Jr.*
    Richard M. Martin, Jr. LA Bar #08998
    LAMOTHE LAW FIRM, LLC
    400 Poydras Street
    Suite 1760
    New Orleans, Louisiana 70130
    Telephone: (504) 704-1414
    E-Mail: rmartin@lamothefirm.com
    *Local Counsel for Plaintiff*

    */s/ Alejandro J. Gonzalez*
    Alejandro J. Gonzalez, FL Bar # 015293
    GONZALEZ, P.A.

        19 South Krome Ave.
        Homestead, FL 33030
        Telephone: (877) 413-4448
        E-Mail: alex@agonzalezlaw.com
        *Co-Counsel for Plaintiff, pro hac vice*

        */s/ Pedro P. Sotolongo*
        Pedro P. Sotolongo, FL Bar #0584101
        SOTOLONGO, P.A.
        1000 5th Street
        Suite 402
        Miami Beach, FL 33139
        Telephone: (305) 415-0073
        E-Mail: psotolongo@sotolongolaw.colm
        *Co-counsel for Plaintiff, pro hac vice*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to the following counsel of record to this proceeding by electronic transmission, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 6th day of June 2022.

        */s/ Pedro P. Sotolongo*
        Pedro P. Sotolongo